# Superior Court of the District of Columbia
CIVIL DIVISION — CIVIL ACTIONS BRANCH

## INFORMATION SHEET

Rollin Amore

vs.

Accor SA, et al.

Case Number: 05-0008773

Date: 11-4-05

Name: (please print) Christopher W. Hellmich, Esq.
Firm Name: Patton Boggs LLP
Telephone No.: (202) 457-6000    Unified Bar No.:

Relationship to Lawsuit
☒ Attorney for Plaintiff
☐ Self (Pro Se)
Other:

TYPE OF CASE:  ☐ Non-Jury    ☐ 6 Person Jury    ☐ 12 Person Jury

Demand: $ 50,000.00     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No. _____ Judge _____ Calendar # _____

Case No. _____ Judge _____ Calendar # _____

NATURE OF SUIT: (Check One Box Only)

A. CONTRACTS
☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 Other: _____
☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance

COLLECTION CASES
☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000

B. PROPERTY TORTS
☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 3-441
☐ 03 Destruction of Private Property
☐ 04 Property Damage
☐ 05 Trespass
☐ 06 Other: _____

C. PERSONAL TORTS
☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud
☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical
☒ 16 Negligence
☐ 17 Personal Injury
☒ 18 Wrongful Death
☐ 19 Wrongful Eviction
☒ 20 Other: Survival Action/Negligence
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

Form CV(6)-496/Feb. 95                                                              5-0993-1 wd-354

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

**ROLLIN AMORE**           *Plaintiff*                              05-0008773

vs.                                                        Civil Action No. _____

**ACCOR SA**               *Defendant*
**A Republic of France Corp.**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

**Christopher W. Hellmich**
Name of Plaintiff's Attorney

**PATTON BOGGS LLP**                                  By _____
Address                                                    Deputy Clerk
**2550 M St., NW  Washington, DC  20037**

**(202) 457-6000**                                    Date   11/7/05
Telephone

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

ROLLIN AMORE

*Plaintiff*

05-0008773

vs.

Civil Action No. _____

SOFITEL GROUP
A District of Columbia Co.   *Defendant*

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Christopher W. Hellmich
Name of Plaintiff's Attorney

PATTON BOGGS, LLP

By _____
Deputy Clerk

Address
2550 M St., NW  Washington, DC  20037

(202) 457-6000
Telephone

Date  11/7/05

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

ROLLIN AMORE

*Plaintiff*

vs.

ACCOR NORTH AMERICA
A Delaware Corporation

*Defendant*

05-0008773

Civil Action No. _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Christopher W. Hellmich
Name of Plaintiff's Attorney

PATTON BOGGS, LLP
Address
2550 M St., NW  Washington, DC  20037

(202) 457-6000
Telephone

By _____
Deputy Clerk

Date  11/7/05

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03



SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROLLIN AMORE**<br>5431 32nd Street, NW<br>Washington, DC<br>As Co-Administrator (to be appointed) and<br>Legal Representative of the Estates of<br>Susanne Amore and Salvatore Michael Amore,<br>Deceased<br><br>     **Plaintiffs**<br><br>     v.<br><br>**ACCOR SA,** a Republic of France Corporation,<br>c/o CBCInnovis, Inc.,<br>1023 15th Street, N.W. Suite 401<br>Washington, DC 20005<br><br>**ACCOR NORTH AMERICA, INC,** a Delaware<br>Corporation, c/o Prentice-Hall Corporation System,<br>Inc.,<br>1090 Vermont Ave., N.W.,<br>Washington, DC 20005<br><br>**SOFITEL GROUP,** LLC, a District of Columbia<br>Company, c/o CBCInnovis, Inc.,<br>1023 15th Street, N.W. Suite 401<br>Washington, DC 20005<br><br>**DOES 1-5.**<br><br>     **Defendants.** | C16<br><br>**FILED**<br>CIVIL ACTIONS BRANCH<br>NOV 0 7 2005<br>SUPERIOR COURT<br>OF THE DISTRICT OF COLUMBIA<br>WASHINGTON, DC<br><br>Civil Action No. 05-0008773<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff, ROLLIN AMORE, a continuous citizen of the District of Columbia for over twenty years, brings this lawsuit *Pendente Lite* as the legal representative and Co-Administrator, (to be appointed) of the Estates of Susanne Amore and Salvatore Michael Amore, whose said



