**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

ROLLIN AMORE as co-administrator
of the Estates of Susanne Amore and Salvatore
Michael Amore, deceased,

              Plaintiff

                  v.

ACCOR SA, ACCOR NORTH AMERICA, INC.,
SOFITEL GROUP, LLC, and DOES 1-5,

              Defendants.

Civil No.: 1:06CV00198 (RMU)

**MEMORANDUM OF POINTS & AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendants Accor SA and Accor North America, Inc. ("Accor NA") submit this memorandum of points and authorities in opposition to plaintiff's motion to remand pursuant to 28 U.S.C. § 1447 and in opposition to their request for a stay of defendants' separate motion to dismiss pursuant to Fed. R. Civ. P. 12 (b):

**I**

**FACTUAL BACKGROUND**

Susanne and Salvatore Michael Amore died in a railcar fire on an overnight train from Paris, France to Munich, Germany on November 6, 2002. (Complaint ¶ 1.) The representative of their estates first sued Accor SA and Accor NA in the U.S. District Court for the Southern District of New York. (SDNY Complaint Ex. A ¶¶ 1, 18-19.) Hon. Miriam Goldman Cedarbaum dismissed the claim against Accor NA for failure to state a claim under Fed. R. Civ. P. 12 (b)(6)

225256.1

and dismissed the action against Accor SA pursuant to the doctrine of *forum non conveniens*. (Order Ex. B; Memorandum Decision Ex. C at 34-46.)

The estates abandoned their appeal of Judge Cedarbaum's decision and did not commence an action in France. Instead, two years later, a new representative for the same estates commenced an action arising from the same events in Superior Court -- District of Columbia on November 7, 2005. (Complaint ¶¶ 1, 15-26.) The estates' complaint in the District of Columbia action identified three defendants – Accor SA, Accor NA, and Sofitel Group, LLC. (Complaint ¶¶ 5-10.) Plaintiff also identified Does 1-5 as defendants. (Complaint ¶ 8.)

Accor NA and Accor SA filed a notice of removal on February 6, 2006. Defendants argued that this court had removal jurisdiction over the claim pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq*. (Notice of Removal ¶¶ 24-28.) Defendants claimed that diversity jurisdiction existed and that no properly joined defendant was a citizen of the District of Columbia, where plaintiff resides. (Notice of Removal ¶¶ 24-28.) Accor SA is incorporated and headquartered in France. (Rabinowitz Decl. Ex D ¶  .)  Accor NA is incorporated in Delaware and maintains its principal place of business in Texas. (Ex. D ¶ 2.)

Accor NA and Accor SA further argued that the plaintiff's complaint fraudulently joined Sofitel Group, LLC as a defendant. (Notice of Removal ¶ 14-19.) Most notably, there is no subsidiary or affiliate of Accor NA or Accor SA known as "Sofitel Group, LLC." (Ex. D ¶ 8.) Moreover, this is not the company that owns and operates the Sofitel Lafayette Square hotel in the District of Columbia. (Ex. D ¶¶ 5, 8.)  Interestingly, according to the District of Columbia Department of Consumer and Regulatory Affairs, the certificate of authority for "Sofitel Group, LLC" was revoked on November 14, 2005 for failure to file timely reports. (DCRA Report Ex. E.) Even so, there was no basis connecting this entity to the events of November 6, 2002.

225256.1

Defendants also argued that plaintiff's complaint in Superior Court for the District of Columbia misstated the *ad damnum* so as to avoid the amount-in-controversy requirement. (Notice of Removal ¶¶ 20-23.) The complaint only stated damages in an amount that "exceeds the sum of $50,000" and an unspecified amount of punitive damages. (Complaint ¶¶ 34, 36.) However, the complaint in the New York litigation sought $75 million. (Ex. A ¶¶ 55, 60, 63, 66.) Accordingly, defendants argued that plaintiff clearly sought more than the jurisdictional amount required by 28 U.S.C. § 1332. (Notice of Removal ¶¶ 20-23.)

