UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

---

ROLLIN AMORE, *et al.*

                      Plaintiffs,              U.S. District Ct.
                                      Civil No.: 1:06-cv-00198 (RMU)
       v.

ACCOR SA, *et al.*

                      Defendants.

---

## PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT

Plaintiff ROLLIN AMORE, as co-administrator of the Estates of Susanne Amore and Salvatore Michael Amore, by his undersigned counsel, pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Rule 7(d) and (e) hereby submits this motion in support of Plaintiff's motion for leave to file a second amended complaint. Furthermore, Plaintiff again moves this Honorable Court to grant the Plaintiff's motion for leave to amend the First Amended Complaint.

### I.      FACTUAL BACKGROUND

The Plaintiff, Rollin Amore, brings this lawsuit *Pendente Lite* as the Co-Administrator of the Estates of Susanne Amore and Salvatore Michael Amore. The Plaintiff is a life long resident of the District of Columbia, and the D.C. Superior Court granted Plaintiff's request to open estate proceedings here in the District for the decedents because they owned an interest in real property located in the District.

Plaintiff's mother and brother, as well as Plaintiff's brother's wife and their two young children ages twelve and eight, died a horrific death in a train fire out outside Nancy, France at approximately 1:45 a.m. on November 6, 2002. Compl., ¶¶ 1, 15).

The overnight train on which Plaintiff's family was traveling was staffed by attendants trained by Defendant Accor SA, which directly owns and operates the "Accor Academy." Upon information and belief, the Accor-trained personnel negligently performed their duties regarding fire safety and passenger safety prior to the train's departure. In addition, after being alerted to the fire the Accor-trained personnel failed to come to the aid of the Amore family and others trapped in their cachets and instead fled from the fire and allowed it to spread in severity. The Accor-trained personnel then failed to alert the first responders on the scene that they could access immediately the rail car engulfed in flames by going through the attached railcar, allowing the first responders to waste valuable time trying to break into the railcar from the exterior.

The Sofitel Lafayette Square is located at 806 15th Street NW, Washington, DC 2005. Based on available information, Plaintiff's First Amended Complaint incorrectly named the SOFITEL GROUP, LLC as the owner of the Sofitel Lafayette Square hotel and thus a defendant. Instead, D.C. SOFITEL, LLC owns the Sofitel Lafayette Square hotel. Plaintiff's counsel personally conducted a search of the District's records for registered businesses that included the name "Sofitel." The undersigned Plaintiff's counsel certifies that he did not discover the entity "D.C. Sofitel, LLC," but only the entity called "Sofitel Group, LLC." Plaintiff's counsel was further reasonably led to believe this was the entity that owned the Sofitel Lafayette Square. It is for this reason that Plaintiff personally served the correct establishment, but failed to get the name exactly correct. Plaintiff's proposed Second Amended Complaint corrects this technical

error.  In addition, Plaintiffs already served the complaint on the Manager of the Sofitel Lafayette Square hotel.

Upon information and belief, DC Sofitel LLC is a wholly owned subsidiary of the already named Defendants and the Sofitel Lafayette Square hotel ultimately is owned by Defendant Accor.  Indeed, the press release announcing the opening of the hotel in July 2002 states that "Sofitel is the prestige brand of Accor hotels . . ." and holds out Accor as the only owner of the Washington, D.C. Sofitel.  Compl., at ¶ 7.

The Sofitel Lafayette Square operates as a division, alter ego, or mere department of Defendant Accor SA.  *See* Compl., at ¶¶ 5(a) – (f), 9(a) – (e)).  Upon information and belief, Defendant Accor exercises active control over the finances, personnel decision, and operations and marketing decisions of its wholly owned entities, including the Sofitel Lafayette Square. Further, upon information and belief, Defendant Accor and its wholly owned entities have extensively interrelated operations, centralized control of labor relations, finances, and common management.

