**Plaintiff's Reply Memorandum of Points and Authorities
in Support of His Motion for Leave to Amend the First Amended Complaint**

April 13, 2006

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLYN REERS, in her capacity as Personal )
Representative of the Estates of SUSANNE AMORE, )
deceased, and SALVATORE MICHAEL AMORE, )
deceased, KATHRYN MEYERS-TONUCCI, )
Individually and in her capacity as Personal )
Representative of the Estate of JEANNE MEYERS )
AMORE, deceased, and GEORGE GUERTIN, in his )
capacity as Personal Representative of the Estates of )
EMILY JEANNE AMORE deceased, and MICHAEL )
B. AMORE, deceased, )
                                                Plaintiffs )

v. )

DEUTSCHE BAHN AG, a Republic of Germany )
Corporation, DEUTSCHE BAHN REISE & )
TOURISTIK AG, a Republic of Germany )
Corporation, DEUTSCHE BAHN AUTOZUG AG, )
a Republic of Germany Corporation, DEUTSCHE )
BAHN NACHZUG AG, a Republic of Germany )
Corporation, STINNES CORPORATION, a New )
York Corporation, MR. VOLKER, an Individual, )
ACCOR SA, a Republic of France Corporation, )
ACCOR NORTH AMERICA, INC, a New York )
Corporation, and COMPAGNIE )
INTERNATIONALE DES WAGONS-LITS, a )
Republic of France Corporation, and ISG-DSG )
GmbH, a Republic of Germany Corporation, )
                                                Defendants. )

030-CV-5360 (MGC)

RESPONSE TO MOTIONS TO DISMISS BY DEFENDANTS ACCOR NORTH AMERICA, INC. & STINNES CORP.

## FACTUAL BACKGROUND

On November 6, 2002, three generations of the Amore family burned to death on a Deutsche Bahn AG Railcar, after a Deutsche Bahn employee who may have started the fire, fled the scene of the inferno leaving the Amores, along with other passengers, trapped in the burning Railcar. That Railcar had been so dangerously 'refurbished' by Accor SA that it lacked: smoke alarms, fire alarms, safety escape windows with pop-out glass, sufficient fire extinguishers, fire retardant material, and any means of communication with the conductor. Accordingly, the Complaint alleges that the defendants are responsible for the horrific deaths of the Amores.

While Deutsche Bahn has not yet answered the Complaint, one of it subsidiaries, Stinnes Corp. has and seeks a dismissal. So too, while Accor has not yet answered, one of its subsidiaries moves for dismissal.

Now Stinnes Corporation ("Stinnes") and Accor North America, Inc. ("Accor N.A."), both of whom do substantial and continuous business in New York State, seeks a dismissal because they "are not responsible for plaintiffs' injuries," Stinnes Mem. at 1, and are not "implicat[ed] in the fire that occurred on train D261." Accor N.A. Mem. at 2. Since this appears to be true plaintiffs are willing to voluntarily dismiss Stinnes Corp. and Accor North America, Inc., as separate defendants, but will seek to amend the complaint to name them as a d/b/a for parent Deutsche Bahn AG and Accor SA.

Plaintiffs assert personal jurisdiction in New York over Deutsche Bahn AG based on its presence in New York through its mere department or agent, Stinnes, which defendants do not and cannot deny is doing business in New York. *See* Complaint ¶ 16; CPLR § 301. Likewise, plaintiffs assert personal jurisdiction in New York over Accor SA based on its presence in New

2

York through its mere department or agent, Accor N.A., which defendants do not and cannot deny is doing business in New York. *See* Complaint ¶ 19; CPLR § 301.

I.     **Stinnes & Accor N.A. Are Named In The Complaint As Mere Departments or Agents of Deutsche Bahn AG & Accor SA.**

New York law has long allowed plaintiffs to assert personal jurisdiction over foreign corporations on the grounds that a subsidiary of a parent corporation is doing business in New York. *See, e.g., Wiwa v. Royal Dutch Petroluem Co.*, 226 F. 3d 88, 95)(2d Cir. 2000) ("The continuous presence and substantial activities that satisfy the requirements of doing business [under CPLR § 301] do not necessarily need to be conducted by the foreign corporation itself"). While "the presence of [a] subsidiary alone does not establish the parent's presence in the state," *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (citing *Volkswagenwerk AG v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984), personal jurisdiction over a foreign parent exists where its New York subsidiary is either a "mere dependent," or an "agent" of the parent. *Id.* ( citing *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Since it is undisputed that the continuous presence and substantial activities of both Stinnes and Accor N.A. satisfy the requirements of doing business under CPLR §301, they were named in the Complaint as a basis for asserting personal jurisdiction over their parent corporations Deutsche Bahn AG and Accor S.A., respectively.

