UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

---

ROLLIN AMORE, *et al.*

                         Plaintiffs,           U.S. District Ct.
                                                      Civil No.: 1:06-cv-00198 (RMU)
     v.

ACCOR SA, *et al.*

                         Defendants.

---

## PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

Plaintiff ROLLIN AMORE, as co-administrator of the Estates of Susanne Amore and Salvatore Michael Amore, by his undersigned counsel, hereby responds to the Court's Order to Show Cause why Plaintiff's claims against Defendant Accor N.A. are not barred by *res judicata* or why *forum non conveniens* does not bar Plaintiff's claims against Defendant Accor S.A. based on collateral estoppel, and states the following:

**A. Plaintiff's Claims Against Defendants Are Not Barred By *Res Judicata* (Claim Preclusion) Based on the New York Litigation Because There Was Not An Adjudication "On the Merits"**

    1. <u>Defendant Accor N.A. Was Voluntarily Dismissed from the New York Action and Thus Dismissal Was Not "On the Merits"</u>

The New York plaintiffs' voluntary dismissal of Accor N.A from that case is not an adjudication on the merits, and *res judicata* therefore is inappropriate. "'Under the claim preclusion aspect of *res judicata*, a final judgment <u>on the merits</u> in a prior suit involving the same parties or their privies bars subsequent suits based on the same cause of action.'" *Nextwave Personal Communications Inc. v. FCC*, 254 F.3d 130, 143 (D.C. Cir. 2001) (*quoting I.A.M. Nat'l Pension Fund v. Indus. Gar Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983)) (emphasis added).

1

*See also Polsby v. Thompson*, 201 F.Supp. 2d 45, 48 (D.D.C. 2002) (listing the requirements of *res judicata*) (internal citations omitted).

A "judgment on the merits" may be defined as one that "'is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction, or form.'" *Polsby*, 201 F.Supp. 2d at 48-49. (internal citations omitted). Here, the New York plaintiffs' dismissal of Accor N.A. from that action was voluntary, based merely on procedural grounds – it was <u>not</u> based on the parties' legal rights. Consequently, it <u>cannot</u> operate as a judgment on the merits.

On December 3, 2003, the plaintiffs in the New York action exercised their rights under FED. R. CIV. P. 41(a)(1) and *voluntarily noticed the dismissal* of Defendant Accor N.A. from the case. *See* Pl. Response to Motions to Dismiss by Defendants Accor North America, Inc. and Stinnes Corp. at 6, Exhibit A. Importantly for the purpose of *this* case, such a voluntary dismissal serves as an adjudication on the merits *only* if the Plaintiff has previously dismissed from another court an action that is based on or includes the same claim. *See* FED. R. CIV. P. 41(a)(1). The plaintiffs in the New York action had not brought or dismissed their claims previously, and thus the voluntary dismissal does not operate as an adjudication on the merits – and cannot have preclusive effect. Moreover, because Rule 41 permits a plaintiff to *sua sponte* provide notice of its voluntary dismissal of a defendant from a lawsuit, Judge Cederbaum's order of December 11, 2003, as to Accor N.A. was superfluous and at most operated as an order of the court implementing plaintiffs' voluntary dismissal. *See* FED. R. CIV. P. 41(a)(2).

In addition, a voluntary dismissal without prejudice is not a decision on the merits that carries preclusive effect. *See Alexander v. Angela Evans-Afflick*, 1993 U.S. Dist. LEXIS 16425, *14 (D.D.C. 1993) (denying defendant's claim of *res judicata* as without merit because "[v]oluntary dismissal by a plaintiff does not constitute a decision on the merits.") (citing FED. R.

CIV. P. 41(a)(1)). FED. R. CIV. P. 41(a)(2) specifies that a voluntary dismissal is without prejudice unless the order of the court specifies otherwise. *Id.* Judge Cederbaum's order specified no such thing. Finally, both FED. R.CIV. P. 41(a)(1) and 41(a)(2) state that dismissal under either provision is "without prejudice." FED. R.CIV. P. 41(a)(1)-(2).

Accor N.A.'s dismissal from the New York action was voluntary and without prejudice. As a mere matter of procedure, *see Polsby*, 201 F.Supp. 2d at 48-49, it was not an adjudication on the merits and thus cannot have preclusive effect.

### 2. The Southern District of New York's *Forum Non Conveniens* Determination Was Not "On the Merits"

Similarly, the *forum non conveniens* determination in the New York action does not preclude the underlying claims filed against Accor S.A. in this case. *Forum non conveniens* determinations are <u>not</u> considered to be final adjudications on the merits of the claim. *See e.g., In re Minister Papandreou*, 139 F.3d 247, 255 (D.C. Cir. 1998) (referring to *forum non conveniens* as a "non-merits ground[ ]" of dismissal). *See also* 18A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4436 (2002) (noting that *forum non conveniens* dismissals are treated similar to dismissal for improper venue and do not operate as adjudication on the merits). Although a dismissal for failure to state a claim operates differently, Judge Cederbaum's June 3, 2004 Opinion explicitly does not reach that question. *See* New York Opinion, at 46.

