# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

---

ROLLIN AMORE, *et al.*

                Plaintiffs,          U.S. District Ct.
                                         Civil No.: 1:06-cv-00198 (RMU)
    v.

ACCOR SA, *et al.*

               Defendants.

---

### AFFIDAVIT OF THOMAS C. CHABANIS

I, Thomas C. Chabanis, declare under penalty of perjury that the following statements are true and correct to the best of my knowledge, information and belief.

1. I am over eighteen (18) years of age, am competent to make this affidavit, and have personal knowledge of the facts below. I would testify truthfully to the facts set forth herein if called upon to do so.

2. I am Of Counsel in the Pharmaceutical & Medical Device & Product Liability Litigation Group in the Washington, D.C. office of Shook, Hardy & Bacon L.L.P. I spend a substantial amount of my time working on tort related matters for French clients.

3. For most of the past six years, I have been involved in litigation matters in the United States. I counsel corporate clients in product liability and business litigation cases.

4. Prior to joining Shook, Hardy & Bacon, I worked in the litigation section of the French law firm Salès, Vincent & Associés in Paris, France.

5. I have taught Legal Research and Writing and Introduction to French Law seminars as a member of the adjunct faculty of The American University, Washington College of Law. A copy of my resume is attached as Exhibit A.

6. I graduated from the Université Paris V, René Descartes in 1996 with a specialization in law. I obtained my Maîtrise en Droit (JD equivalent) from the Univerisité Paris I Panthéon-Sorbonne in 1998. I have a Master of Laws in International Studies from The American University, Washington College of Law (2002).

7. I am being compensated for the study and testimony that I am providing in this matter at an hourly rate of $340.

**DECLARATION**

8. The United States' common law system and the French civil law system differ in many ways. These differences are particularly apparent in traditional areas of law such as Estates ("Successions" in French law) and Torts ("Résponsabilité Délictelle"). As such, several aspects of this case would differ depending on where it is filed.

I. The "Estate" Would Not Have Standing in French Courts

9. Unlike the common law, there is no concept of an "Estate" in French "Successions" law.

10. The United States' common law system, and the District of Columbia Code in particular, provide for a "continuation" of the deceased person by transferring his assets, including legal claims, to the Estate and its personal representative. D.C. Code Ann. 20-105, Devolution of Property at Death, provides: "Except as provided in section 20-357, all property of a decedent shall be subject to this title and, upon the decedent's death, shall pass directly to the

personal representative, who shall hold the legal title for administration and distribution of the estate."

11. The French civil law system, on the other hand, has a different approach. For an intestate "succession," Art. 724 of the Code Civil provides: "Heirs designated by legislation are vested by operation of law in possession of the property, rights and actions of the deceased."[1]

12. French law does not provide for a structured transition. Instead, all assets are directly transferred to the heirs or legatees and the deceased person ceases to have a "legal personality" or rights of his own. This fundamental difference in the legal approach to estates and probate has a direct impact on civil claims.

II. French Courts Would Not Recognize The Estate as a Party

13. The D.C. survivorship action, or any other claims that could have been initiated by the deceased, are administered by the Estate representative in the name of the deceased.[2] As stated above, however, French law does not recognize the Estate.

14. In addition, Art. 32 of the New Civil Procedure Code provides that: "Any claim raised by or against a person deprived of the right of action is inadmissible." Consequently, the Estate – as a non-recognized "legal entity" within the scope of French law – would be "deprived of the right of action." For example, the Cour de Cassation (France's equivalent to the Supreme Court) refused to permit the sister and legal representative and administrator of an incapacitated woman to contest, in her legal representative capacity, the incapacitated woman's will after her death. *See Cour de Cassation Chambre civile 1, 11 février 1975, Gaz. Pal. 1975 1 somm. 57.*

---

[1] Similarly, if a will exists, Art. 1014 of the Code Civil states that:
*An outright legacy gives to the legatee, from the day of the death of the testator, a right to the thing bequeathed[...].*

[2] *See D.C. Code 12-101: On the death of a person in whose favor or against whom a right of action has accrued for any cause prior to his death, the right of action, for all such cases, survives in favor of or against the legal representative of the deceased.*

15. Even as a recognized entity in the United States, the Estate would be denied standing in French courts. *See Cour de Cassation Chambre Commerciale, 5 Décembre 1989 Rev. Crit DIP 1991, 667* (holding that, a foreign entity not recognized in France is denied the right to pursue its claim in French courts).

III. <u>French Courts Do Not Recognize The Survivorship Action</u>

16. Because the French civil law system lacks an equivalent concept to the Estate and the continuation of the rights of the deceased that it entails, French law does not provide a claim for the death itself (*pretium mortis*) that can be sought in a D.C. survivorship action. Rather, it merely provides third parties with a claim for indirect damages caused by the decedent's death (i.e. wrongful death action).

17. French courts have reviewed on several occasions the issue of compensation for the *pretium mortis*. *See, e.g., T. Corr. Albi, 9Mars 1956, JCP éd. G 1956, II, n° 9367 ; note Braud and T. Corr. de la Seine, 19 Nov. 1957, JCP éd. G 1958, II, n° 10417*. On every occasion, courts declined to compensate the heirs for the *pretium mortis*. The Cour de Cassation has also declined to compensate heirs for the "loss of a chance of survival," which allegedly would have been present in the victim's assets at the time of death. *Cour de Cassation Chambre Criminelle, 30 Oct. 1979, n° 78-93-267, D. 1980, I.R., p.409, Obs. Laroumet*.

FURTHER AFFIANT SAYETH NOT

_____
Thomas Chabanis

Subscribed and sworn to before me, a notary public, this ___16th___ day of ___June___, 2006.

_____
NOTARY PUBLIC

My Commission Expires

KAY D. DALLOSTA
Notary Public District Of Columbia
My Commission Expires June 14, 2007

**Exhibit A**

THOMAS C. CHABANIS, ESQ.
SHOOK, HARDY & BACON L.L.P.
Hamilton Square
600 14th Street, NW, Suite 800
Washington, D.C. 20005-2004
Dir.: (202) 662-4866
Fax: (202) 783-4211
tchabanis@shb.com

**EMPLOYMENT EXPERIENCE**

    <u>Shook, Hardy & Bacon L.L.P.</u> (Washington, D.C.)
    Of Counsel, 2005 to Present
    Associate, 2003 to 2005
    Law Clerk, 2001 to 2003
    Analyst, 2000 to 2001

    <u>The American University, Washington College Of Law</u> (Washington, D.C.)
    Adjunct Professorial Lecturer In Law
    Spring 2006: Introduction to French Law
    Fall 2005: Legal Research and Writing

    <u>Salès, Vincent & Associés</u> (Paris, France)
    Summer Associate & Conseil Juridique, 1998 to 1999

    <u>United States Senate</u> (Washington, D.C.)
    Intern, Summers of 1993 & 1994

**EDUCATION**

    American University, Washington College of Law (Washington, D.C.)
    Master of Laws in International Legal, 2002

    Université Paris I, Panthéon-Sorbonne (Paris, France)
    Maîtrise en Droit Privé, 1998
    Licence en Droit, 1997

    Université Paris V, René Descartes (Paris, France)
    DEUG mention Droit, 1996

**BAR MEMBERSHIPS**

    Admitted to practice before the state courts of New York and the District of Columbia.

**OTHER**

Born in Boulogne Billancourt, France, on December 30, 1975. I currently live in Arlington, Commonwealth of Virginia.