UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

---

ROLLIN AMORE as co-administrator
of the Estates of Susanne Amore and Salvatore
Michael Amore, deceased,

                Plaintiffs

    v.

ACCOR SA, ACCOR NORTH AMERICA, INC.,
SOFITEL GROUP, LLC, and DOES 1-5,

                Defendants.

Civil No.: 1:06CV00198 (RMU)

**Oral Argument Requested**

---

**MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN
RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE
BY DEFENDANTS ACCOR SA AND ACCOR NORTH AMERICA, INC.**

Defendants Accor SA and Accor North America, Inc. ("Accor NA") submit this memorandum of points and authorities in response to the order to show cause dated November 9, 2006, and in further support of their motion to dismiss. As stated below and in defendants' motion to dismiss, plaintiff's action against Accor NA is barred by *res judicata*, and collateral estoppel precludes re-litigation of the *forum non conveniens* issue as it relates to Accor SA.

**I.**    *Plaintiff's Claim Against Accor NA Is Barred By The Doctrine Of Res Judicata.*

Plaintiff's attorneys argued that the claim against Accor NA is not barred by *res judicata* because the estates filed a voluntary dismissal in New York pursuant to Fed. R. Civ. P. 41(a)(1)(i). This Rule permits a unilateral dismissal at any time before the defendant answers or moves for summary judgment. Accor NA's motion to dismiss, however, converted into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(b) because it was supported by matters outside the pleadings that were not excluded by the court. The conversion of Accor NA's motion

55691.1

terminated the estates' right to file a unilateral dismissal. The estates' attempted dismissal was also ineffective for additional reasons. The estates did not voluntarily dismiss Accor NA, as they contend. Rather Judge Cedarbaum dismissed Accor NA after a full consideration of facts outside the pleadings, and her order bars this action as a matter of *res judicata*.

A. **Accor NA's Motion To Dismiss Converted Into A Motion For Summary Judgment And Terminated Plaintiff's Right To File A Voluntary Notice Of Dismissal.**

Fed. R. Civ. P. 41(a)(1) states, "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs…" Otherwise, an action may only be dismissed by "a stipulation of dismissal signed by all parties who have appeared in the action" or a court order. Fed. R. Civ. P. 41(a)(1)(ii), (a)(2). Defendant's act of filing an answer or a motion for summary judgment, therefore, terminates plaintiff's right to file a unilateral notice of dismissal. Fed. R. Civ. P. 41(a).

Fed. R. Civ. P. 12(b) states, however, that a motion to dismiss for failure to state a claim "shall be treated as one for summary judgment" when the defendant offers "matters outside the pleading" in support of the motion. A motion to dismiss for failure to state a claim, therefore, terminates a plaintiff's right to file a notice of dismissal if it converts to a motion for summary judgment. *Chambers v. Gessel*, 120 F.R.D. 1, 2 (D.D.C. Jan. 20, 1988); *Microsensor, Inc. v. SMK Corp.*, 228 F.R.D. 39, 39-40 (D.D.C. May 20, 2005).

*Chambers, supra*, held that defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) terminated plaintiff's right to file a notice of dismissal under Fed. R. Civ. P. 41(a)(1)(i) because it "relie[d] on matters outside of the pleadings." *Chambers,* 120 F.R.D. at 2. As a result of defendant's motion, "plaintiff no longer [had] an unconditional right to withdraw his complaint without prejudice." *Chambers,* 120 F.R.D. at 2; *see also Black Ride III, Inc. v. West*, No. 1:04-

2

CV-01027 2005 U.S. Dist. Lexis 13361, at *8 (D.D.C. June 28, 2005). Another view of Fed. R. Civ. P. 12(b) provides that a motion to dismiss converts into a motion for summary judgment if the court recognizes, relies upon, or indicates that it is not excluding the material submitted outside the pleading. *Microsensor, Inc.*, 228 F.R.D. at 40.

