UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

---

ROLLIN AMORE as co-administrator
of the Estates of Susanne Amore and Salvatore
Michael Amore, deceased,

           Plaintiff

    v.                         Civil No.: 1:06CV00198 (RMU)

ACCOR SA, ACCOR NORTH AMERICA, INC.,
SOFITEL GROUP, LLC, and DOES 1-5,

           Defendants.

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Defendants Accor SA and Accor North America, Inc. ("Accor NA") submit this memorandum of points and authorities in opposition to plaintiff's motion for leave to file a second amended complaint pursuant to Fed. R. Civ. P.15:

**I**

**FACTUAL BACKGROUND**

Susanne and Salvatore Michael Amore died in a railcar fire on an overnight train from Paris, France to Munich, Germany on November 6, 2002. (SDNY Complaint Ex. A ¶ 1.) The representative of their estates first sued Accor SA and Accor NA in the U.S. District Court for the Southern District of New York. (Ex. A ¶¶ 1, 18-19.) Hon. Miriam Goldman Cedarbaum dismissed the claim against Accor NA for failure to state a claim under Fed. R. Civ. P. 12 (b)(6)

227712.2

and dismissed the action against Accor SA pursuant to the doctrine of *forum non conveniens*. (Order Ex. B; Memorandum Decision Ex. C at 34-46.)

The estates abandoned their appeal of Judge Cedarbaum's decision and did not commence an action in France. Instead, two years later, a new representative for the same estates commenced an action arising from the same events in Superior Court for the District of Columbia on November 7, 2005. (Complaint Ex. D ¶¶ 1, 15-25.) Shortly thereafter, plaintiff filed an amended complaint on January 6, 2006, identifying three named defendants – Accor SA, Accor NA, and Sofitel Group, LLC. (Amended Complaint Ex. E ¶¶ 5-10.)

Accor NA and Accor SA filed a notice of removal on February 6, 2006. Defendants argued that this court had removal jurisdiction over the claim pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq*. (Notice of Removal ¶¶ 24-28.) Accor NA and Accor SA further argued that the plaintiff's complaint fraudulently joined Sofitel Group, LLC as a defendant. (Notice of Removal ¶ 14-19.) Finally, defendants argued that plaintiff's complaint in Superior Court for the District of Columbia misstated the *ad damnum* so as to avoid the amount-in-controversy requirement. (Notice of Removal ¶¶ 20-23.)

Accor NA and Accor SA then moved to dismiss the complaint. Defendants argued that Judge Cedarbaum's dismissal against Accor NA and Accor SA for failure to state a claim and on *forum non conveniens* grounds barred plaintiff's new claim in the District of Columbia as a matter of *res judicata* and collateral estoppel. (Mot. to Dismiss at 8-14.) Accor NA and Accor SA further argued that plaintiff's claim should be dismissed on the merits for the failure to state a claim and *forum non conveniens* defenses, even if Judge Cedarbaum's decision was not entitled to preclusive effect. (Mot. to Dismiss at 14-17.) Finally, defendants moved to dismiss the

2

227712.2

complaint for lack of personal jurisdiction and improper service of process. (Mot. to Dismiss at 17-26.) Defendants' motion to dismiss remains pending.

Plaintiff then moved to remand pursuant to 28 U.S.C. § 1447, arguing that he intended to name the owner and/or operator of the Sofitel Lafayette Square hotel in the District of Columbia. (Mot. to Remand at 2-5.) Defendants opposed plaintiff's motion arguing that diversity of citizenship would exist even if plaintiff named the correct owner/operator of the Sofitel Lafayette Square hotel. (Def. Opp. to Mot. to Remand at 4-10.) Furthermore, defendants argued that the correct owner/operator of the Sofitel Lafayette Square hotel, DC Sofitel LLC, was not an appropriate defendant because its business was not connected with the events of November 6, 2002 in Nancy, France in any way. (Def. Opp. to Mot. to Remand at 4-10.)

Plaintiff voluntarily withdrew the motion to remand on March 17, 2006. (Mot. to Withdraw at 1-2.) Plaintiff moved for leave to file a second amended complaint adding DC Sofitel LLC as a defendant pursuant to Fed. R. Civ. P. 15 on March 23, 2006. (Pl. Mot. to Amend at 3.) As stated more fully below, plaintiff's motion for leave to file a second amended complaint should be denied because the proposed amendment failed to allege any connection between DC Sofitel LLC and the events of November 6, 2002. Moreover, plaintiff's proposed amendment would prejudice defendants Accor NA and Accor SA in that it could only serve to perpetuate litigation of the SDNY case in which they already prevailed.

## II

## ARGUMENT

A.   *A Motion To Amend Should Be Denied When The Proposed Amendment Is Futile Or Would Unduly Prejudice Defendant.*

Leave to amend shall be freely granted. Fed. R. Civ. P. 15 (a). However, leave should be denied when the proposed amendment is legally insufficient or futile. *James Madison Ltd. v.*

3

227712.2

*Ludwig,* 82 F.3d 1085, 1099 (D.C. Cir. 1996). An amendment is futile if it fails to state a legal theory or could not withstand a motion to dismiss. *James Madison,* 82 F.3d at 1099 (amendment futile if it would not withstand a motion to dismiss); *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004) (allegations in amendment were legally insufficient).

Leave to amend should also be denied when the amendment would unduly prejudice defendant. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In determining what constitutes "prejudice," courts typically consider whether the amendment would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *see, e.g., Atchison v. District of Columbia*, 73 F.3d 418, 426-427 (D.C. Cir. 1996) (district court properly denied leave to amend on futility and prejudice grounds).

