UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ROLLIN AMORE, *et al.*

                      Plaintiffs,                  U.S. District Ct.
                                                               Civil No.: 1:06-cv-00198 (RMU)

      v.

ACCOR SA, *et al.*

                      Defendants.

**PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING APPEAL**

Plaintiff ROLLIN AMORE, as co-administrator of the Estates of Susanne Amore and Salvatore Michael Amore, by his undersigned counsel, pursuant to Local Rules 7 and 7(m), hereby moves this Honorable Court to stay these proceedings pending resolution of the Plaintiff's appeal currently before the United States Court of Appeals for the District of Columbia Circuit ("the D.C. Circuit").

1.    The Plaintiff has appealed this Court's decision dismissing all claims against Defendant Accor S.A. on the basis of res judicata and collateral estoppel. That appeal currently is pending before the D.C. Circuit.

2.    This Court unquestionably has the power to stay these proceedings pending resolution of Plaintiff's appeal. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Airline Pilots Ass'n v. Miller, 523 U.S.

866, 879 n.6, 140 L.Ed. 2d 1070, 118 S.Ct. 1761 (1998) (quoting Landis v. North American Co., 299 U.S. 248, 254, 81 L. Ed. 153, 57 S.Ct. 163 (1936)).

3. The purpose of a motion to stay is to preserve the status quo of the case pending a final determination of the appeal. See Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc., et. al., 559 F.2d 841, 844 (D.C. Cir. 1977). In determining whether to grant the stay and preserve the status quo, the Court is to evaluate four factors: (1) likelihood of prevailing in the appeal; (2) that the petitioner will be irreparably harmed absent the stay; (3) the potential harm, if any, to others if the stay is granted; and (4) whether the public has an interest in the stay. See Washington Metropolitan, 559 F.2d at 842 n.1 (applying the four factor test enunciated in Virginia Petroleum Jobbers Association v. FPC, 259 F.2d 921 (D.C. Cir. 1958), to "motions for stays of district court orders pending appeal."). Put differently, "maintaining the status quo is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public and when denial of the order would inflict irreparable injury on the movant." Id. at 844. The Plaintiff satisfies the "stringent standards" described above. See Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group, 230 F.Supp.2d 12, 14 (D.D.C. 2002).

4. The Plaintiff does not need to establish a mathematical probability to demonstrate the presence of the first of these factors. In fact, the Court "may grant a stay even though its own approach may be contrary to [the] movant's view of the merits." Washington Metropolitan, 559 F.2d at 843; see also Resolution Trust Corporation v. Burke, 874 F.Supp. 23, 24 (D.D.C. 1995) (referring to a "substantial case on the merits"). Instead of this overly rigid approach, the movant must demonstrate that a serious legal question is presented by the appeal. Id. at 844. Given that at least one other Circuit Court of Appeals has determined that a forum non conveniens

determination in one U.S. jurisdiction does not bar bringing the case in another U.S. jurisdiction, Plaintiff clearly has presented a serious legal question. See Mizokami Bros. Of Arizona, Inc. v. Mobay, 660 F.2d 712, 715 (8th Cir. 1981).

5. The Plaintiff also will suffer irreparable harm absent a stay. As an initial matter, if Plaintiff is successful on appeal, all of the phases of the case that would otherwise proceed against the other defendants – including briefing, argument, and discovery – would likely have to be repeated after Accor S.A. rejoined the litigation. This would come at a cost of both time and effort for the Plaintiff, only to then be duplicated following the appeal. Although the Plaintiff acknowledges that economic harm is not typically irreparable, see e.g., Wisconsin Gas Co. v. F.E.R.C., 758 F.2d 669, 674 (D.C. Cir. 1985), Plaintiff respectfully suggests that the Court consider that the underlying incident occurred in November 2002 – more than four and a half years ago. Forcing the Plaintiff to repeat the various phases of litigation following the resolution of the appeal would only prolong matters further.

6. On the other hand, the Defendants will not be harmed if the proposed stay is granted – the third factor in the balancing test. For example, Accor S.A. is not being prevented from enforcing some sort of monetary judgment or other tangible benefit. Nor would the remaining Defendants be harmed by the clarity that would come with resolution of the appeal. Quite to the contrary, granting Plaintiff's motion would allow the Defendants *as well as* the Plaintiff to focus their efforts on the appeal, resolution of which will clarify some of the issues facing this Court one way or the other. This stay thus would allow Defendants to avoid expending duplicative resources and efforts – a far cry from causing them harm.

7. As to the fourth and final prong, the public interest in the stay, this case does not present a great issue of public policy concern. The public's interest is thus limited to the general

concern of "having legal questions decided on the merits, as correctly and expeditiously as possible." Washington Metropolitan, 559 F.2d at 843. The general public certainly cannot be said to have an interest "that precludes maintaining the status quo while the merits are being decided on appeal." Id.

8.   This case clearly is one where the economy of this Court's time and effort, as well as that of the parties, would best be served by a stay of the proceedings. The Plaintiff's appeal presents a serious legal question, the Plaintiff would suffer irreparable harm if the District Court and Appellate proceedings continued on parallel tracks, the Defendants would not be harmed by the stay, and there is no overwhelming public interest one way or the other. Consequently, this Court should find that "it is efficient for its own docket and the fairest course for the parties to" grant Plaintiff's Motion for a Stay pending resolution of his appeal to the D.C. Circuit. National Shopmen Pension Fund et. al. v. Folger Adam Security, Inc., 274 B.R. 1, 5 (D.D.C. 2002).

WHEREFORE, Plaintiff Rollin Amore hereby moves for a Stay in these proceedings.

Respectfully submitted,

PATTON BOGGS, LLP

By:   /S/
Christopher W. Hellmich, Esquire (Bar No 468840)
Read McCaffrey, Esquire (Bar No 413837)
2550 M Street, NW
Washington, DC  20037
Tel.: (202) 457-6504
Fax: (202) 457-6315

Dated: June 21, 2007

4893710                                                     4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

---

ROLLIN AMORE, *et al.*

                Plaintiffs,          U.S. District Ct.
                                            Civil No.: 1:06-cv-00198 (RMU)
   v.

ACCOR SA, *et al.*

                Defendants.

---

## RULE 7(m) STATEMENT OF COUNSEL

I, Christopher W. Hellmich, am one of the counsel of record for Plaintiff Rollin Amore. Pursuant to Local Rule 7 (m), I hereby state that on June 20, 2007, Plaintiff's counsel conferred via telephone with Mr. Robert B Wallace, Esq., counsel for the Defendants. Mr. Wallace indicated that Defendants would oppose Plaintiff's motion for a stay of these proceedings.

    Respectfully submitted,

                PATTON BOGGS, LLP

    By:       /S/
               Christopher W. Hellmich, Esquire (Bar No 468840)
               Read McCaffrey, Esquire (Bar No 413837)
               2550 M Street, NW
               Washington, DC 20037
               Tel.: (202) 457-6504
               Fax: (202) 457-6315

Dated: June 21, 2007

4893710

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

---

ROLLIN AMORE, *et al.*

                Plaintiffs,         U.S. District Ct.
                                            Civil No.: 1:06-cv-00198 (RMU)
   v.
                                            D.C. Super Ct.
                                            Civil No.: 2005 CA 08773

ACCOR SA, *et al.*

                Defendants.

---

## ORDER

Upon consideration of Plaintiff's Motion for an extension, it is, this ___ day of ___ 2007, hereby ORDERED as follows:

This case will be stayed pending resolution at the United States Court of Appeals for the District of Columbia Circuit.

 

_____
United States District Court Judge