UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

---

ROLLIN AMORE as co-administrator
of the Estates of Susanne Amore and Salvatore
Michael Amore, deceased,

                Plaintiff

           v.

ACCOR SA, ACCOR NORTH AMERICA, INC.,
SOFITEL GROUP, LLC, and DOES 1-5,

                Defendants.

Civil No.: 1:06CV00198 (RMU)

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S MOTION FOR A STAY PENDING APPEAL**

Defendants Accor SA and Accor North America, Inc. ("Accor NA") submit this memorandum of points and authorities in opposition to plaintiff's motion for a stay of proceedings pending their appeal of this court's order dismissing Accor SA:

### I. *Factual Background.*

Susanne and Salvatore Amore died in a railcar fire on an overnight train from Paris, France to Munich, Germany on November 6, 2002. (SDNY Compl. Ex. A ¶ 1.) The representative of their estates first sued Accor SA and Accor NA in the U.S. District Court for the Southern District of New York. (Ex. A ¶¶ 1, 18-19.) Hon. Miriam Goldman Cedarbaum dismissed the claim against Accor NA for failure to state a claim under Fed. R. Civ. P. 12 (b)(6) and dismissed the action against Accor SA pursuant to the doctrine of *forum non conveniens*. (Order Ex. B; Memorandum Decision Ex. C at 34-46.)

The estates abandoned their appeal of Judge Cedarbaum's decision and did not commence an action in France. Instead, two years later, a new representative for the same estates commenced an action arising from the same events in Superior Court for the District of Columbia on November 7, 2005. Shortly thereafter, plaintiff filed an amended complaint on January 6, 2006, identifying three named defendants – Accor SA, Accor NA, and Sofitel Group, LLC. (Amended Compl. Ex. D ¶¶ 5-10.) Defendants removed to this court on February 6, 2006. (Notice of Removal Ex. E ¶¶ 24-28.)

Accor NA and Accor SA also moved to dismiss the complaint. (Mot. to Dismiss Ex. F.) Defendants argued, *inter alia*, that Judge Cedarbaum's dismissal against Accor NA and Accor SA for failure to state a claim and on *forum non conveniens* grounds barred plaintiff's new claim in the District of Columbia as a matter of *res judicata* and collateral estoppel. (Ex. F at 8-14.) Accor NA and Accor SA further argued that plaintiff's claim should be dismissed on the merits of the failure to state a claim and *forum non conveniens* defenses, even if Judge Cedarbaum's decision was not entitled to preclusive effect. (Ex. F at 14-17.) Thereafter, plaintiff's attorneys moved to file a second amended complaint. (Pl. Mot. to Amend Ex. G.)

Accor SA and Accor NA's motion to dismiss and plaintiff's motion to amend remained pending until this court issued an order directing plaintiff's attorneys to show cause as to why their case should not be dismissed on *res judicata* grounds. (Order to Show Cause Ex. H.) After extensive briefing, the court ordered *sua sponte* the dismissal of Accor SA, but did not dismiss Accor NA. (Order & Decision Ex. I.) The court's order struck, without deciding, the parties' outstanding motions. (Ex. I.)

The court also directed the parties' attorneys to meet, confer, and provide a joint statement on a briefing schedule for additional motions. (Ex. I.) Plaintiff's attorneys requested a

stay and clarification of the appealability of the court's order dismissing Accor SA. (Joint Statement Ex. J.) Accor NA argued that the court's dismissal of Accor SA was not an appealable order and requested a schedule for additional motions. (Ex. J.) This court did not stay the litigation or clarify the appealability of order dismissing Accor SA, as plaintiff's counsel asked, but granted defendant's request for a briefing schedule. (Minute Order Ex. K.)

Plaintiff's attorneys filed a notice of appeal on May 30, 2007, which the United States Court of Appeals for the District of Columbia Circuit docketed on June 11, 2007. (Notice of Appeal Ex. M.) Plaintiff's attorneys then filed this motion for a stay pending appeal. Concurrent with their opposition to this motion for a stay and for many of the same reasons, Accor SA and Accor NA are filing a motion in the Court of Appeals for the summary dismissal of plaintiff's appeal pursuant to 28 U.S.C. §§ 1291 and 1292 and Fed. R. Civ. P. 54(b).

