UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

---

ROLLIN AMORE as co-administrator
of the Estates of Susanne Amore and Salvatore
Michael Amore, deceased,

                Plaintiffs

v.

ACCOR SA,
Tour Maine Montparnasse
33, Avenue Du Maine
Paris 75015, France

ACCOR NORTH AMERICA, INC.,
14651 Dallas Parkway, Suite 500
Dallas, Texas 75254

SOFITEL GROUP, LLC, and

DOES 1-5,
                Defendants.

D.C. Super. Ct.
Civil No.: 2005 CA 08773 B

U.S. District Ct. Civil
No.:_____

---

## NOTICE OF REMOVAL

Defendants Accor SA and Accor North America, Inc., by their undersigned counsel, hereby give notice of their intent to remove *Rollin Amore v. Accor SA, et al.* (D.C. Super. CA No.: 05-0008773 (PAB)) from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia pursuant to 28 U.S.C §§ 1441, *et seq.* The grounds for removal are as follows:

222459.1

## I. *Factual & Procedural Background.*

1. Plaintiff Rollin Amore, as co-administrator for the estates of Susanne and Salvatore Michael Amore, commenced this action in the Superior Court for the District of Columbia on January 6, 2006. Plaintiff's complaint named Sofitel Group, LLC as a defendant and alleged that it is a limited liability company incorporated in the District of Columbia. Plaintiff's complaint contained an *ad damnum* seeking damages in an amount that "exceeds the sum of $50,000" and an unspecified amount of punitive damages.

2. There is no possible relationship between Sofitel Group, LLC and the events alleged in plaintiff's complaint. As revealed by the $75 million *ad damnum* in a prior matter brought on behalf of the same estates against two of the same defendants in the Southern District of New York, the true amount in controversy exceeds the statutory minimum. Accordingly, Accor SA and Accor North America, Inc. respectfully submit that removal is proper and that plaintiff's effort to circumvent this court's subject matter jurisdiction should be disregarded.

### A. November 6, 2002 Railcar Fire in Nancy, France.

3. Plaintiff Rollin Amore is the son of Susanne Amore and the brother of Salvatore Michael Amore. Susanne and Salvatore Michael Amore, along with his wife and two children, died in a fire on November 6, 2002, at approximately 1:45 a.m., near Nancy, France, on an overnight train from Paris to Munich. (Complaint, Ex. "A," at ¶ 1, 15.)

4. Socíété Nationale Chemins de Fer Français, the French national railway, operated the train. Deutsche Bahn AutoZug AG, a subsidiary of Deutsche Bahn AG, the German national rail operator, owned the railcar. Deutsche Bahn Reise & Touristik AG employed Janz Volker, the attendant assigned to the railcar, who allegedly started the fire, abandoned his post, and failed to evacuate the railcar's twelve passengers. (Opinion, Ex. "B," at 3.)

5. Accor SA, incorporated and headquartered in France, allegedly hosted training seminars, known as "Accor Academy." Plaintiff's complaint alleged that some of the train's attendants attended "Accor Academy." Plaintiff further claimed that "Accor Academy" failed to provide adequate fire-safety training to the railcar attendants, resulting in the deaths of Susanne and Salvatore Michael Amore. (Complaint, Ex. "A," at ¶ 15-20.)

B. **Amore Family Litigation in Southern District of New York.**

6. Carolyn Reers, as personal representative of the estates of Susanne and Salvatore Michael Amore, commenced wrongful death and survival actions in the United States District Court for the Southern District of New York arising from the events of November 6, 2002. Ms Reers, through the same attorneys appearing for plaintiff in this case, sued a variety of defendants, including Accor SA and Accor North America, Inc. (Reers Complaint, Ex. "C.")

7. Accor SA, a French corporation, moved to dismiss the complaint under the doctrine of *forum non conveniens*. The court granted Accor SA's motion, finding that France was an adequate alternative forum and that the private and public interest factors required by *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1997) favored disposition in France. Plaintiff voluntarily discontinued against Accor North America, Inc. (Opinion, Ex. "B," at 4, 34-46.)

