IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| ROLLIN AMORE, as co-administrator of the Estates of Susanne Amore and Salvatore Michael Amore, deceased<br><br>Plaintiff,<br><br>v.<br><br>ACCOR, S.A., ET AL.<br><br>Defendants. | Civil Action No.: 1:06-cv-198 (RMU) |

## JOINT STATUS REPORT

1.   On April 30, 2007, the Court *sua sponte* dismissed Defendant Accor S.A. and directed the parties to submit by May 31, 2007, a joint status report outlining all pending issues in this case and, if necessary, setting forth a proposed schedule for further motions.

2.   The parties have met and conferred regarding the status of the case and respectfully disagree with one another. However, the parties cooperated in filling this Joint Status Report and attempt to delineate each party's respective position for the Court.

### PLAINTIFF

3.   The Plaintiff interprets the Court's April 30, 2007, Order and accompanying Memorandum Opinion as an express direction of judgment in favor of Defendant Accor, S.A. which operates as an appealable final order as to Defendant Accor, S.A. only. Based on that interpretation, on May 30, 2007, Plaintiff ROLLIN AMORE respectfully filed a Notice of Appeal as to the Court's dismissal of all claims against Defendant Accor, S.A.

4. Whether the Court intended its April 30, 2007, Order and Opinion to operate as an express direction of judgment in favor of Defendant Accor, S.A bears significant impact on the further scheduling of this case. If Plaintiff's interpretation is correct then the Plaintiff contends that judicial resources will be most efficiently used by Staying this case until its pending appeal is resolved.

5. If the Court did not intend for its Order to be an express direction of judgment in favor of Defendant Accor, S.A, then the Plaintiff will request leave to file a Motion for Permission to Petition the Court of Appeals for an Interlocutory Appeal of the dismissal of Defendant Accor, S.A.. Plaintiffs will also ask this Court for an extension of the thirty-day requirement in which to file its Motion for Permission to Petition the Court of Appeals based on its good faith misunderstanding of the Court's April 30, 2007, Order and Opinion.

6. In either circumstance, Plaintiff believes there is good cause to Stay these proceedings given the present (or potential interlocutory) appeal. Plainly, judicial – and the parties' – resources will be most efficiently preserved by Staying all further proceedings before this Court, pending the outcome of the Appeal. If Plaintiff is successful on appeal, all of the phases of the case that would otherwise proceed against the other defendants – including briefing, argument, and discovery – would likely have to be repeated after Accor S.A. rejoined the litigation. One must also consider the risk of inconsistent verdicts should these issues have to be revisited.

7. Plaintiff's request the following briefing schedule:

   a. The Court is, with respect, asked to confirm its intent as to its *sua sponte* dismissal of Accor, S.A.

b. *If* the Court did intend its April 30, 2007, Order and Opinion to serve as an express direction of judgment in favor of Defendant Accor, S.A, then the Court should concurrently Stay this action pending the outcome of the appeal.

c. Within 30 days following the final resolution of Plaintiff's appeal the parties shall submit a joint status report outlining all pending issues in this case.

**Alternatively**:

a. Again, the Court is, with respect, asked to confirm its intent as to its *sua sponte* dismissal of Accor, S.A.

b. *If* the Court did **not** intend its April 30, 2007, Order and Opinion to serve as an express direction of judgment in favor of Defendant Accor, S.A, then within 5 business days of such clarification, the Plaintiff will file a Motion for Permission to File an Interlocutory Appeal. Defendants will have 10 days to file and opposition and Plaintiffs reply will be due 5 days thereafter.

c. Within 10 days of the Court's ruling on Plaintiff's motion the parties will file a joint status report regarding further matters for this Court to consider.

### DEFENDANTS

8. Defendant Accor North America, Inc., respectfully opposes the Plaintiff's appeal and his request for a stay. Only a "final decision" is appealable as a matter of right. 28 U.S.C. § 1291. An order dismissing some but not all parties or claims is not considered "final" unless there is an "express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b).

9. Defendant Accor North America, Inc., submits that this Court's April 30, 2007, decision dismissing Plaintiff's claim against Accor SA was not a "final decision." Neither the

3

Court's decision nor the Court's accompanying order directed entry of judgment for Accor SA. Nor did the Court expressly state that its decision and order were final for appellate purposes.

10. Plaintiff's proposed order, attached to this Joint Statement, even acknowledges that the Court's decision and order dismissing Accor SA were not "final" under 28 U.S.C. § 1291 and Fed. R. Civ. P. 54(b). Specifically, their proposed order attempts to convert the Court's decision and order dismissing Accor SA into an appealable final decision *nunc pro tunc*. Defendant Accor North America, Inc., objects to Plaintiff's attempt to retroactively make this Court's order and decision immediately appealable.