3902617v1

application to the Superior Court of the District of Columbia is pending, for Estates of SUSANNE AMORE and SALVATORE MICHAEL AMORE, for the purpose of bringing this survival negligence action, and by his attorneys Read McCaffrey, Christopher Hellmich and Patton Boggs LLP; respectfully allege:

### PRELIMINARY STATEMENT

1. Plaintiff's mother and brother died a horrific death in a train fire outside Nancy, France at 1:20 a.m. on November 6, 2002. Also on board the train was Plaintiff's brother's wife and their two young children ages twelve and eight. The five members of the Amore family were traveling in a "sleeper car" when a fire started in the railcar's kitchenette. The cause of the fire is not germane to Plaintiffs claims. This lawsuit does not seek wrongful death damages that could be brought by the decedent's heirs. Rather, this survival action seeks to recover the damages suffered by the decedents prior to their deaths, which were directly and proximately caused by the ineffective training that the railcar attendants received from the defendants who were responsible for providing general safety and fire safety training to the rail car attendants.

2. This lawsuit cannot be brought in any other jurisdiction in the United States because the statute of limitations has expired. Nor can this lawsuit be brought in France because France does not recognize survival actions by estates. French civil procedure only recognizes wrongful death damages that are brought by surviving heirs, France does not recognize any such actions by an injured estate.

### PARTIES

#### PLAINTIFF

3. Plaintiff ROLLIN AMORE, has continuously resided in the District of Columbia for more than twenty years. Plaintiff brings this lawsuit *Pendente Lite* in his capacity as the

3902617v1

Special Administrator (to be appointed) by the Superior Court for the District of Columbia. Plaintiff's application is pending before the Superior Court for the District of Columbia. Additionally, Plaintiff Rollin Amore has made application to become co-administrator of the Estates of Susanne Amore and Salvatore Michael Amore.

4. Plaintiff brings this survival action on behalf of the ESTATE of SUSANNE BRUCKNER AMORE, ("OMA") deceased, who was citizen and resident of the State of Connecticut. Plaintiff's application to become the Special Administrator of this estate is pending before the Superior Court of the District of Columbia. Additionally, Plaintiff ROLLIN AMORE has made application to become co-administrator of the Estate of OMA AMORE. OMA was the Plaintiff's mother and had a financial interest in District of Columbia real property.

5. Plaintiff also brings this survival action on behalf of the ESTATE of SALVATORE MICHAEL AMORE, ("SALVATORE AMORE"), deceased, who was a citizen and resident of the State of Connecticut. Plaintiff's application to become the Special Administrator of this estate is pending before the Superior Court of the District of Columbia. Additionally, Plaintiff ROLLIN AMORE has made application to become co-administrator of the Estates SALVATORE AMORE. SALVATORE AMORE was the Plaintiff's brother and had a financial interest in District of Columbia real property.

**DEFENDANTS**

6. Defendant, ACCOR SA ("ACCOR"), is a corporation duly organized and formed under the laws of the Republic of France. ACCOR is a global hotel and hospitality company, who directly and/or through its wholly owned subsidiaries, divisions, alter egos, or mere departments owns and or operates: The Sofitel Lafayette Square, seven Red Roof Inn's,

and four Motel 6's in the District of Columbia. Through these twelve hotel properties, and/or its agents, alter egos, divisions, or mere departments, ACCOR derives a significant amount of revenue from its continuous and systematic business activity in the District of Columbia and from residents of the District of Columbia.

7. Defendant, ACCOR North America, Inc ("ACCOR N.A.") is a Delaware corporation who is licensed to transact business in the District of Columbia under license number 862931. ACCOR N.A. maintains an agent for service of process in the District of Columbia; Prentice-Hall Corporation System, Inc., 1090 Vermont Ave., N.W., Washington, DC 20005. ACCOR ultimately owns 100 percent of ACCOR N.A. ACCOR N.A is a mere department, the alter ego, and/or agent of ACCOR, which is confirmed, in part, by ACCOR N.A.'s regular press releases repeatedly holding out ACCOR N.A. as simply a <u>division</u> of ACCOR. ACCOR N.A. conducts a substantial amount of business in the District of Columbia on behalf of ACCOR primarily through the ACCOR hotels operating in the District of Columbia.