Accor NA and Accor SA then moved to dismiss the complaint.  Defendants argued that Judge Cedarbaum's dismissal against Accor NA and Accor SA for failure to state a claim and on *forum non conveniens* grounds barred plaintiff's new claim in the District of Columbia as a matter of *res judicata* and collateral estoppel. (Motion to Dismiss at  8-14.) Accor NA and Accor SA further argued that plaintiff's claim should be dismissed on the merits for the failure to state a claim and *forum non conveniens* defenses, even if Judge Cedarbaum's decision was not entitled to preclusive effect. (Motion to Dismiss at 14-17.)  Finally, defendants moved to dismiss the complaint for lack of personal jurisdiction and improper service of process.  Defendants' motion to dismiss remains pending. (Motion to Dismiss at 17-26.)

Plaintiff filed this motion to remand pursuant to 28 U.S.C. § 1447 on February 24, 2006. Plaintiff argued that there was no fraudulent joinder because the Sofitel Lafayette Square hotel is a resident of the District of Columbia.  However, as stated below, plaintiff did not name the owner of the Sofitel Lafayette Square as a defendant in this case.  Even if he named the correct entity, a Delaware limited liability company known as DC Sofitel LLC, his motion to remand would be without merit.

## II

## ARGUMENT

Accor NA and Accor SA properly removed this case from Superior Court for the District of Columbia.  As demonstrated below, plaintiff's motion to remand contains numerous mistakes concerning removal jurisdiction, the citizenship of estate representatives, the citizenship of corporate defendants, and the identities of defendants and any potential defendants in this case.

**A.**     *Accor NA And Accor SA Properly Removed This Case To Federal Court.*

Federal courts have subject matter jurisdiction over civil actions involving diversity of citizenship when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (a).  Diversity of citizenship exists in a civil action arising between citizens of different states and foreign countries. 28 U.S.C. § 1332 (a).  A corporation is deemed to be a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business…."  28 U.S.C. § 1332 (c)(1).

As indicated in defendants' notice of removal, the citizenship of "sham" or "fraudulently joined" defendants added solely to deprive the federal court of jurisdiction is disregarded for the purposes of determining diversity.  *Mayes v. Rapoport*, 198 F.3d 457, 461-463 (4th Cir. 1999).  A defendant seeking removal may also overcome a stated amount in controversy less than the jurisdictional requirement by showing that the demand is not made in good faith. 16 MOORE'S FEDERAL PRACTICE 3D § 107.14(2)(g)(iv) (2005).

Accor SA and Accor NA properly removed this case to federal court.  Plaintiff claimed to be a resident of the District of Columbia.  However, Accor NA is a Delaware corporation that is headquartered in Texas. (Ex. D ¶ 2.)  Accor SA is a French corporation. (Ex. D ¶ 3.)   Sofitel Group, LLC appears to be incorporated in the District of Columbia. However, plaintiff's motion

4

for remand conceded that this company was not a proper defendant. (Pl. Motion ¶¶ 6-8.) The citizenship of defendants "Does 1-5" is disregarded for removal purposes under 28 U.S.C. § 1441 (a). As such, there is complete diversity and no properly joined defendant is a citizen of the District of Columbia.

Moreover, plaintiff's pleaded *ad damnum* does not affect removal. Plaintiff's complaint sought damages in an amount that "exceeds the sum of $50,000" and an unspecified amount of punitive damages. (Complaint ¶¶ 34-36.) Considering that plaintiff's complaint in the Southern District of New York litigation arising from the same events sought damages of $75 million (Ex A ¶¶ 55, 60, 63, 66), the *ad damnum* in the District of Columbia case should be disregard as an attempt to obviate the amount-in-controversy requirement. In fact, plaintiff's motion to remand did not challenge defendant's allegation that the actual amount in controversy exceeded the jurisdictional requirement. (Pl. Motion ¶¶ 9-16.)