The Plaintiff filed the original complaint in this action in D.C. Superior Court November 7, 2005, and subsequently filed the First Amended Complaint (FAC) January 6, 2006.  On February 6, 2006, Defendants ACCOR SA and ACCOR NA removed the case to this Court. Defendants' Notice of Removal argued that the Sofitel Group, LLC is not and was not ever affiliated with or owned by the other Defendants.  *See* Notice of Removal at ¶ 17.

On February 24, 2006, the Plaintiff filed a Motion to Remand in which he also indicated his intent to amend the complaint to reflect the true name of the owner of the Sofitel Lafayette Square hotel.  The Defendants filed a motion in opposition thereto, and the Plaintiff ultimately withdrew his Motion to Remand on March 17, 2006.

On March 23, 2006, the Plaintiff then filed his motion for leave to amend the FAC. The Plaintiff did not file this motion prior to that date because he was awaiting the Court's decision on the issue of remand and, after withdrawing his motion, conferred with opposing counsel's regarding the motion for leave to amend, as required by Local Rule 7(m).

## II.  **ARGUMENT**

### A.  *The Language and Purpose of Federal Rule 15 Dictates that Leave to Amend Should Be Granted*

When a party is no longer entitled to amend its pleading as a matter of right, the party may still amend its pleading by obtaining the leave of the court or the consent of the opposing party. *See* Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Autozone Development Corp. v. Dist. of Columbia*, 2006 WL 522437 *2 (D.D.C. 2006). Whether or not a court should grant the leave to amend is committed to its sound discretion. *See Autozone*, 2006 WL 522437 *2 (*citing Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). It also is a case-by-case determination. *See Dove*, 221 F.R.D. 246, 247 (*quoting Harris v. Sec'y, United States Dep't of Veterans Affairs*, 126 F.3d 339, 343 (D.C. Cir. 1997)). However, the text of Fed. R. Civ. P. 15(a) states that "leave [to amend] *shall* be given when justice so requires," Fed. R. Civ. P. 15(a) (emphasis added), and "[t]he court must . . . heed [the Rule's] mandate." *Autozone*, 2006 WL 522437 *2 (*citing Firestone*, 76 F.3d at 1208 (D.C. Cir. 1996)). Consequently, the Court's discretion is circumscribed: "it is an 'abuse of discretion' when a district court denies leave to amend without a 'justifying' or sufficient reason." *Dove v. Washington Metropolitan Area Transit Authority*, 221 F.R.D. 246 (D.D.C. 2004) (*citing Foman*, 371 U.S. at 182; *Firestone*, 76 F.3d at 1208). Such "justification" includes "undue delay, bad faith, repeated failure to cure a pleading's deficiencies, undue prejudice to the opposing party, and futility of amendment." *Id.* (internal citations omitted). In addition, the party opposing leave to amend

bears the burden of persuasion under Rule 15(a). *See Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D.D.C. 2004). The Defendants have not met this burden. No such justification is present in the given case, and denying leave to amend therefore would be an abuse of discretion.

The purpose of Rule 15 also supports this Court granting leave to amend. The purpose and goal of Rule 15 is to adjudicate cases on their merits rather than mere technicalities. *Id.* (stating that "the purpose of pleadings under the Federal Rules of Civil Procedure is to facilitate a proper decision on the merits, not to set the stage for a game of skill in which one misstep by counsel may be decisive in the outcome" and noting that rule 15 "further[s] the goal of deciding cases on their merits and avoiding adjudication by technicality") (internal citations omitted). As a result, "'[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim *on the merits.*'" *Autozone*, 2006 WL 522437 *2 (*citing Foman*, 371 U.S. at 182) (emphasis added). The Plaintiff's proposed Second Amended Complaint states a claim against DC Sofitel, LLC as the mere department or alter ego of Accor SA and should have the claim decided on the merits, not on the technicality that Plaintiff misidentified the corporate name of the owner of the Sofitel Lafayette Square hotel but correctly served them.