Of course, to determine whether Stinnes is a mere dependent or agent of Deutsche Bahn AG and whether Accor N.A. is a mere dependent or agent of Accor S.A., the Court will have to consider some of the factors outlined in *Beach Aircraft*: (1) the common ownership, (2) financial dependency of the subsidiary on the parent; (3) the degree of to which the parent interferes in the

3

selection and assignment of the subsidiary's personnel and fails to observe corporate formalities; and (4) the degree of control that the parent exercises over the subsidiary's marketing and operational policies. *Beech Aircraft*, 751 F.2d at 120-22. These factors are not the exclusive tests for agency. Plaintiffs should be entitled to limited discovery on this issue if they can make out a prima facie case that Stinnes is a mere department of Deutsche Bahn AG or that Accor N.A. is a mere department of Accor S.A. *See, e.g., Schenker v. Assicurazioni Gererali S.p.A.*, No. 98 Civ. 9186, 2002 WL 1560788, at *1-*2 (S.D.N.Y. July 15, 2002).

Here, plaintiffs have in good faith, pleaded legally sufficient allegations of jurisdiction over both Deutsche Bahn AG and Accor S.A. *See Jazini*, 148 F.3d at 184 ("Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith legally sufficient allegations of jurisdiction"). However, since neither Deutsche Bahn AG nor Accor S.A. have yet appeared or challenged the jurisdiction asserted over them, plaintiffs need not now take up this Court's valuable time by stating the many factual links that makes Stinnes, a mere department of Deutsche Bahn AG and Accor N.A. a mere department of Accor S.A. If and when we are presented with such jurisdiction testing motions, plaintiffs stand ready to respond. At this point, plaintiffs respectfully request that they be permitted limited discovery from the instant defendants to prove their assertion that Stinnes is a mere department of Deutsche Bahn AG and that Accor N.A. is a mere department of Accor S.A. *See, e.g., Schenker v. Assicurazioni Gererali S.p.A.*, No. 98 Civ. 9186, 2002 WL 1560788, at *1-*2 (S.D.N.Y. July 15, 2002); *Aerotel Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 193 (S.D.N.Y. 2000)(granting jurisdictional discovery on the issue of interrelatedness between parent and subsidiary in light of alleged overlap in management).

4

Plaintiffs have already learned that Deutsche Bahn AG purchased 99% of the Stinnes shares prior to the train fire, in an effort to grow its worldwide transportation and logistical support network, shipping cargo and transporting people on trains and ships. (See Exhibit A from the Deutsche Bahn website and Exhibit B from Stinnes website). In addition, Accor SA owns Accor NA as part of its worldwide network involving travel, hotels and other sleeping accommodations, including train sleeping cars. (See Exhibit C).

II. **Accor N.A. Wrongly Argues That Plaintiffs Must 'Pierce The Corporate Veil' For Jurisdiction To Be Asserted Over Its Parent Corporation Accor S.A.**

Accor N.A. insists that it is inappropriate for this Court to "pierce the corporate veil" and "impute the alleged acts of ISG on Accor N.A." Accor Mem. at 12. As explained above, plaintiffs have never asked this Court to impute any acts of ISG or anyone else on Accor N.A.; rather plaintiffs have asserted jurisdiction over Accor S.A. based on the continuous presence and substantial business activities of Accor N.A. in New York under CPLR § 301.

That said, it is well settled that this Court need not make any determination with respect to piercing the corporate veil to find that a subsidiary corporation is an "agent" of a parent corporation for the purpose of asserting jurisdiction over the foreign parent corporation. *See Bellomo v. Pennsylvania Life Co.*, 488 F. Supp. 744, 746 n.4 (S.D.N.Y. 1980)(noting that as part of an agency analysis that a finding of jurisdiction does not require piercing the corporate veil;); *see also id.* at 745-47 (holding that while plaintiff had not established foreign parent's control over New York subsidiary such that jurisdiction would be found pursuant to the mere department theory, jurisdiction nevertheless existed under agency theory); *Sunrise Toyota Ltd. v. Toyota Motor Co.*, 55 F.R.D. 519, 527-28 S.D.N.Y. 1972)(same); *see also Dorfman v. Marriott Int'l*

*Hotels*, 2002 WL 14363, at 10 (S.D.N.Y. Jan 3., 2002)("[W]hen two corporations have common ownership and their activities are interrelated as here, they may have an agency relationship for jurisdictional purposes, even if the resident corporation is not controlled by the nonresident entity").

## CONCLUSION

Accordingly, plaintiffs voluntarily dismiss Stinnes Corp. and Accor North America Inc., and request permission to amend the complaint to re-name them as a d/b/a for Deutsche Bahn AG and Accor SA. Since neither Deutsche Bahn AG nor Accor S.A. has challenged jurisdiction in these motions, plaintiffs will not take this Court's time presenting the many factual links that establish Stinnes as an agent of Deutsche Bahn AG and Accor N.A. as an agent of Accor S.A. but request permission to conduct limited discovery on the relationship between the instant defendants and their parent corporations.

Respectfully submitted,

KREINDLER & KREINDLER LLP

By: *[signature]*
James P. Kreindler, Esquire (JK7084)
Andrew J. Maloney, III, Esquire (AM8684)
Vincent I. Parrett, Esquire (VP5092)
Kreindler & Kreindler LLP
100 Park Avenue
New York, New York 10017-5590
(212) 687-8181