Consequently, the New York *forum non conveniens* determination has no *res judicata* (claim preclusion) effect on the Plaintiff's claims in <u>this</u> action. *Mizokami Bros. Of Arizona, Inc. v. Mobay*, 660 F.2d 712, 715 (8th Cir. 1981) (referring to a prior dismissal for *forum non conveniens* and stating: "Because there has been no judgment on the merits of Mizokami's claim, a second action is not barred by the rules of claim preclusion.")

B. **Plaintiff's Claims Against Accor S.A. Are Not Barred by Collateral Estoppel (Issue Preclusion) Because the *Forum Non Conveniens* Analysis Necessary in <u>This</u> Case Was Not "Actually Litigated" Or "Actually Determined" in the New York Action**

In any collateral estoppel analysis, it is crucial to determine precisely what issues were actually litigated and decided in the prior action. *See Mizokami Bros.*, 660 F.2d at 716 ("The controlling inquiry is whether the instant question was a matter in issue and determined between these parties.") (internal citations omitted). The *forum non conveniens* analysis that must be done in this case – <u>i.e.</u>, whether France is an adequate alternative forum to hear the claims filed in <u>the District of Columbia</u> against the Accor defendants and, if so, whether the balance of convenience factors weigh in favor of retaining the case in the District of Columbia or dismissing it to France – simply was <u>not</u> actually litigated in, or actually and necessarily determined by, the New York action. Rather, the *forum non conveniens* determination of the New York action understandably and rightfully focused only on which was the more convenient forum as between <u>New York</u> and France and did not analyze the District of Columbia as a possible forum. It therefore cannot bar the Plaintiff's claims here based on collateral estoppel (issue preclusion) and this Court should undertake its own analysis.

For a court to apply the doctrine of collateral estoppel to foreclose the relitigation of an issue, three requirements must be met: "[T]he issue must have been actually litigated . . . (2) [T]he issue must have been 'actually and necessarily determined by a court of competent jurisdiction' . . . [and] (3) [P]reclusion in the second trial must not work an unfairness." *Jack Faucett Associates, Inc. v. American Tel. & Tel. Co.*, 744 F.2d 118, 125 (D.C. Cir. 1984). *See also Nextwave*, 254 F.3d at 147; *Croskey v. United States Office of Special Counsel*, 1997 U.S.App. LEXIS 34643, *13-14 (D.C. Cir. 1997) (internal citations omitted). Additionally, there is a threshold requirement that the issues be identical. *Jack Faucett Associates*, 744 F.2d at 125. Whereas the failure of any <u>one</u> of those tests precludes a finding of collateral estoppel, *id*, <u>none</u>

of those requirements are met with respect to this case. Most importantly, none of the *forum non conveniens* analsysis that would be required in this case was actually litigated or actually decided in the prior action. *See Mizokami Bros.*, 660 F.2d at 716 (holding that the convenience of the second forum was not adjudicated in the prior action and thus "consideration of the convenience of [the second] forum is not foreclosed.") (internal citations omitted).

1. Whether French Courts Would Entertain the New York Plaintiffs' Claims, And Therefore Whether France Was An Adequate Alternative Forum, Was Not Actually Litigated in the New York Action

In the New York action, the threshold inquiry – whether France was an adequate alternative forum – focused almost exclusively on whether the French courts provided an adequate remedy. By contrast, whether or not the French courts could entertain the causes of action brought by the New York Plaintiffs was not addressed.[1] Consequently, the precise issue of whether France is an adequate alternative forum to hear an Estate's claims – including survivorship claims – was not "actually litigated" by the New York parties. *See Croskey*, 1997 U.S. App. LEXIS 34643 at *14 (defining the term actually litigated as "contested by the parties and submitted for determination by the court.") (internal citations omitted).

Because this precise issue was not actually litigated or decided in the New York action, that court's holding that France is an adequate alternative forum cannot have preclusive effect. This Court therefore must conduct its own inquiry into whether France is an adequate alternative forum to hear the claims brought against the Accor defendants here.

---

[1] Although Judge Cederbaum stated that "the French courts . . . will hear plaintiffs' claims," New York Opinion at 37, the preceding discussion focused exclusively on the issue of remedy and this question was not contested by the parties.