Accor NA's motion to dismiss in the Southern District of New York converted into a motion for summary judgment under both of these standards. Accor NA filed a motion to dismiss for failure to state a claim. An affidavit of Alan J. Rabinowitz accompanied Accor NA's motion to dismiss, and included information outside the complaint to refute allegations regarding the defendants' corporate relationships. (Rabinowitz Decl. Ex. A.) Accordingly, Accor NA's motion to dismiss terminated plaintiff's right to file a voluntary notice of dismissal pursuant to *Chambers v. Gessel*, 120 F.R.D. 1, 2 (D.D.C. Jan. 20, 1988).

Judge Cedarbaum's order also converted Accor NA's motion to dismiss into a motion for summary judgment pursuant to *Microsensor, Inc. v. SMK Corp.*, 228 F.R.D. 39, 39-40 (D.D.C. May 20, 2005). Judge Cedarbaum wrote her order by hand onto Accor NA's notice of motion. (Order Ex. B.) The notice of motion, signed and filed as the court's order, identified Mr. Rabinowitz's affidavit as submitted in support of the motion to dismiss. (Order Ex. B) The estates' attorney even conceded that the merits of Accor NA's defense, based on Mr. Rabinowitz's affidavit, "appear[ed] to be true." (Pl. Brief Ex. C at 2.)

B.    **Plaintiff Did Not File An Effective Notice Of Dismissal.**

Fed. R. Civ. P. 41(a)(1) "requires the physical filing of a notice of dismissal." 8 J. Moore, Moore's Federal Practice ¶ 41.33(4) (3d ed. 2006). Fed. R. Civ. P. 41(a)(1) does not prescribe the precise form of the notice of dismissal. *Id*. However, the intent of the filing must be clear. *Id.* The plaintiff's notice of dismissal must not invite any action by the court. *Randall v. Merrill*

3

*Lynch*, 261 U.S. App. D.C. 138 (D.C. Cir. 1987) ("the dismissal takes effect automatically: the trial judge has no role to play at all"). Fed. R. Civ. P. 41(a)(1)(i) does not permit a conditional dismissal. *Hyde Const. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).

The estates' purported dismissal fails for three reasons. First, the intent of the estates' purported dismissal is hardly clear. Plaintiff's attorneys argue that the estates' "Response to Motion to Dismiss By Defendants Accor North America, Inc. & Stinnes Corp." provided notice of dismissal. They argue that two sentences in the estates' six-page brief effectuated the dismissal. (Pl. Brief Ex. C at 2, 6.) However, the remainder of their brief disputed Accor NA's legal arguments. (Pl. Brief Ex. C.) There was no reason to dispute Accor NA's legal arguments if the estates' attorneys truly sought a dismissal. Moreover, the fact that Judge Cedarbaum subsequently entered an order granting Accor NA's motion to dismiss evinces the estates' attorneys failure to provide effective notice of their intentions.

Second, the estates' purported dismissal was conditioned by requests for limited discovery and leave to amend. The estates' attorneys stated, "plaintiffs are willing to voluntarily dismiss Stinnes Corp. and Accor North America, Inc., as separate defendants, but will seek to amend the complaint to name them as a d/b/a for parent Deutsche Bahn AG and Accor SA." (Pl. Brief Ex. C at 2.) They later repeated this request. (Pl. Brief Ex. C at 6.) Finally, they "request[ed] permission to conduct limited discovery on the relationship between the instant defendants and their parent corporations." (Pl. Brief Ex. C at 6.) The estates' response to Accor NA's motion to dismiss, therefore, did not constitute an unequivocal notice of dismissal as required by Fed. R. Civ. P. 41(a)(1)(i).

Finally, the estates' attorneys' requests to conduct limited discovery and for leave to amend suggest that they were not filing a unilateral notice of dismissal under Fed. R. Civ. P.