B.  *__The Proposed Second Amended Complaint Fails To Demonstrate Any Connection Between DC Sofitel LLC And The Events Of November 6, 2002 In Nancy, France.__*

The only change plaintiff proposes to make in the second amended complaint is to add DC Sofitel LLC as a defendant. However, plaintiff failed to allege any connection between DC Sofitel LLC and the events of November 6, 2002 in Nancy, France. Plaintiff's proposed second amended complaint referred to Accor SA as "ACCOR." (Second Amended Complaint ¶ 5.) However, plaintiff referred to the other defendants separately as "ACCOR N.A." and "DC SOFITEL, LLC." (Second Amended Complaint ¶¶ 6-7.) Plaintiff claimed that "ACCOR" owned and operated the "Accor Academy," trained attendants on the train, and failed to inspect the railcar, provide basic fire safety information, identify and remedy fire and safety violations, or take reasonable steps to evacuate the railcar. (Second Amended Complaint ¶¶ 16-21.)

4

However, there is no allegation that "DC SOFITEL, LLC" owned or operated "Accor Academy." (Second Amended Complaint ¶¶ 16-21.) There is no allegation that "DC SOFITEL, LLC" participated in any way in "Accor Academy." (Second Amended Complaint ¶¶ 16-21.) There is no allegation that "DC SOFITEL, LLC" provided any training to any of the railcar attendants on November 6, 2002. (Second Amended Complaint ¶¶ 16-21.) There is no allegation that anyone connected with the events of November 6, 2002 or "Accor Academy" was an employee or agent of "DC SOFITEL, LLC." (Second Amended Complaint ¶¶ 16-21.) Nor is there any allegation that "DC SOFITEL, LLC" was involved, in any way, with the Paris-Munich train on which the Amores were passengers. (Second Amended Complaint ¶¶ 16-21.)

C. *Plaintiff's Concession That Accor NA Did Nothing Wrong In The SDNY Litigation Renders Futile Plaintiff's Proposed Second Amended Complaint.*

The estates' representative's attorneys conceded in the Southern District of New York litigation, "We didn't allege that Accor NA did anything wrong." (Colloquy Ex. F at 27, ln. 13-15.)  As a result, Judge Cedarbaum granted defendant's motion to dismiss the complaint against Accor NA pursuant to Fed. R. Civ. P. 12 (b)(6). (Ex. B.)  As the operations of both Accor NA and DC Sofitel LLC are limited to business interests in North America, plaintiff's admission that Accor NA was not responsible for the events of November 6, 2002 should extend to DC Sofitel LLC.  Therefore, there is no legally viable claim stated in the second amended complaint against DC Sofitel LLC and plaintiff's motion for leave to amend should be denied.

D. *Defendants Will Suffer Undue Prejudice If Plaintiff Is Granted Leave To File The Proposed Second Amended Complaint.*

Accor NA and Accor SA submit that they will be unduly prejudiced by plaintiff's proposed amendment adding DC Sofitel LLC to this case.  As previously stated, a representative for the same estates commenced an action arising from the same events in the Southern District

5

227712.2

of New York on July 21, 2003. (Ex. A ¶¶ 1, 18-19.) Accor NA and Accor SA both prevailed in the SDNY litigation, to which DC Sofitel LLC was not a party. (Ex. A; Ex. B; Ex. C at 34-46.)

Plaintiff now seeks to impose liability against Accor NA and Accor SA in the District of Columbia arising from the same events. To create the illusion of a connection between the events of November 6, 2002 in Nancy, France and the District of Columbia, plaintiff attempted to sue Sofitel Group, LLC, a corporate entity that plaintiff incorrectly believed to be the owner and operator of the Sofitel Lafayette Square hotel. (Ex. E ¶¶ 5-10.) Now, nearly three years after commencing the first case in the SDNY, plaintiff wishes to add DC Sofitel LLC for the first time as a defendant. (Mot. to Amend at 1-2.)

However, the addition of DC Sofitel LLC will significantly prejudice Accor NA and Accor SA. There is no connection between DC Sofitel LLC and the deaths of plaintiff's decedents alleged in the proposed second amended complaint. (Second Amended Complaint ¶¶ 16-21.) The addition of DC Sofitel LLC will only serve to perpetuate the SDNY litigation that Accor NA and Accor SA already won. Accor NA and Accor SA should not be required to incur the additional expense and frustration of plaintiff's attempt to take a "second bite at the apple." Accordingly, defendants respectfully submit that plaintiff's motion to amend should be denied.

## III

## CONCLUSION

Based on the foregoing, Accor SA and Accor North America, Inc. respectfully request this court to deny plaintiff's motion for leave to file a second amended complaint.

6

227712.2

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

By: /S/
_____
Robert B. Wallace, Esquire (Bar No 108571)
Jason R. Waters, Esquire (of counsel)
The Colorado Building, Suite 500
1341 G. Street, N.W.
Washington, D.C. 20005
Tel.: (202) 626-7660
Fax: (202) 628-3606

Thomas A. Leghorn, Esquire (of counsel)
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3 Gannett Drive
White Plains, New York 10604
Tel.: (914) 323-7000
Fax: (914) 323-7001

*Attorneys for Accor SA and Accor North America, Inc.*

**CERTIFICATE OF SERVICE & ELECTRONIC FILING**

I hereby certify on this 3rd day of April, 2006, I served the foregoing electronically upon Christopher W. Hellmich, Esq. and Read K. McCaffrey, Esq., Patton Boggs, LLP, 2550 M. St., N.W., Washington, D.C. 20037, counsel for plaintiff, and that the original signed documents are in the possession of the attorneys responsible for this filing and are available for review upon request.

/S/
_____
Robert B. Wallace, Esq.

227712.2