## II. *Argument.*

Plaintiff's motion for a stay should be denied for several reasons. Most notably, plaintiff's motion assumes that he has a viable appeal from the court's order dismissing Accor SA under 28 U.S.C. § 1291. The court's order, however, was not a "final decision" because it did not resolve plaintiff's claims against Accor NA. Nor did this court certify its order for an interlocutory appeal under 28 U.S.C. § 1292. Accor SA and Accor NA also oppose plaintiff's motion because this court previously declined plaintiff's request for a stay pending appeal. Plaintiff's motion should also be denied on its merits.

### A. **Plaintiff does not have an appeal as of right to the U.S. Court of Appeals.**

Only a "final decision" is appealable as a matter of right. 28 U.S.C. § 1291. The "final decision" rule serves several purposes: emphasizing the deference appellate courts owe to trial judges; preserving the independence of the district judge; and, avoiding the obstruction of just

3

claims. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981). Ordinarily, a decision is not considered final unless it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton County*, 527 U.S. 198, 204 (1999).

Specifically, an order dismissing some, but not all, parties or claims is not considered "final" unless there is an "express determination that there is no just reason for delay and … an express direction for the entry of judgment." Fed. R. Civ. P. 54(b); *see also Cambridge Holdings Group, Inc. v. Fed. Ins. Co.*, ___ F.3d ___, 2007 U.S. App. LEXIS 14360 (D.C. Cir. Jun. 19, 2007)(Ex. M). In this circuit, the finality of an order dismissing some, but not all, parties depends on whether the order disposes of all claims against all "properly served" parties. *Cambridge*, 2007 U.S. App. LEXIS 14360 at *11.

*Cambridge Holdings* is particularly illustrative of the application of the "final decision" rule to an order dismissing some, but not all, parties to an action. Cambridge Holdings sued an insurer, an insurance agent, and a law firm to recover insurance proceeds on a $2.1 million insured loan agreement. The court issued a memorandum decision dismissing each of the counts against the insurer and the agent pursuant to Fed. R. Civ. P. 12(b)(6). The court's decision did not dismiss the cause of action against the law firm. Plaintiff did not immediately appeal the decision dismissing the insurer and agent. Several months later, however, the court *sua sponte* issued an order dismissing the remaining cause of action for failure to prosecute.

Plaintiff then appealed to the U.S. Court of Appeals for the District of Columbia Circuit. The insurer and agent moved to dismiss the appeal as untimely because the order granting their motions to dismiss constituted a "final decision." Plaintiff argued that the order was not "final" under Fed. R. Civ. P. 54(b) because it did not dismiss the law firm. The court held that "defendants that have not been subject to effective service are not 'parties' within the meaning of

4

67973.1

Rule 54(b)." *Cambridge Holdings*, 2007 U.S. App. LEXIS 14360 at *10. As such, the court reasoned that the order dismissing the insurer and agent was "final" for appealability purposes because the law firm "did not file answer, enter an appearance, or otherwise participate in the litigation." *Id*. at *8. If the law firm were "subject to effective service," however, the plaintiff's interpretation of the non-finality of the order "would undoubtedly be correct." *Id*.

Consistent with the court's reasoning in *Cambridge Holdings*, this court's order dismissing Accor SA is not "final." (Ex. I.) Both Accor NA and Accor SA appeared and vigorously defended this case. (Ex. F.) This court's order dismissing Accor SA did not, however, resolve plaintiff's claim against Accor NA. (Ex. I.) Although Accor SA contested service of process, Accor NA did not. (Ex. F.) Accordingly, Accor NA was a party "subject to effective service," as indicated in *Cambridge Holdings*. Moreover, there was no "determination" or "direction" for the entry of judgment in the court's order dismissing Accor SA. (Ex. I.) As such, the order dismissing Accor SA was not final and immediately appealable, and there is no reason to order a stay of proceedings.

**B.  Plaintiff has not moved for or shown his entitlement to an interlocutory appeal.**

28 U.S.C. § 1292 permits an interlocutory appeal when the court concludes that there is "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This rule also requires the court to expressly state this finding in order to permit the interlocutory appeal. 28 U.S.C. § 1292(b).