8. According to the Civil Docket for the Southern District of New York, Ms. Reers filed a notice of appeal to the United States Court of Appeals for the Second Circuit. However, Ms. Reers did not perfect her appeal and the Second Circuit ordered the appeal withdrawn on October 22, 2004. (Civil Docket, Ex. "D," at Docs. 24, 37.)

C. **Newly Asserted Claims in the Superior Court for the District of Columbia.**

9. No litigation was commenced in France subsequent to Judge Cedarbaum's decision. Instead, the same attorneys who represented Ms. Reers in New York commenced this

action in the District of Columbia. Their new complaint seeks recovery for the same events, on behalf of the same estates, and against two of the same defendants. (Complaint, Ex. "A.")

10. However, Rollin Amore now serves as the co-administrator for the estates of Susanne and Salvatore Michael Amore. The complaint asserts that Rollin Amore is a resident of the District of Columbia. Plaintiff's attorneys also added a new defendant, Sofitel Group, LLC, a limited liability company incorporated in the District of Columbia. (Complaint, Ex. "A.")

11. Plaintiff's complaint also makes a significant change to the *ad damnum*. The complaint only seeks damages in an amount that "exceeds the sum of $50,000" and an unspecified amount of punitive damages. However, the complaint in the New York litigation sought $75 million -- considerably more than the jurisdictional amount required by 28 U.S.C. § 1332. (Complaint, Ex. "A"; Reers Complaint, Ex. "C.")

## II. *Subject Matter Jurisdiction.*

12. Federal courts have original jurisdiction over civil matters arising between citizens of different states and between a citizen of a state and the subject of a foreign country, as long as the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (a)(1). The removal statute, 28 U.S.C. § 1441 (b), states that a diversity action shall be removable only if none of the parties "properly joined" as a defendant is a citizen of the state in which the action is brought.

13. As stated more fully below, defendant Sofitel Group, LLC, a limited liability company in the District of Columbia, is not a "properly joined" defendant for the purposes of 28 U.S.C. § 1441. Moreover, plaintiff's attorney's effort to plead the complaint in an amount less than the statutory requirement is belied by the amount sought on behalf of the same estates in the prior litigation in the Southern District of New York.

A. **Fraudulent Joinder.**

14.  The citizenship of "sham" or "fraudulently joined" defendants is disregarded for the purposes of determining diversity. Their presence cannot prevent removal from state court. *Mayes v. Rapoport*, 198 F.3d 457, 461-463 (4th Cir. 1999) (removal permitted despite presence of non-diverse, fraudulently joined defendant).

15.  Fraudulent joinder occurs when a non-diverse party is added solely to deprive the federal court of jurisdiction. *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-461 (2d Cir. 1998) (plaintiff may not defeat defendant's right to remove by joining as defendants parties with no real connection with the controversy); *Mayes*, 198 F.3d at 460-461.

16.  A party seeking to overcome fraudulent joinder must demonstrate: (1) fraud in the recitation of jurisdictional facts; or (2) the absence of any possibility that the opposing party has stated a claim under state law against the party alleged to be fraudulently joined. *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001); *Travis v. Irby*, 326 F.3d 644, 646-647 (5th Cir. 2003); *see also In Re Tobacco/Governmental Health Care Costs Litig.*, 100 F. Supp. 2d 31, 39 (D.D.C. 2000).

17.  Based on the foregoing, Sofitel Group, LLC is a fraudulently joined defendant. Plaintiff alleged that Sofitel Group, LLC is a District of Columbia company. In fact, plaintiff's complaint alleged on information and belief that Accor SA was the ultimate owner of Sofitel Group, LLC. This is not true. There is no entity known as "Sofitel Group, LLC" that is or ever was owned by or affiliated with Accor SA. (Complaint, Ex. "A.")

18.  In any event, plaintiff's complaint is completely silent as to any connection between Sofitel Group, LLC and the events of November 6, 2002 in Nancy, France. There is no allegation that Sofitel Group, LLC participated in the "Accor Academy." There is no allegation

5

222459.1

that Sofitel Group, LLC was involved in any way in the operations of the railcar or train on which the Amore family were passengers. Nor is there any allegation that Sofitel Group, LLC engaged in any European operations. (Complaint, Ex. "A.")