11. Similarly, Defendant Accor North America, Inc., respectfully submits that plaintiff is not entitled to take an interlocutory appeal. 28 U.S.C. § 1292 permits an interlocutory appeal when the court concludes that there is "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This rule also requires the Court to expressly state this finding in order to permit the interlocutory appeal. 28 U.S.C. § 1292(b). This Court's opinion dismissing Accor SA made no such finding.

12. Defendant Accor North America, Inc., also intends to oppose any motion for an interlocutory appeal. Among the reasons for Defendant's opposition is the fact that judicial economy will not be served by an interlocutory appeal, especially when dispositive grounds exist that may justify the summary dismissal of the remaining defendant – Accor North America, Inc.

13. Defendant Accor North America, Inc., also intends to oppose any application to extend the time to move for an interlocutory appeal.

14. Defendant Accor North America, Inc., does not believe the Plaintiff can meet the standards for a stay of proceedings.

15. Accordingly, Defendant requests the following briefing schedule:

   a. Plaintiff's Motions for a Stay and Interlocutory Appeal to be filed by June 10, 2007, oppositions to be filed by June 20, 2007, and a reply due 5 days thereafter;

   b. Defendant's Motion to Dismiss or for Summary Judgment as to the remaining Defendants to be filed by July 10, 2007, oppositions to be filed by July 24, 2007, and replies due within 7 days.

## CONCLUSION

The parties have worked well and cooperatively in this matter and remain amenable to a convening a brief status conference on these matters.

Respectfully submitted,

PATTON BOGGS, LLP

By: _____/S/_____

Christopher W. Hellmich, Esquire (Bar No 468840)
Read McCaffrey, Esquire (Bar No 413837)
2550 M Street, NW
Washington, DC 20037
Tel.: (202) 457-6504
Fax: (202) 457-6315
*Counsel to Plaintiff Rollin Amore*


WILSON ELSER LLP

By _____/S/_____

Robert B. Wallace, Esquire (Bar No 108571)
Jason R. Waters, Esquire (of counsel)
The Colorado Building, Suite 500
1341 G. Street, N.W.
Washington, D.C. 20005
Tel.: (202) 626-7660
Fax: (202) 628-3606

Thomas A. Leghorn, Esquire (of counsel)
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP

5

        3 Gannett Drive
        White Plains, New York 10604
        Tel.: (914) 323-7000
        Fax: (914) 323-7001

        *Attorneys for Accor North America, Inc.*

Dated: May 31, 2007

## CERTIFICATE OF SERVICE

I hereby certify on this 31st day of May, 2007, the parties' Joint Status Report and Plaintiff's Motion for Stay was filed and served electronically on:

> Robert B. Wallace, Esq.
> Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
> The Colorado Building
> Suite 500
> 1341 G. Street, N.W.
> Washington, DC  20005

>                /S/
> Christopher W. Hellmich, Esq. (Bar No 468840)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| ROLLIN AMORE, as co-administrator of the Estates of Susanne Amore and Salvatore Michael Amore, deceased )<br><br>Plaintiff, )<br><br>v. )<br><br>ACCOR, S.A., ET AL. )<br><br>Defendants. ) | Civil Action No.: 1:06-cv-198 (RMU)<br><br>Document No.: |

### (Plaintiff's Proposed) ORDER

**ORDERED** that the Court's April 30, 2007 Order was a final judgment as to Defendant Accor, S.A.

**IT IS FURTHER ORDERED** that these proceedings are Stayed pending the outcome of Plaintiff's appeal to the United States Court of Appeals for the District of Columbia Circuit;

*Alternatively*

**ORDERED** that within 5 business days of this Order Plaintiff may file a Motion for Permission to File an Interlocutory Appeal, Defendants' opposition will be filed within 10 days, and a reply is due 5 days thereafter.

**IT IS FURTHER ORDERED** that all other proceedings will be Stayed pending resolution of Plaintiff's motion. Within 10 days of the resolution of Plaintiff's motion the parties shall submit a Joint Status report as to further issues for the Court's consideration.

_____
Judge Ricardo M. Urbina

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| ROLLIN AMORE, as co-administrator of the Estates of Susanne Amore and Salvatore Michael Amore, deceased )<br><br>Plaintiff, )<br><br>v. )<br><br>ACCOR, S.A., ET AL. )<br><br>Defendants. ) | Civil Action No.: 1:06-cv-198 (RMU)<br><br>Document No.: |

### (Defendants' Proposed) ORDER

**ORDERED** that the following shall be the briefing schedule for Plaintiff's Motions for a Stay and Interlocutory Appeal: Plaintiff's Motions for a Stay and Interlocutory Appeal shall be filed by June 10, 2007, oppositions shall be filed by June 20, 2007, and a reply due 5 days thereafter; and it is

**ORDERED** that the following shall be the briefing schedule for Defendant's Motion to Dismiss or Summary Judgment: Defendant's Motion to Dismiss or for Summary Judgment as to the remaining Defendants shall be filed by July 10, 2007, oppositions shall be filed by July 24, 2007, and replies due within 7 days.

_____
Judge Ricardo M. Urbina