8. Defendant, SOFITEL GROUP, LLC, is a District of Columbia company with its principal place of business in the District of Columbia. SOFITEL GROUP, LLC maintains an agent for service of process in the District of Columbia, CBCInnovis, Inc., 1023 15th Street, N.W. Suite 401, Washington, DC 20005. Upon information and belief, ACCOR ultimately owns 100 percent of the SOFITEL GROUP, LLC. SOFITEL GROUP, LLC is a mere department, alter ego, or agent of ACCOR. As stated in its press release announcing the July 2002 opening of the Sofitel Lafayette Square, Washington, D.C., "Sofitel is the prestige brand of Accor hotels…" It goes on to hold out ACCOR as the only owner of the Washington, D.C. Sofitel. SOFITEL GROUP, LLC conducts a

substantial amount of business in the District of Columbia on behalf of ACCOR primarily through the ACCOR hotels operating in the District of Columbia.

9. Defendant, Does 1-5 are businesses or persons located in the District of Columbia who are currently unknown but who conduct regular and systematic business on behalf of ACCOR and/or generate a significant amount of revenue on behalf of ACCOR in the District of Columbia or from residents of the District of Columbia.

10. ACCOR's Annual Report reveals that members of ACCOR's management board overlap with those of ACCOR N.A. The Annual Report also describes how ACCOR does business in the District of Columbia directly and through its alter ego, mere department, or agents, ACCOR N.A. and/or SOFITEL GROUP, LLC. Among some of the factors disclosed in the ACCOR Annual Report demonstrating ACCOR's direct, continuous and systematic contacts with the District of Columbia and/or its citizens, are:

   a. ACCOR owns 100% of ACCOR N.A.

   b. ACCOR is the ultimate owner of SOFITEL GROUP, LLC

   c. ACCOR directed and/or approved ACCOR NA to sell ACCOR's interest in the Sofitel Lafayette Square, while maintaining the ACCOR brand name of Sofitel and an operating interest in the property.

   d. ACCOR derives significant revenue from its District of Columbia hotels; namely, all Red Roof Inns, Motel 6's, and the Sofitel Lafayette Square.

   e. ACCOR directly solicits District of Columbia to stay at ACCOR hotels including those in the District of Columbia.

   f. ACCOR directly contracts with District of Columbia residents with ACCOR's on-line reservation system.

3902617v1

g. ACCOR directly solicits District of Columbia residents to participate in advertising its website owned by residents of the District of Columbia.

h. ACCOR has interlocking boards of directors with its alter ego, mere department, or agents doing business in the District of Columbia.

i. ACCOR provides a uniform marketing and advertising of all ACCOR brands in the District of Columbia. All such advertisements carry the Accor logo.

j. ACCOR contracted with the entity that designed the Sofitel Lafayette Square.

k. ACCOR has directed ACCOR N.A. to sell the Sofitel Lafayette Square while allowing ACCOR to maintain a management interest in the property. ACCOR N.A. has acceded to this demand and is searching for an entity to acquire the Sofitel Lafayette Square.

l. ACCOR enters contracts for the benefit of its hotels in the District of Columbia, for example, ACCOR executed a contract with LG Electronics to install LCD televisions in hotel rooms located in the District of Columbia.

m. ACCOR claims all employees of Red Roof Inn, Motel 6, and the Sofitel Lafayette Square are employees of ACCOR.

n. ACCOR sets minimum employee training requirements for hundreds of District of Columbia employees.

o. ACCOR provides each employee working in an ACCOR branded hotel, including those ACCOR employees working in the District of Columbia, with benefits available only to ACCOR employees, such as discount travel and hotel stays at other ACCOR properties.

p. ACCOR has a profit sharing program in which, upon information and belief, one or more District of Columbia employee has enjoyed profits distributed from ACCOR.

q. ACCOR sets minimum environmental policies for its twelve hotels in the District of Columbia.

r. ACCOR provides for all Risk Assessments for all hotels, including those in the District of Columbia.

s. ACCOR maintains a closed-loop internal reservations system, 'Accortel', in which employees of all twelve ACCOR hotels have the ability to exclusively book reservations for guests at any other ACCOR property in the world.

t. ACCOR requires its District of Columbia hotels to maintain a computerized management system, 'Tars On Line', that is utilized at most if not all ACCOR hotels worldwide, to track occupancy and automatically adjusts the billable room rate based.

u. ACCOR N.A. and SOFITEL GROUP, LLC are mere departments, alter-egos and/or agents of ACCOR; these three companies are ultimately controlled by the same Board of Directors. In their literature, these companies refer to themselves collectively as "Accor".