**B.      *Plaintiff's Remand Argument Confuses Subject Matter With Personal Jurisdiction.***

The primary shortcoming of plaintiff's motion to remand is that it confuses the potential bases for exercising personal jurisdiction with the diversity of citizenship requirements of 28 U.S.C. § 1332 (a). *Manny v. Dept. of Transportation*, 664 F. Supp. 1210 (N.D.Il. 1987) involved similarly defective reasoning. Plaintiff sued American Airlines in the Northern District of Illinois claiming that the airline was "registered and doing business in Delaware." *Manny*, 664 F. Supp at 1211. However, the complaint was silent as to the airline's state of incorporation or principal place of business. *Id*. The court specifically found that this pleading defect deprived the court of subject matter jurisdiction in diversity. *Id*. ("federal courts can deal with cases only as Congress specifies (see 28 U.S.C. § 1332 (a) and (c)) and as a plaintiff's express allegations bring the case within those specifications.").

225256.1

As in *Manny, supra*, plaintiff's remand motion is silent as to the citizenship of Accor SA and Accor NA.  Plaintiff argued that Accor NA owned and operated the Sofitel Lafayette Square hotel in the District of Columbia. (Pl. Motion ¶¶ 14-16.)  Plaintiff's remand motion further claimed that the presence of the Sofitel Lafayette Square in this jurisdiction destroyed diversity, regardless of the citizenship of Accor SA and Accor NA.  (Pl. Motion ¶¶ 14-16.)

Plaintiff is wrong on both accounts.  Accor NA does not own or operate the Sofitel Lafayette Square hotel. (Ex. D ¶ 5.)  Even so, the presence of a hotel in this jurisdiction is only material to the question of whether Accor NA is "doing business" or maintains "minimum contacts" in the District of Columbia for the purposes of establishing personal jurisdiction.  This inquiry does not affect the citizenship of a corporate defendant for the purposes of establishing subject matter jurisdiction. *Manny*, 664 F. Supp at 1211.

Accor NA and Accor SA are only citizens of the states or foreign countries where they were incorporated or in which they maintain their principal place of business. 28 U.S.C. § 1332 (c)(1).  Plaintiff did not dispute that Accor SA is a French corporation and that Accor NA is incorporated in Delaware and headquartered in Texas. (Pl. Motion ¶¶ 9-16.) Plaintiff's attempt to elevate the bases of personal jurisdiction over evidence of citizenship should be rejected.

**C.**    ***Plaintiff Has Conceded That Sofitel Group, LLC Is An Improper Defendant, Thus Acknowledging That Removal Was Proper.***

Plaintiff's remand motion has conceded that Sofitel Group, LLC is an improper defendant under the circumstances. (Pl. Motion ¶¶ 6-8.)  Sofitel Group, LLC is not a subsidiary or affiliate of either Accor NA or Accor SA. (Ex. D ¶ 8.)  It is not the company that owns or operates the Sofitel Lafayette Square hotel. (Ex. D ¶¶ 5, 8.)   The District of Columbia Department of  Consumer and Regulatory Affairs revoked this entity's certificate of authority in

6

225256.1

November 2005. (Ex. E.) Accordingly, the citizenship of this admittedly improperly joined company does not affect diversity.

Plaintiff has glossed over this error by attributing it as a simple mistaken identity. However, the elimination of this company as a defendant in this case is significant, regardless of how innocently plaintiff allegedly made the mistake. Sofitel Group, LLC was the only named defendant that was incorporated in the District of Columbia. Plaintiff's concession that Sofitel Group, LLC is an improper defendant left no potential non-diverse defendant in this case, as Accor NA and Accor SA are citizens of different jurisdictions under 28 U.S.C. § 1332 (c)(1).

**D.      _Plaintiff Concedes That Accor SA And Accor NA Are Not Citizens Of The District Of Columbia._**

Plaintiff's remand motion fails to dispute that Accor NA is incorporated in Delaware and that it maintains its principal place of business in Texas. (Pl. Motion ¶¶ 9-16.)  Plaintiff likewise omits any challenge to the foreign citizenship of Accor SA, as a French corporation.  (Pl. Motion ¶¶ 9-16.) As stated above, the location of the Sofitel Lafayette Square hotel in the District of Columbia, even if it were owned or operated by Accor NA or Accor SA, does not affect corporate citizenship as specified in 28 U.S.C. § 1332 (c)(1).   Accordingly, defendants respectfully submit that plaintiff has tacitly conceded that neither Accor NA nor Accor SA was a citizen of this jurisdiction.