**B.** ***No Grounds Exist Justifying Denial of Plaintiff's Motion***

As stated above, the Defendants in this case bear the burden of demonstrating the presence of one of the "justifying" reasons to deny leave to amend. *See Nwachukwu*, 222 F.R.D. at 211. Defendants' contention that Plaintiff's proposed Second Amended Complaint is futile and would cause undue prejudice is unavailing in this regard. *See* Def. Mot. in Opp. at 3-4.

1. <u>The Second Amended Complaint Can Survive a Motion to Dismiss and Therefore is Not Futile</u>

Although a court may deny leave to amend if the proposed complaint cannot survive a motion to dismiss, *see James Madison Ltd. v. Ludgwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996), that factor is not present in this case. The Plaintiff's proposed Second Amended Complaint states a valid claim against DC Sofitel, LLC as the alter ego, mere department, or agent of Defendant Accor SA, against which the Plaintiff also states a valid claim. As such, the Second Amended Complaint would survive a motion to dismiss and is not futile.

A complaint may only be dismissed under Fed. Rule Civ. P. 12(b)(6) if, assuming as true all of the facts alleged in the complaint, "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Rochon v. Gonzales*, 438 F.3d 1211, 1216 (D.C. Cir. 2006) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46, (1957). In addition, the Court "must grant [the] plaintiff the benefit of all reasonable inferences from the facts alleged." *Gilvin v. Fire*, 259 F.3d 749, 756 (D.C. Cir. 2001) (internal citations omitted).

Taking all of the Plaintiff's facts as true, which this Court must, the Plaintiff has stated a valid claim against Defendant Accor SA. The Plaintiff further alleges facts sufficient to demonstrate that DC Sofitel, LLC is the alter ego, mere department, or agent of Accor SA. (*See* Compl. ¶¶ 5-9). This is especially true since the Plaintiff does not even have to make a *prima facie* case to survive the motion to dismiss. *See Idea Public Charter School v. Belton*, 2006 WL 667072, *4 (D.D.C. 2006) (*citing Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C.Cir.2000)).

As the alter ego, mere department, or agent, of Accor SA, Accor SA's liability is imputed to both Accor NA and D.C. Sofitel. *See e.g.*, *United States v. Nynex Corp.*, 788 F.Supp. 16, 18, n.3 (D.D.C. 1992) (internal citations omitted). Consequently, it is irrelevant whether the Plaintiff

alleges that Accor N.A. and DC Sofitel, LLC played a role in the train fire that killed the decedents or the ineffective training that the railcar attendants received. (Def. Mot. at 14-15). Moreover, Defendants' attempt to extend to DC Sofitel, LLC the voluntary dismissal of Accor NA from the New York matter must fail. *See* Def. Mot. in Opp. at 5. First, Defendants misconstrue the dismissal of Accor NA from the New York action. Specifically, on December 3, 2003, the plaintiffs in the New York action *voluntarily dismissed* Defendant Accor N.A. from the case pursuant to FED. R. CIV. P 41(a)(1)(i). *See* Pl. Response to Motions to Dismiss by Defendants Accor North America, Inc. and Stinnes Corp., at 6, Ex. A. This rule clearly allows the Plaintiff to dismiss the Defendant without order of the court in that Accor NA had neither answered nor filed a motion for summary judgment. *See* FED. R. CIV. P 41(a)(1)(i). As of December 3, 2003, Plaintiff's voluntary dismissal of Defendant Accor NA became immediately effective and Defendant Accor NA was no longer part of that case. This voluntary dismissal therefore rendered Judge Cederbaum's subsequent order, issued December 11, 2003, superfluous. Even if Defendants' formulation of the dismissal were correct, DC Sofitel LLC was not a party to the New York action and Judge Cederbaum's decision has no bearing on DC Sofitel LLC as a defendant in this case.