2. The Requirements of Collateral Estoppel Are Not Met Because the New York Court Did Not Balance the Convenience Factors As Between the District of Columbia and France

Even if this Court were to determine that France is an adequate alternative forum to hear Plaintiff's entire case, it still would then have to undertake its own balancing test, weighing the *forum non conveniens* factors as between the District of Columbia and France. By contrast, the only issue "actually and necessarily determined" by the New York court was whether France was a more appropriate jurisdiction than New York.[2] Consequently, the precise issues that this Court must address were not actually litigated by the parties or actually determined by the New York court, and thus relitigation of the *forum non convenience* issue is not precluded.

*Forum non conveniens* determinations are fact-specific and fact-intensive. *See El-Fadl v. Central Bank of Jordan*, 1994 WL 1656111, *7 (D.D.C. 1994) ("the Supreme Court emphasized that every *forum non conveniens* inquiry is fact-driven,") (*citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981)). Indeed, it is precisely "because the convenience factors are intrinsically different" that *forum non conveniens* dismissals "ordinarily . . . cannot work issue preclusion as to other courts. . ." 18A Wright, Miller & Cooper, 2d Jurisdiction § 4436. Indeed, the Defendants – perhaps inadvertently – acknowledge that the proper *forum non conveniens* factors would balance the interests of the District of Columbia and France. *See* Defs.' Motion to Dismiss at 12. Although the Defendants argue that "[t]he plaintiff, his decedents, the defendants, and the events are no more strongly connected to this venue [the District of Columbia] than they were to New York," *id.*, that qualitative assessment – one not performed by the New York court – is for this Court to undertake and decide – not the Defendants. *See Mizokami Bros.*, 660 F.2d

---

[2] Even if dicta in Judge Cederbaum's opinion were read to apply more broadly than just to New York, the opinion certainly did not address the specific question of whether the District of Columbia was a more convenient forum. In such cases issue preclusion is not appropriate. *See Nextwave*, 254 F.3d at 147 ("If the 'basis' of a prior decision is 'unclear, and it is thus uncertain whether the issue was actually and necessarily decided in [the prior] litigation, then relitigation of the issue is not precluded.'") (*quoting Connors v. Tanoma Mining Co.*, 953 F.2d 682, 684 (D.C. Cir. 1992)).

6

at 716 ("Although the [second] federal court must apply the same objective criteria, the underlying facts to be evaluated are distinct.").

Indeed, the case at bar is very similar to *Mizokami Bros. v. Mobay*, 660 F.2d 712. In that case, the plaintiff originally brought suit against multiple defendants in federal district court in Arizona. The district court in Arizona dismissed the suit against all defendants, basing the dismissal of defendant Mobay on *forum non conveniens*. That decision then was upheld by the Ninth Circuit. *See id.* at 715. The plaintiff then filed a second suit against defendant Mobay in federal district court in Missouri (defendant Mobay was a New Jersey corporation doing business in Missouri). *See id.* The district court dismissed the case, holding that issue preclusion prevented the plaintiff from relitigated the *forum non conveniens* question previously decided by the Ninth Circuit. *See id.* Importantly, the Eight Circuit reversed. *See id.*

In reversing the Missouri district court, the Eight Circuit agreed with the plaintiff's argument that the Arizona court's *forum non conveniens* determination dealt only with the convenience of Arizona as a forum. On the other hand, "[t]he convenience of Missouri as compared with that of Mexico was not at issue and not decided." *See id.* at 716. As a result, the balancing test at the heart of every *forum non conveniens* analysis was not done with respect to Missouri. As the court stated:

> The contacts of the parties and transactions with Missouri, the availability of witnesses and evidence in Missouri, and factors affecting the burden on the Missouri District Court were not explored in the Arizona litigation.

*Id.*

*Pastewka v. Texaco, Inc.*, 565 F.2d 851 (3d Cir. 1977), relied on by the Defendants, does not require a different result. *See Mizokami*, 660 F.2d at 716 (holding that *Pastewka* "is not inconsistent with our decision here."). Rather, *Pastewka* is an exception to the general rule precisely because the plaintiffs in that case "point[ed] to identical objective criteria and rely on

identical material facts underlying the application of those criteria." 565 F.2d at 854. Based on that crucial distinction, the *Mizokami* court distinguished its case from *Pastewka*, pointing out that the plaintiff in its case "has contended that the contacts of the parties with Missouri, the availability of witnesses in Missouri and other relevant factors make the inquiry distinct" from the one that the Arizona court performed. *Id.* Based on all of the above, the *Mizokami* court "conclude[d] that the earlier dismissal does not bar the present suit." *Id.*

Similar to the plaintiff in *Mizokami* – and unlike the plaintiffs in *Pastewka* – the Plaintiff here can, and has, pointed to material facts that alter the *forum non conveniens* analysis that would have to be performed here. These include, *inter alia*, the fact that France is not an adequate alternative forum for the claims brought against the Defendants in this case (*see infra*), as well as the (pending) addition of a District of Columbia defendant[3] and the Defendants' additional and substantial contacts to this forum.