4

55691.1

41(a)(1). Instead, these requests appear to be, at most, a motion for dismissal "upon such terms as the court deems proper" pursuant to Fed. R. Civ. P. 41(a)(2). In which case, Judge Cedarbaum's order rendered superfluous the estates' purported dismissal, which did not affect the "on the merits" disposition in favor of Accor NA.

C. **Judge Cedarbaum's Order Constituted An "On The Merits" Disposition For Res Judicata Purposes.**

Judge Cedarbaum dismissed Accor NA from the New York litigation, not the estates' attorneys. Fed. R. Civ. P. 60(b) provided an avenue for relief if the estates' attorneys found the court's order inconsistent with their purported dismissal. The estates' attorneys failed to seek relief under Fed. R. Civ. P. 60(b), and ultimately withdrew their appeal to the Second Circuit. The court's order dismissing Accor NA pursuant to Fed. R. Civ. P. 12(b)(6) was, therefore, "on the merits." *Federated Dep't Stores, Inc. v. Mottie*, 452 U.S. 394, 399 n.3 (1981). As such, Judge Cedarbaum's order is entitled to *res judicata* effect in the District of Columbia barring re-litigation of this claim against Accor NA. Finally, plaintiff's brief argues that Judge Cedarbaum's *forum non conveniens* decision was not "on the merits" as it related to Accor SA for *res judicata* purposes. However, Accor SA did not move to dismiss on *res judicata* grounds, but limited its arguments to collateral estoppel.

II. *Collateral Estoppel Precludes Re-Litigation Of Judge Cedarbaum's Dismissal Of Accor SA On Forum Non Conveniens Grounds.*

Plaintiff's attorneys argued that Judge Cedarbaum's *forum non conveniens* decision is not entitled to collateral estoppel effect. They claimed that differences exist between the New York and District of Columbia cases that prevent application of collateral estoppel, and that a pending motion to add DC Sofitel LLC established a connection to the District of Columbia that did not

5

55691.1

exist in New York. They also argued that France is not an adequate alternative forum. These arguments are without merit.

A.  **Collateral Estoppel Bars Re-Litigation Of *Forum Non Conveniens* If Application Of The Doctrine Involves Identical Objective Criteria And Material Facts.**

A decision dismissing an action in one federal court on *forum non conveniens* grounds is entitled to collateral estoppel effect in another federal court. *Pastewka v. Texaco, Inc.,* 565 F.2d 851, 854 (3d Cir. 1977). Re-litigation of *forum non conveniens* will be precluded if application of the doctrine involves "identical objective criteria and … identical material facts underlying the application of those criteria." *Id.*

*Pastewka* applied collateral estoppel to preclude re-litigation of another district court's *forum non conveniens* decision. *Id. Mizokami Bros of Arizona, Inc. v. Mobay Chem. Corp*., 660 F.2d 712, 716 (8th Cir. 1981), however, found that another district court's *forum non conveniens* decision was not entitled to collateral estoppel effect. Notwithstanding the different outcomes, the Eighth Circuit stated: "[w]e believe that *Pastewka* … is not inconsistent with our decision here." *Mizokami,* 660 F.2d at 716. Linking the collateral estoppel analysis in *Pastewka* and *Mizokami* was an evaluation of whether "both the objective legal criteria and the material facts underlying the application of those criteria were identical." *Id.* at 716.

The Eighth Circuit's decision in *Mizokami* recognized that collateral estoppel precluded re-litigation of *forum non conveniens* in *Pastewka* because there were no differences between New York and Delaware as potential forums. *Mizokami*, 660 F.2d at 716. Significant differences, however, existed between Arizona and Missouri as forums in *Mizokami*, including the location of defendant's plant in Missouri, and the availability of witnesses and evidence. *Id*. at 714-16. These differences, according to the Eighth Circuit, made the *forum non conveniens* analysis different because the Arizona decision did not exclude Missouri as a possible forum. *Id*. It

necessarily follows, therefore, that a decision ruling out all U.S. venues as potential forums is sufficiently identical to bar re-litigation of this issue for collateral estoppel purposes.