Until the district judge certifies the interlocutory appeal pursuant to 28 U.S.C. § 1292, the aggrieved party may not seek the court of appeal's permission to appeal. According to Fed. R. App. P. 5(a)(3), however, the district court may issue an amended order certifying the non-final

5

67973.1

order for an interlocutory appeal at the aggrieved party's request. Only after the district court issues such an amended order may the party seeking the appeal request permission from the court of appeals, according to Fed. R. App. P. 5(a)(1).

This court's order dismissing Accor SA was non-final, as previously discussed, according to 28 U.S.C. 1291. (Ex. I.) Nor did the court expressly certify the non-final order for an interlocutory appeal pursuant to 28 U.S.C. § 1292 and Fed. R. App. P. 5(a). (Ex. I.) Although plaintiff requested the court to "confirm its intent" regarding the appealability of Accor SA's dismissal (Ex. J), plaintiff failed to move for an amended order certifying the non-final order for an interlocutory appeal. Nor did plaintiff move for permission to appeal in the Court of Appeals pursuant to Fed. R. App. P. 5(a). As such, plaintiff does not have a right at this time to take an interlocutory appeal, and there is no basis for staying the proceedings in this court.

**C. Plaintiff's motion to stay should be denied because this court previously denied an identical request in plaintiff's joint statement.**

The court's order dismissing Accor SA also directed the parties to submit a joint statement concerning scheduling additional motions. (Ex. I.) Plaintiff's statement and proposed order sought a stay of proceedings pending the appeal. (Ex. J.) Defendants' statement argued that plaintiff does not have an appeal from the court's order dismissing Accor SA, and requested the court to enter a briefing schedule for additional motions. (Ex. J.) The court did not grant a stay, as plaintiff requested, but issued a briefing schedule for any additional motions. (Ex. K.) Having declined plaintiff's invitation to issue a stay, defendants' submit that plaintiff's request for a stay was litigated and determined. Accordingly, Accor SA and Accor NA submit that the court's prior decision to decline plaintiff's requests for a stay justifies denying this motion.

**D. Plaintiff's motion for a stay should be denied on its merits.**

The standard for granting a stay pending appeal is the same standard required for granting a preliminary injunction. *Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 842 n.1 (D.C. Cir. 1977) (citing *Virginia Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921 (1958)). This requires the party seeking a stay to show: (1) the petitioner's likelihood of success on appeal; (2) the irreparable harm that petitioner will suffer if the stay is not granted; (3) the absence of a substantial harm to other parties in the proceeding; and (4) the public interest favoring the stay. *Holiday Tours,* 599 F.2d at 842-3.

The party seeking a stay need not show that success on appeal is a "mathematical probability." *Id*. If the other three factors "strongly favor" the stay, then the court may grant the stay upon petitioner's showing of "a substantial case on the merits." *Id*. As such, the "necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other factors." *Id*. In other words, the party seeking the stay must raise questions "going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation." *Holiday Tours*, 599 F.2d at 844 (quoting *Hamilton Watch Co. v. Benrus Watch Co.,* 206 F.2d 738, 740 (2d Cir. 1953)).

Plaintiff's motion does not meet this standard. Most notably, his motion for a stay pending appeal does not address the question of whether he has a right to appeal this court's decision under 28 U.S.C. §§ 1291 and 1292 and Fed. R. Civ. P. 54(b). Nor does plaintiff's motion address his likelihood of success, even if there were a right to appeal at this time. As stated above and in defendant's response to the court's order to show cause, Judge Cedarbaum dismissed the estates' case against Accor SA on *forum non conveniens* grounds. This decision is entitled to collateral estoppel effect according to both *Pastewka v. Texaco, Inc*., 565 F.2d 851,

854 (3d Cir. 1977), and *Mizokami Bros of Arizona, Inc. v. Mobay Chem. Corp.*, 660 F.2d 712, 716 (8th Cir. 1981).

Contrary to his arguments, plaintiff will not suffer irreparable harm unless the court stays proceedings pending his appeal. Plaintiff will simply have to wait until the court disposes of all claims against all defendants before arguing an appeal from the order dismissing Accor SA. Defendants hope that plaintiff will not wait long because Accor NA intends to file a motion to dismiss and for summary judgment pursuant to the court's briefing schedule. If Accor NA's motions are granted, then a "final decision" resolving this claim in its entirety should follow, and plaintiff may then simultaneously pursue appeals of the dismissals of Accor NA and Accor SA.