19.   Finally, according to 28 U.S.C. § 1441 (a), the citizenship of fictitious names shall be disregarded for the purpose of establishing diversity under a removal petition. As a result, plaintiff's identification of Does 1-5 as citizens of the District of Columbia does not affect the diversity existing between plaintiff and any "properly joined" defendants.

### B. Amount in Controversy.

20.   There is a strong presumption that the amount alleged in the complaint is correct. If the amount in controversy is specific and drafted by an attorney, it is entitled to deference and the presumption of truth. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290, 58 S. Ct. 586 (1938); *Burns v Windsor Ins. Co.*, 31 F.3d 1092, 1094-1095 (11th Cir. 1994).

21.   However, a defendant seeking removal may overcome a stated amount-in-controversy less than the jurisdictional requirement by showing that: (1) an award less than the jurisdictional amount is outside the range of permissible awards; (2) plaintiff's counsel is falsely or incompetently assessing the amount of damages; (3) the demand for less than the jurisdictional amount is not made in good faith; or (4) applicable state law does not preclude judgments in excess of the demand. 16 *Moore's Federal Practice*, § 107.14(2)(g)(iv) (3d 2005).

22.   Plaintiff's complaint demanded an amount that "exceeds the sum of $50,000" and an unspecified amount of punitive damages. However, plaintiff's attorneys sought $75 million in the Southern District of New York litigation on behalf of the same estates. As such, any effort to plead an *ad damnum* less than the jurisdictional amount should be disregarded as false and not made in good faith. (Complaint, Ex. "A"; Reers Complaint, Ex. "C.")

6

222459.1

23. Finally, considering the nature of the plaintiff's survival action for the pain and suffering sustained by his mother and brother prior to their deaths in a railcar fire, plaintiff clearly seeks an amount in excess of the jurisdictional requirement, in the event he is able to establish liability. As a result, the amount in controversy exceeds the jurisdictional requirement, regardless of the specific allegation in the plaintiff's complaint.

### III. *Removal is Proper.*

24. As indicated above, there is no "properly joined" defendant that is a citizen of the District of Columbia. Nor is there any "properly joined" defendant that is a citizen of the same state as plaintiff. Accordingly, complete diversity of citizenship exists for the purposes of 28 U.S.C. §§ 1332 and 1441.

25. The amount in controversy exceeds the jurisdictional requirement of $75,000. Notwithstanding plaintiff's *ad damnum*, the amount sought in the prior action, plaintiff's ability to recover more than the specified amount under the law of the District of Columbia, and the nature of the plaintiff's allegations, demonstrate that the true amount-in-controversy exceeds the statutory minimum required by 28 U.S.C. § 1332.

26. Furthermore, defendants' notice of removal is timely pursuant to 28 U.S.C. § 1446 (b) and Fed. R. Civ. P. 6 (a). Plaintiff filed the first amended complaint on January 6, 2006 and attempted service on Accor North America, Inc. by delivering the papers to Corporation Service Co. on the same day. Defendants first received the complaint subsequent to plaintiff's attempted service on January 6, 2006.

27. Finally, all "properly joined" defendants consent to removal without conceding or waiving any defenses to service of process and/or the lack of personal jurisdiction. *See Cantor*

*Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, n. 4 (2d Cir. 1996) ("[r]emoval does not waive any Rule 12 (b) defenses.").

28.    Therefore, removal of this action from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia is proper.

WHEREFORE, defendant Accor SA and Accor North America, Inc. hereby remove the above-captioned matter from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

By: _____
Robert B. Wallace, Esquire (Bar No 108571)
Jason R. Waters, Esquire (of counsel)
The Colorado Building, Suite 500
1341 G. Street, N.W.
Washington, D.C. 20005
Tel.: (202) 626-7660
Fax: (202) 628-3606

Thomas A. Leghorn, Esquire (of counsel)
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3 Gannett Drive
White Plains, New York 10604
Tel.: (914) 323-7000
Fax: (914) 323-7001

*Attorneys for Accor SA and Accor North America, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify on this 6th day of February, 2006, I served by first class mail, postage prepaid the foregoing upon the following attorney:

> Christopher W. Helmich, Esq.
> Patton Boggs, LLP
> 2550 M. St., N.W.
> Washington, D.C. 20037

Robert B. Wallace, Esq.

222459.1