11. At all times relevant to this Complaint;

a. Upon information and belief, ACCOR owns all of the outstanding stock of certain of its subsidiaries that played a role in the commission of the wrongful acts that are the subject of this action.

b. Upon further information and belief, ACCOR exercises active control over the finances, personnel decisions, and operations and marketing decisions of these said

wholly owned entities, including the decision making that led to the commission of the wrongful acts which are the subject of this action.

c. Upon further information and belief, ACCOR and the said wholly owned entities have extensively interrelated operations, centralized control of labor relations, finances and common management.

d. Upon further information and belief, ACCOR's wholly owned entities use ACCOR's trademarks, and all said corporations present a common marketing image and hold themselves out to the public as a single entity that is conveniently departmentalized worldwide.

e. Upon information and belief, ACCOR's annual reports represent that the revenues and expenses generated by its said wholly owned entities are revenues and expenses that are attributed to ACCOR. (The Defendants described in paragraphs 8 through 15 *supra* are collectively referred to herein as "ACCOR".)

## JURISDICTION AND VENUE

11. Jurisdiction is proper pursuant to DC Code §§13-334 and/or 13-422, 13-423 et seq. in that Plaintiff ROLLIN AMORE has continuously resided in the District of Columbia for over twenty years and one or more Defendants are each either District of Columbia corporations or they are affiliated with District of Columbia corporations who are mere departments or alter egos of the ultimate parent-defendant corporations, or derive substantial revenue from direct, systemic and continuous commerce intentionally sought in the District of Columbia or from District of Columbia citizens and residents. The amount in controversy, exclusive of interest and costs, exceeds the sum of $50,000.00.

12. Venue is proper in the District of Columbia because Plaintiff ROLLIN AMORE has continuously resided in the District of Columbia for more than twenty years and the estates for which he has applied to be appointed the Special Administrator. Plaintiff's application is pending before the Superior Court of the District of Columbia. Additionally, each said estate had substantial contacts with the District of Columbia and even owned assets and or interests in real estate in the District of Columbia.

13. The Defendants have entered the District in furtherance of their continuous business and derive substantial revenue therefrom or are affiliates of District of Columbia companies which are mere departments or alter egos of ACCOR or are in an agency relationship with ACCOR, and are, therefore, subject to the personal jurisdiction of this Court.

14. Finally, survival actions by the estates for pre-death conscious pain and suffering, lost economic income, and punitive damages, are barred as a matter of law in France or any other forum.

### FACTS COMMON TO ALL COUNTS

15. On November 6, 2002, Susanne Amore, Salvatore Michael Amore, Jeanne Meyers Amore, Emily Jeanne Amore and Michael B. Amore (hereafter "the Amore family") were enjoying the last phase of their first European family vacation while traveling on an overnight train from Paris to Munich. The Amore family was assigned to two separate sleeping cachets that were located next to one another in the same railcar. Slightly more than an hour out of Paris, at 01:45, an electrical panel in the kitchenette of the railcar in which the Amore family was traveling caught fire and began to fill the railcar with smoke and fire.

16. The train was staffed by attendants who were trained by Defendant ACCOR. ACCOR directly owns and operates the "Accor Academy". Upon information and belief, the Accor Academy also produces training materials for the train attendants to review and refresh their training. One or more attendants on board the train carrying the Amore family was trained at the Accor Academy or received or reviewed Accor Academy training materials.

17. ACCOR maintains a worldwide Risk Prevention Committee ("RPC") that is comprised of ACCOR's most senior executives. The RPC's role is to ensure the sufficiency of the Accor Academy training and that, in turn, all ACCOR employees – or those who attend the Accor Academy - are trained in such basic safety issues as fire safety and that the training is reinforced with continuing education. The RPC is lead by the "Group Safety Director" whose job is to monitor, develop and implement safety programs throughout ACCOR, including those employees or persons ACCOR trained that staff night trains.

18. Upon information and belief, the ACCOR trained attendants did not inspected the railcar to ensure that it complied with all reasonable and common safety standards and that did not contain any obvious defects or inherently defective or unreasonably dangerous conditions for passenger travel prior to departing the train station.

19. Upon information and belief, the ACCOR trained attendants failed to provide basic fire safety information to the Amore family prior to departing the train station.

20. Upon information and belief, the ACCOR trained attendants failed to identify and remedy obvious fire and safety violations on board the train such as the failure to have sufficient fire extinguishers and failing to ensure that doors connecting the railcars remained unlocked so passengers would not be trapped inside the railcars.