**E.      _Plaintiff's Remand Argument Improperly Challenges Subject Matter Jurisdiction Based On The Alleged Citizenship of Doe Defendants._**

Plaintiff's remand motion concedes that Sofitel Group, LLC was not a proper defendant. (Pl. Motion ¶¶ 6-8.) In fact, plaintiff's remand motion even claims that the Sofitel Lafayette Square hotel was a defendant in this case, notwithstanding the error in naming the proper defendant. (Pl. Motion ¶¶ 6-8.) Plaintiff also indicates that remand was appropriate because it

225256.1

was his intention to identify the correct company that owns and operates the Sofitel Lafayette Square hotel and amend his complaint. (Pl. Motion ¶¶ 6-8.)

However, the Sofitel Lafayette Square hotel is not a named defendant in this case. The error in naming Sofitel Group, LLC is not simply an issue of mistaken identity considering that the company is wholly unrelated to Accor NA and Accor SA. As such, plaintiff can only be referring to DC Sofitel LLC, the owner and operator of the Sofitel Lafayette Square. However, DC Sofitel LLC is also not a defendant in this case. As the citizenship of defendants sued under fictitious names (i.e. "Does 1-5") is disregarded for determining removal jurisdiction, plaintiff's arguments regarding the Sofitel Lafayette Square and its unidentified owner fail to defeat diversity. *See, e.g., Lederman v. Marriott Corp.*, 834 F. Supp. 112, 113-114 (S.D.N.Y. 1993) (subsequent identification of a non-diverse "Doe" defendant does not mandate remand).

**F.** ***Even If Plaintiff Attempted To Destroy Diversity By Amending The Complaint, The Entity That Owns And Operates Sofitel Lafayette Square Is Not A Citizen Of This Jurisdiction.***

Plaintiff's intention of amending the complaint to name the correct company that owns and operates the Sofitel Lafayette Square hotel is futile if his sole purpose in naming this company as a defendant is to destroy diversity. DC Sofitel LLC is incorporated in Delaware and its principal place of business is at Accor NA headquarters in Texas, regardless of the location of the Sofitel Lafayette Square hotel. (Ex. D ¶¶ 5-7.) In any event, Accor NA and Accor SA cannot be imputed with the alleged citizenship of their subsidiaries. *Lincoln Prop. Co. v. Roche*, ___ U.S. ___, 126 S. Ct. 606, 616 (2005) ("But Congress surely has not directed that a corporation, for diversity-of-citizenship purposes, shall be deemed to have acquired the citizenship of all or any of its affiliates.").

225256.1

**G.**     ***Even If DC Sofitel LLC Were A Citizen Of This Jurisdiction, A Suit Against This Entity Likewise Would Result In A Fraudulent Joinder.***

DC Sofitel LLC owns and operates the Sofitel Lafayette Square hotel. (Ex. D ¶¶ 5-7.) It does not conduct any operations in Europe. (Ex. D ¶¶ 5-7.)  It was not involved in the events of November 6, 2002 in any way. (Ex. D ¶¶ 5-7.) DC Sofitel LLC is a wholly-owned subsidiary of Accor Business and Leisure North America, Inc., a non-party to this litigation. (Ex. D ¶¶ 5-7.) There is no conceivable connection between DC Sofitel LLC, its ownership and operation of the Sofitel Lafayette Square hotel, and the events alleged in the complaint. (Ex. D ¶ 7.)

Moreover, the attorneys for the estates conceded in the Southern District of New York litigation that there was no basis for proceeding against Accor NA. (Colloquy Ex. F at 27, ln. 13-15.) Specifically, the estates' attorney conceded: "We didn't allege that Accor NA did anything wrong." (Ex. F at 27, ln. 13-15 .) As a result, Judge Cedarbaum granted Accor NA's motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6). (Order Ex. B.)  If the estates' attorneys had no basis to proceed against Accor NA, they certainly have no basis to amend their complaint to name DC Sofitel LLC as a defendant.  As such, even if DC Sofitel LLC were a citizen of the District of Columbia, adding this entity as a defendant could serve no possible objective except as an attempt to defeat diversity through fraudulent joinder.