Second, Defendants offer no evidence to support the assertion that "the operations of both Accor NA and DC Sofitel LLC are limited to business interests in North America." Def. Mot. in Opp. at 5. Indeed, Plaintiff's complaint alleges the exact opposite: as the alter ego, mere department or agent of Defendant Accor SA, a self-described global hospitality corporation, and through a world-wide Internet reservation system, Accor NA's and DC Sofitel LLC's business interests extend well beyond North America. Moreover, the liability of Accor SA may be imputed to Accor NA and DC Sofitel LLC as alter egos, mere departments, or agents of Accor

SA. *See Nynex Corp.*, 788 F.Supp. at 18, n.3 (internal citations omitted); *see also* Compl. ¶¶ 5-9. Finally, the facts as alleged must be taken as true to determine whether amendment would be futile, since that judgment is based on whether the complaint could survive a motion to dismiss. *See Rochon*, 438 F.3d at 1216.

The above demonstrates that Plaintiff's "proposed [second] amended complaint stands more than a 'little chance' of success." *Autozone*, 2006 WL 522437 at *3 (*citing Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996)). Even if this Court believes it a close question, the Court should at the least "err[] on the side of affording the plaintiff[] a full and fair opportunity to present the merits of their case." *Id.*

2. The Second Amended Complaint Will Not *Unduly* Prejudice Defendants

Denying leave to amend for prejudice to the non-moving party requires that the prejudice actually be "undue," rather than merely harming the opposing party. *See Dove*, 221 F.R.D. at 248. Such a requirement makes sense: "although any amendment designed to strengthen the other side's case will in some way harm the opponent, it does not necessarily follow that such an amendment must be "unduly" prejudicial." *Id.* at fn. 3 (internal citations omitted). The "additional expense and frustration" that Defendants *may* incur does not amount to "undue" prejudice or harm. *See* Def. Mot. in Opp. at 6. Moreover, it is unclear whether Defendants will even suffer any additional expense or frustration.

This Court has defined undue prejudice as the "denial of the opportunity to present facts or evidence which [] would have [been] offered had the amendment[] been timely." *Dove*, 221 F.R.D. at 248 (internal citations omitted). Two examples of such prejudice are if the proposed amendment would affect the non-moving party's choice of counsel or strategy. *See id* (*citing Atchison v. District of Columbia*, 73 F.3d 418, 427 (D.D.C. 1996)). Defendants do not claim that either of these factors is implicated by Plaintiff's proposed Second Amended Complaint.

8

Nor are other factors that courts may look at present in this case. In *Atchison*, the court upheld the district court's decision in part because the plaintiff in that case sought leave to amend "on the eve of trial, when discovery was complete." *Atchison*, 73 F.3d at 427. By contrast, this litigation is still in its "early stages" and discovery has not even started. *Dove*, 221 F.R.D. at 249 (noting that the case "is in its early stages given that the parties have yet to appear for an initial scheduling conference or commence discovery.").

Finally, denying Plaintiff's motion for undue delay is inappropriate in this case. (Although Defendants do not directly assert undue delay as a justifying reason, their motion suggests this rationale by linking the timing of Plaintiff's motion to amend with the previous action filed in New York. *See* Def. Mot. in Opp. at 6.) First, "delay without the requisite prejudice is ordinarily insufficient to justify denial of leave to amend." *Id.* (internal citations omitted). "'Where an amendment would do no more than clarify legal theories or make technical corrections, [the D.C. Circuit] has consistently held that delay, without a showing of prejudice, is not sufficient ground for denying the motion.'" *Nwachukwu*, 222 F.R.D. at 211 (*citing Harrison v. Rubin*, 174 F.3d 249, 252-53 (D.C. Cir. 1999)).