Also persuasive is the reasoning of *Parsons v. Chesapeake & Ohio Railway Co.*, 375 U.S. 71 (1963) (per curiam), cited in *Pastewka*. In *Parsons*, the Supreme Court rejected the preclusive effect of a state court's *forum non conveniens* decision regarding a motion to transfer on a federal district court. The Supreme Court held:

> The discretionary determinations of both the state and federal courts in this case required, to be sure, evaluations of *similar, but by no means identical*, objective criteria. However, since the material facts underlying the application of these criteria in each forum were different in several respects, principles of *res judicata* are not applicable to the situation here presented.

---

[3] Plaintiff's Motion for Leave to Amend the Amended Complaint to correctly identify DC Sofitel, LLC as the owner of Sofitel Lafayette Square hotel and a Defendant in this action remains pending.

*Parsons*, 375 U.S. at 72-72 (emphasis added).[4] As discussed above, the same is true of the material facts underlying a *forum non conveniens* determination involving the District of Columbia, as opposed to New York. The Plaintiff here contends that the parties' contacts with the District of Columbia, the availability of evidence necessary to prove these discrete claims, and other relevant factors are different. Consequently, and just as in *Parsons* and *Mizokami*, this case should not be barred based on principles of collateral estoppel.

### 3. Preclusion of This Action Would Work an Unfairness Because Plaintiff Cannot Bring This Cause of Action in France

Collateral estoppel is inappropriate if precluding the second action works an unfairness upon the party bound by the prior determination. *See Croskey*, 1997 U.S. App. Lexis 34643 at *14 (internal citations omitted). That would be the case here, since the Plaintiff cannot bring this claim in the proposed alternative forum and this issue was not addressed in the prior action.

As stated *supra*, this Court should conduct its own inquiry into whether France is an adequate alternative forum for Plaintiff to bring its claims. It is not. French courts do not recognize Estates as parties and do not recognize survivorship claims as a cause of action. *See* Affidavit of Thomas C. Chabanis, Exhibit B. Consequently, this Plaintiff would not have standing and would not be able to bring this case in a French court. *See id.* Yet, the availability of an adequate alternative forum to hear all of the plaintiff's claim is the threshold inquiry for any *forum non conveniens* analysis. *See Pain v. United Technologies Corp.*, 637 F.2d 775, 784 (D.C. Cir. 1980) ("[a]s a prerequisite [to dismissing for *forum non conveniens*], the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case.").

---

[4] The holding in *Parsons* applies to *forum non conveniens* analysis as well as motions to transfer. *See Young & Rubicam, Inc. v. Casey*, 1994 WL 471568 (S.D.N.Y. 1994) ("It is well settled that § 1404(a) is a codification of the common law doctrine of forum non conveniens, and, therefore, the Supreme Court's holding is applicable.") (internal citations omitted).

Because that threshold is not surpassed here, dismissal based on *forum non conveniens* would be inappropriate. *Id.* (*quoting Piper*, 454 U.S. at 254 n.22 (noting that "dismissal would not be appropriate where the alternative forum does not permit litigation of the subject matter of the dispute.")). Thus, precluding this action would work an unfairness to the Plaintiff in that there would be no forum available to the Estate to bring this claim. Dismissing this action based on the New York court's *forum non conveniens* determination would be particularly unjust given that the ability of the alternative forum to hear the entire case is a threshold issue of the *forum non conveniens* doctrine that (i) was not addressed previously and (ii) would not be satisfied under a fresh and thorough analysis of the issue.

## CONCLUSION

The Plaintiff's case is not barred by either aspect of *res judicata*. Neither Accor defendant was dismissed from the New York action "on the merits," and claim preclusion therefore is inappropriate. Issue preclusion also is inappropriate because the precise issues that would be determined by this Court's *forum non conveniens* analysis were not actually litigated or actually and necessarily decided by the prior action. In addition, granting preclusive effect to the *forum non conveniens* determination of the prior action would work an unfairness to the Plaintiff.

WHEREFORE Plaintiff has shown cause why this case should not be dismissed on the basis of *res judicata* or collateral estoppel.

Respectfully submitted this 21st day of November, 2006,

        PATTON BOGGS, LLP

By: ____/S/____
Christopher W. Hellmich, Esquire (Bar No 468840)
2550 M Street, NW
Washington, DC 20037
Tel.: (202) 457-6504
Fax: (202) 457-6315

## CERTIFICATE OF SERVICE

I hereby certify on this <u>21st</u> day of November, 2006, Plaintiff's RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE was filed and served electronically on:

>Robert B. Wallace, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
The Colorado Building
Suite 500
1341 G. Street, N.W.
Washington, DC  20005


>_____/S/_____
Christopher W. Hellmich, Esq.