B.  **Judge Cedarbaum's Decision Necessarily Excluded The District Of Columbia As A Potential Forum.**

Judge Cedarbaum's *forum non conveniens* decision was not limited to New York. She stated, "Looking at the full range of proof likely to be introduced in this case, what is most striking is that not a single fact witness or piece of documentary evidence relevant to the complaint's allegations of tortious conduct is located in the United States." (Decision Ex. D at 42.) She then concluded, "this litigation has only a tenuous connection to the United States, let alone to New York." (Ex. D at 45.)

Judge Cedarbaum's forum evaluation of New York and the United States distinguishes this case from *Mizokami*. The Arizona *forum non conveniens* decision was limited to that district in *Mizokami*. 660 F.2d at 716, 717 n.6. There was no consideration of Missouri or the possibility of transfer to any other U.S. venue. *Id*. As a result of differences between Missouri and Arizona as forums, the Eighth Circuit concluded that the issues were not sufficiently identical for collateral estoppel purposes. *Id*. at 716. Judge Cedarbaum's *forum non conveniens* decision, however, compared the foreign forum with both New York and the United States, as a whole. The breadth of Judge Cedarbaum's decision, therefore, is sufficient to preclude re-litigation of this issue in any other U.S. forum, including in the District of Columbia.

C.  **Plaintiff's Attorneys Failed To Show Any Material Difference Between New York And The District Of Columbia As Forums.**

As in *Pastewka, supra*, there are no distinguishing factors that make the District of Columbia any different as a potential forum than the Southern District of New York. Plaintiff's attorneys did not identify any witnesses in the District of Columbia. They did not identify any

7

conduct on the part of any of the defendants in the District of Columbia that contributed to the train fire. They did not identify any factor making the District of Columbia a more convenient forum than New York. They did not state any facts that would make Judge Cedarbaum's *forum non conveniens* analysis different in the District of Columbia than it was in New York.

Plaintiff's motion to add DC Sofitel LLC as a defendant also failed to manufacture the purported connection between this litigation and the District of Columbia. Plaintiff's motion to amend failed to allege any connection between DC Sofitel LLC and the events of November 6, 2002 in Nancy, France. (Def. Opp'n Pl. Mot. Amend Ex. E at 4-5.) The estates' attorneys previously conceded that it "appear[ed] to be true" that Accor NA was "not responsible for plaintiffs' injuries." (Pl. Brief Ex. C at 2.) The estates' attorneys then stated, "We didn't allege that Accor NA did anything wrong." (Colloquy Ex. F at 27.) As the operations of both Accor NA and DC Sofitel LLC are limited to North America (Rabinowitz Decl. Ex. G ¶¶ 6-8), the estates' attorneys' concessions also apply to DC Sofitel LLC.

D.     **Judge Cedarbaum's Decision Specifically Determined That France Was An Adequate Alternative Forum.**

Plaintiff's attorneys' argument that Judge Cedarbaum never decided whether France was an adequate and available forum is belied by the fact that this inquiry is fundamental to any *forum non conveniens* decision under *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-9 (1947). The estates' attorneys challenged France as a forum through the affidavit of French attorney, Alain Behr, arguing that the available remedy was inadequate. (Ex. D at 36.) Judge Cedarbaum found that the remedy available in France, while different than what may be available in the United States, was not "clearly inadequate." (Ex. D at 36.) She held, "[b]ecause defendants are subject to the jurisdiction of the French courts and those courts will hear plaintiffs' claims, defendants have shown that France is an adequate alternative forum." (Ex. D at 37.)