Accor NA and Accor SA will be prejudiced by the stay. Both defendants moved to dismiss this lawsuit as soon as they removed the claim from Superior Court, District of Columbia. This motion remained pending until the court dismissed Accor SA *sua sponte* and struck without deciding Accor NA's motion to dismiss. Plaintiff overlooks the significant prejudice that Accor NA would face in having numerous dispositive grounds justifying the dismissal of this lawsuit in its entirety, but being unable to obtain a determination of these issues while plaintiff pursues an interlocutory appeal of a non-final order dismissing Accor NA's co-defendant, Accor SA.

Plaintiff's arguments regarding the public's interest in the stay are also without merit. Specifically, the purpose of requiring finality as a condition of appealability is to emphasize the deference appellate courts owe to trial judges and to avoid interfering with the district court's independence. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981). Plaintiff's request for a stay invites the precisely type of interference with the court's disposition of this

67973.1

matter that the "final decision" rule is intended to avoid. This is clearly an important public interest that justifies denying plaintiff's motion for a stay.

Plaintiff also argues that economic factors favor a stay pending appeal. Not so. Regardless of the outcome of Accor SA's appeal, Accor NA will ask this court to entertain its motion to dismiss and for summary judgment as soon as the stay is lifted. If Accor NA succeeds on that motion, plaintiff may then seek, for the same reasons asserted on this appeal, a second interlocutory appeal and stay. Assuming that plaintiff succeeds on the appeal from the order dismissing Accor SA and in opposition to Accor NA's motion to dismiss and for summary judgment, the matters will then proceed to a final judgment, from which plaintiff and the defendants will have a right to pursue yet another appeal. Judicial efficiency does not favor the multiple appeals that are likely to result from plaintiff's reasoning.

Finally, plaintiff's arguments regarding the prejudice he will suffer as a result of any delay is belied by his own prior practice. Accor SA moved to dismiss in Southern District of New York on *forum non conveniens* grounds. (Ex. B; Ex. C.) Judge Cedarbaum granted Accor SA's motion to dismiss, finding France to be an adequate alternative forum under the *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1997), public and private interest factors. (Ex. C.) Plaintiff's attorneys, the same lawyers representing the estates in this litigation, filed, but abandoned, an appeal to the Second Circuit. (SDNY Docket Sheet Ex. N.) Instead, they waited two years before commencing this action in the District of Columbia. (Ex. D.) Accordingly, any delay is the result of plaintiff's attorneys' own strategy.

### III.    Conclusion.

Based on the foregoing, Accor SA and Accor North America, Inc. respectfully request this court to deny plaintiff's motion for a stay pending appeal.

67973.1

        Respectfully submitted,

        WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER, LLP

By:    /S/ Robert B. Wallace
        _____
        Robert B. Wallace, Esquire (Bar No 108571)
        Jason R. Waters, Esquire (of counsel)
        The Colorado Building, Suite 500
        1341 G. Street, N.W.
        Washington, D.C. 20005
        Tel.: (202) 626-7660
        Fax: (202) 628-3606
        E-mail: Robert.Wallace@wilsonelser.com
        E-mail: Jason.Waters@wilsonelser.com

        Thomas A. Leghorn, Esquire (of counsel)
        Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
        3 Gannett Drive
        White Plains, New York 10604
        Tel.: (914) 323-7000
        Fax: (914) 323-7001

        *Attorneys for Accor SA and Accor North America, Inc.*

## CERTIFICATE OF SERVICE & ELECTRONIC FILING

I hereby certify on this 2nd day of July, 2007, I served the foregoing electronically upon Christopher W. Hellmich, Esq. and Read K. McCaffrey, Esq., Patton Boggs, LLP, 2550 M. St., N.W., Washington, D.C. 20037, counsel for plaintiff, and that the original signed documents are in the possession of the attorneys responsible for this filing and are available for review upon request.

        /S/ Robert B. Wallace
        _____
        Robert B. Wallace, Esq.

67973.1