3902617v1

21. After being alerted to the fire the ACCOR trained personnel did not aid the Amore family and the others trapped in their cachets, rather the ACCOR trained employees fled from the fire and allowed the fire to spread in severity. The ACCOR trained employees failed to take any reasonable steps to aid those burning to death in the railcar. When the train came to a halt in Nancy, France a small number of the trapped passengers were able to break through the railcar windows and escape. However, the ACCOR trained employees failed to alert first responders to the fact that they could gain immediate access to the railcar engulfed in flames by traversing through the attached railcar. The ACCOR trained personnel allowed the firemen to waste nearly fifteen minutes trying to break into the railcar from the exterior. Witnesses saw the Amore children futilely pounding on the reinforced railcar window with their fists while the first responders were trying to gain access.

22. Salvatore Amore witnessed the death of his wife and those of his children. Salvatore Amore was conscious of his impending death and suffered severe physical and emotional pain and trauma before his death. Salvatore Amore was unable to save any of his family members because the Accor trained employees failed to ensure that the proper fire safety precautions had been taken. Had the ACCOR trained employees been properly instructed Salvatore Amore would not have been injured.

23. Oma Amore witnessed the death of her son, her daughter-in-law, and her grandchildren. Oma Amore was conscious of her impending death and suffered severe physical and emotional pain and trauma before her death. Oma Amore was unable to save any of her family members because the Accor trained employees failed to ensure that the proper fire

safety precautions had been taken. Had the ACCOR trained employees been properly instructed Oma Amore would not have been injured.

24. By the time the first responders finally breached the locked exterior door of the railcar those still on board were dead. At all times, the Amore family were conscious of their impending deaths and those of the other family members.

25. The ACCOR Defendants negligently, carelessly and with reckless disregard failed to adequately train their employees and or train personnel in fire prevention, fire recognition, fire suppression, fire evacuation and rescue and fire communication.

## CAUSES OF ACTION

### COUNT I: SURVIVAL ACTIONS BASED ON NEGLIGENCE
### D.C. CODE SECTION 12-101; D.C.Code § 12-301(8)

26. The Plaintiff collectively repeats and re-allege as if fully set forth herein paragraphs 1 – 27.

27. Defendants ACCOR owed duties to the decedents to provide comprehensive and reasonable safety training to the attendants who served on the train. The defendants are jointly and severally liable for their actions and vicariously liable for the actions of their employees.

28. Defendants ACCOR owed separate duties as a common carrier of traveling passengers that is distinct and apart from their ordinary duty as alleged above. Common carriers and those entities generating revenue from their employees working on common carriers such as the subject train owe a standard of utmost care to their traveling fee paying passengers, including the Amore family.

3902617v1

29. Defendant ACCOR breached its duty owed to the Plaintiffs' decedents by failing to properly and thoroughly train the attendants, and refresh that training, in fire prevention, fire recognition, fire suppression, fire evacuation and rescue and fire communication. ACCOR breached its duty by failing to ensure that the Accor Academy provided competent and sufficient training regarding fire safety, train passenger safety, fire prevention, fire recognition, fire suppression, fire evacuation and rescue and fire communication.

30. The aforesaid breaches of duties owed by these Defendants demonstrate their failure to use reasonable care under the circumstances. As the direct and proximate result of the aforesaid negligence, the Amore family was caused to suffer and die. The estates and property owned by the decedents in the District of Columbia was thereby impaired.

31. As a direct result of the wrongful acts of the Defendants as set forth in Counts I thru II, each member of the Amore family was caused to experience conscious pain and suffering prior to their deaths.

32. Said conscious pain and suffering has resulted in injury and damage to the decedents prior to their deaths, and caused added emotional distress and grief to be suffered by surviving family members.

33. WHEREFORE, Plaintiffs demand judgment against ACCOR Defendants jointly and severally in the amount exceeds the sum of $50,000, which sum shall be proven at trial.

### COUNT II: PUNITIVE DAMAGES
### D.C. CODE SECTION 12-101; D.C.Code § 12-301(8)

34. The Plaintiffs collectively repeat and re-allege as if fully set forth herein paragraphs 1 – 35.

3902617v1

35. The wrongful acts of the Defendants set forth in Count I constitute a careless and reckless disregard for the safety and well being of the Amore family through knowing intentional acts, many implemented for commercial gain by management to an egregious extent implying malice.

WHEREFORE, Plaintiffs demand punitive damages an amount to be proven at trial.

                                            Respectfully submitted,



                                        Read K. McCaffrey, Esquire, DC Bar # 413837
                                        Christopher Hellmich, Esquire, DC Bar #468840
                                        Patton Boggs LLP
                                        2550 M Street, NW
                                        Washington, DC 200237

                                        Attorneys for Plaintiff

Dated: this 7th day of November, 2005

3902617v1