**H**     ***As The Representative Of His Decedent's Estates, Plaintiff Is Not A Citizen Of The District Of Columbia.***

The citizenship of a plaintiff serving as the representative of his or her decedents is not based on the location of his personal residence.  According to 28 U.S.C. § 1332 (c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent ..."  *See, e.g., Greaves v. State Farm Ins. Co.*, 984 F. Supp. 12, 13 n.2 (D.D.C.

225256.1

1997) (Maryland resident acting as legal representative for District of Columbia resident deemed District of Columbia citizen for diversity purposes).

Plaintiff Rollin Amore alleges that he is a resident of the District of Columbia. (Complaint ¶ 3.) However, both complaints specifically alleged that the decedents resided in and were citizens of Connecticut. (Complaint ¶¶ 4-5; Ex. A ¶¶ 8-9.) Plaintiff alleged that the decedents maintained certain unidentified interests in property in the District of Columbia. (Complaint ¶ 12.) However, the citizenship of an individual for diversity jurisdiction purposes refers to their domicile, not to an unidentified interest in property. *Zuubier v. MedStar Health, Inc.,* 306 F. Supp. 2d 1, 4 n.3 (D.D.C. 2004).

As a result, plaintiff should be deemed a citizen of Connecticut for the purposes of determining diversity of citizenship.  In which case, plaintiff's attempt to impute District of Columbia citizenship to Accor NA or Accor SA by virtue of the location of the Sofitel Lafayette Square hotel is immaterial.  Regardless of whether defendants or DC Sofitel LLC are citizens of this jurisdiction, there can be no dispute that none of these entities is a citizen of Connecticut.

I.      *Plaintiff Conceded That The Ad Damnum In The Original Complaint Was Fraudulently Pleaded To Obviate The Amount-In-Controversy Requirement.*

Accor NA and Accor SA alleged in their notice of removal that the *ad damnum* seeking damages in an amount that "exceeds the sum of $50,000" and an unspecified amount of punitive damages should be disregarded. (Notice of Removal ¶ 20-23.) In particular, defendants referenced the complaint in the Southern District of New York claiming damages in the amount of $75 million. (Notice of Removal ¶ 20-23.)  Plaintiff's remand motion did not address defendants' amount-in-controversy allegations. (Pl. Motion ¶ 9-16.) Accordingly, defendants submit that plaintiff has conceded this point.

10

225256.1

*J.*     *Plaintiff's Motion To Stay Defendants' Motion To Dismiss Should Be Denied.*

Based on the foregoing, defendants respectfully submit that plaintiff's request to stay briefing and argument of defendants' motion to dismiss should be denied.

## III

## CONCLUSION

Based on the foregoing, Accor SA and Accor North America, Inc. respectfully request this court to deny plaintiff's motion to remand this case to the Superior Court for the District of Columbia and to deny plaintiff's motion to stay defendants' motion to dismiss.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

/S/

By: _____.
Robert B. Wallace, Esquire (Bar No 108571)
Jason R. Waters, Esquire (of counsel)
The Colorado Building, Suite 500
1341 G. Street, N.W.
Washington, D.C. 20005
Tel.: (202) 626-7660
Fax: (202) 628-3606

Thomas A. Leghorn, Esquire (of counsel)
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3 Gannett Drive
White Plains, New York 10604
Tel.: (914) 323-7000
Fax: (914) 323-7001

*Attorneys for Accor SA and Accor North America, Inc.*

225256.1

**CERTIFICATE OF SERVICE & ELECTRONIC FILING**

I hereby certify on this 7th day of March, 2006, I served the foregoing electronically upon Christopher W. Hellmich, Esq. and Read K. McCaffrey, Esq., Patton Boggs, LLP, 2550 M. St., N.W., Washington, D.C. 20037, counsel for plaintiff, and that the original signed documents are in the possession of the attorneys responsible for this filing and are available for review upon request.

/S/

_____

Robert B. Wallace, Esq.

12

225256.1