More importantly, Plaintiff *did not* unduly delay seeking leave to amend the complaint. The time it took Plaintiff to seek leave to amend is more appropriately measured from the initiation of *this action*, not the New York one. By this measure, the Plaintiff filed leave to amend less than seven weeks after learning that the First Amended Complaint misidentified the owner of the Sofitel Lafayette Square hotel. Moreover, the Plaintiff waited that long only because he was awaiting resolution of the remand motion and then sought the Defendants' consent to file the instant motion to amend. Indeed, the Plaintiff indicated less than three weeks

after learning of the mistake his intention to file an amended complaint naming the correct party. *See* Pl. Mot. to Remand at 2. Plaintiff's actions simply do not amount to undue delay.

### 3. Granting Leave to Amend Would Be Consistent With the Rest of Rule 15 and the "Misnomer-Principal"

The "misnomer principle" permits leave to amend "where a party . . . has named and served the right defendant by the wrong name." *I.A.M. National Pension Fund v. TMR Realty Co., Inc.*, 2006 WL 544012 *5 (D.D.C. 2006). Determining whether the plaintiff has sued the right party under the wrong name or sued the wrong party depends on the factual circumstances of the case. *See Gipson v. Wells Fargo Corp.*, 382 F.Supp.2d 116, 120 (D.D.C. 2005). In *Gipson*, the district court determined that the plaintiff was suing the right party by the wrong name because it was clear from the beginning whom the plaintiff intended to sue; multiple defendants had the same words in their corporate name; and the plaintiff came close to correctly identifying the defendant. *See id.* These same factors suggest the same for the current case. From "the outset of this suit, plaintiff has clearly sought to sue" the corporate owner, and ultimate owner, of the Sofitel Lafayette Square hotel in Washington, D.C. *Id. See also* Complaint, ¶ 7; Pl. Mot. to Remand, ¶ 6-8. In addition, the Plaintiff came close to the correct name when it identified the "Sofitel Group, LLC," as opposed to "DC Sofitel, LLC," from the District of Columbia Consumer and Regulatory Affairs database.

## III.    CONCLUSION

This Court previously has called attention to "the wisdom that man was not created to serve the law, but that the law was created to serve man" and the fact that the federal rules are not intended to create "traps that ensnare the unsuspecting but well-intentioned litigant." *Dove*, 221 F.R.D. at 249 (internal citations omitted). Moreover, "Rule 15(a) recognizes that litigants are human beings who make mistakes and allows for the correction of those mistakes via

amendments to pleadings where appropriate." *Id.* at 249-50. Allowing such amendments helps "facilitate a decision on the merits." *Id.* Based on the foregoing, the Plaintiff respectfully requests that this Court grant his motion for leave to amend the First Amended Complaint and adopt the Second Amended Complaint.

Respectfully submitted,

PATTON BOGGS, LLP

By:    _____/S/_____
       Christopher W. Hellmich, Esquire (Bar No 468840)
       Read McCaffrey, Esquire (Bar No 413837)
       2550 M Street, NW
       Washington, DC  20037
       Tel.: (202) 457-6504
       Fax: (202) 457-6315

Dated: April 13, 2006

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

ROLLIN AMORE, *et al.*

                    Plaintiffs,                 U.S. District Ct.
                                              Civil No.: 1:06-cv-00198 (RMU)

        v.

                                               D.C. Super Ct.
                                              Civil No.: 2005 CA 08773

ACCOR SA, *et al.*

                    Defendants.

## <u>ORDER</u>

Upon consideration of Plaintiff's Motion for Leave to Amend, it is, this __ day of April 2006, hereby ORDERED as follows:

Plaintiff's Motion for Leave to Amend the Complaint is GRANTED.

It is further ordered that Plaintiff's proposed Second Amended Complaint is accepted and will be considered filed and served on the date on which this order is entered.

                                             _____

                                             United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify on this 13th day of April, 2006, Plaintiff's MOTION FOR LEAVE TO AMEND THE COMPLAINT was filed and served electronically on:

> Robert B. Wallace, Esq.
> Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
> The Colorado Building
> Suite 500
> 1341 G. Street, N.W.
> Washington, DC  20005

> _____/S/_____
> Christopher W. Hellmich, Esq.