8

Plaintiff's attorneys seek to re-litigate this issue with the affidavit of Thomas C. Chabanis. Mr. Chabanis does not appear to be admitted to practice in France. His *curriculum vitae* indicates that he is admitted in New York and the District of Columbia. He was a summer associate and conseil juridique at a French law firm for two years, but only an avocat a' la cour may appear in French courts. If Mr. Chabanis is not admitted in France, then his affidavit adds little, if any, value to this dispute. *Usatorre v. The Victoria*, 172 F.2d 434, 438-439 (2d Cir. 1949); *Guidi v. Inter-Continental Hotels Corp.*, 95 Civ. 9006 2002 U.S. Dist. Lexis 14833, at *18 (S.D.N.Y. 2002).

In any event, the availability or adequacy of a French remedy does not depend on whether this case proceeds in New York or the District of Columbia. This is the identical issue addressed by Judge Cedarbaum. Plaintiff's attorneys had a full and fair opportunity to litigate this issue with the affidavit they submitted from Alain Behr. Any new arguments in Mr. Chabaris' affidavit should be precluded because they were necessarily resolved in New York. Moreover, if plaintiff's counsel disagreed with Judge Cedarbaum's conclusions regarding the suitability of French law and available remedies, they should have pursued their appeal to the Second Circuit instead of commencing this action in the District of Columbia.

Mr. Chabanis' affidavit does not affect Judge Cedarbaum's conclusions. He argues that French law does not recognize an "estate" claim. However, he concedes that third-parties may seek recovery under French law. (Chabanis Aff. ¶ 16.) As Judge Cedarbaum concluded, French law recognizes a viable remedy that would be available to plaintiff, even if it is not the precise remedy he seeks. (Ex. D at 37.) Specifically, Civil Code Art. 1382 states, "Any act whatever of man, which causes damage to another, obliges the one by whose fault it occurred, to compensate it." *See also In Re Air Disaster at Lockerbie*, 928 F.2d 1267, 1282 (2d Cir. 1991) ("French law

55691.1

considers fault in those cases where it is awarding 'dommage moral,' or moral damages, which are usually equivalent to damages for pain and suffering, grief, shame, or disfiguration."). As such, collateral estoppel would not work a substantial unfairness in this case.

Finally, plaintiff's submission of an expert affidavit on French law in response to the court's order to show cause was inappropriate. The sole issues at this juncture are *res judicata* and collateral estoppel. However, Accor SA also moved to dismiss on the merits of the *forum non conveniens* defense. If the court finds that the issue is not precluded by collateral estoppel, then Accor SA will gladly submit an affidavit from an avocat a' la cour, an attorney licensed to practice in French courts, to address the merits of the *forum non conveniens* defense.

### III.    Conclusion.

Accor SA and Accor North America, Inc. respectfully request this court to grant their motion to dismiss plaintiff's first amended complaint with prejudice. Alternatively, plaintiff's complaint should be dismissed for the additional reasons stated in their motion to dismiss. Plaintiff's motion for leave to file a second amended complaint should be denied as futile.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

By:_____/S/_____

| | |
|---|---|
| Thomas A. Leghorn, Esquire (of counsel) | Robert B. Wallace (#108571) |
| White Plains, New York 10604 | Jason Waters (of counsel) |
| Tel.: (914) 323-7000 | The Colorado Building, Suite 500 |
| Fax: (914) 323-7001 | 1341 G Street, N.W. |
| | Washington, D.C. 20005 |
| | Tel.: (202) 626-7660 |
| | Fax: (202) 628-3606 |

*Attorneys for Accor SA and Accor North America, Inc.*

55691.1

**CERTIFICATE OF SERVICE & ELECTRONIC FILING**

I hereby certify on this 4th day of December, 2006, I served the foregoing electronically upon Christopher W. Hellmich, Esq., Patton Boggs, LLP, 2550 M. St., N.W., Washington, D.C. 20037, counsel for plaintiff, and that the original signed documents are in the possession of the attorneys responsible for this filing and are available for review upon request.

/S/
_____
Robert B. Wallace, Esq.

55691.1