# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

―――――――――――――――――――――――――――――――

ROLLIN AMORE as co-administrator
of the Estates of Susanne Amore and Salvatore
Michael Amore, deceased,

Plaintiffs

Civil No.: 1:06CV00198 (RMU)

v.

**Oral Argument Requested**

ACCOR SA, ACCOR NORTH AMERICA, INC.,
SOFITEL GROUP, LLC, and DOES 1-5,

Defendants.

―――――――――――――――――――――――――――――――

## ACCOR NORTH AMERICA, INC.'S MOTION
## TO DISMISS AND FOR SUMMARY JUDGMENT

Defendant Accor North America, Inc., by counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and 54, respectfully requests this court to dismiss plaintiff's action for failure to state a claim and grant summary judgment dismissing plaintiff's action in its entirety. In support of this motion, defendants refer the court to the attached memorandum of points and authorities, incorporated by reference as if fully set forth herein.

WHEREFORE, defendants respectfully request this motion be granted and that this case be dismissed with prejudice in its entirety.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER, LLP

By:    /S/ Robert B. Wallace_____
        Robert B. Wallace, Esquire (Bar No 108571)
        Jason R. Waters, Esquire (of counsel)
        1341 G. Street, N.W., Suite 500

Washington, D.C. 20005
Tel.: (202) 626-7660
Fax: (202) 628-3606
E-mail: Robert.Wallace@wilsonelser.com
E-mail: Jason.Waters@wilsonelser.com


Thomas A. Leghorn, Esquire (of counsel)
3 Gannett Drive
White Plains, New York 10604
Tel.: (914) 323-7000
Fax: (914) 323-7001
*Attorneys for Accor SA and Accor North America, Inc.*


## CERTIFICATE OF SERVICE & ELECTRONIC FILING

I hereby certify on this 10th  day of July, 2007, I served the foregoing electronically upon

Christopher W. Hellmich, Esq. and Read K. McCaffrey, Esq., Patton Boggs, LLP, 2550 M. St.,

N.W., Washington, D.C. 20037, counsel for plaintiff, and that the original signed documents are

in the possession of the attorneys responsible for this filing and are available for review upon

request.


/S/ Robert B. Wallace
_____
                Robert B. Wallace, Esq.

66992.2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

────────────────────────────────────────

ROLLIN AMORE as co-administrator
of the Estates of Susanne Amore and Salvatore
Michael Amore, deceased,

                Plaintiffs

                      Civil No.: 1:06CV00198 (RMU)

        v.

ACCOR SA, ACCOR NORTH AMERICA, INC.,
SOFITEL GROUP, LLC, and DOES 1-5,

                Defendants.

────────────────────────────────────────

## MEMORANDUM OF POINTS & AUTHORITIES

    Defendant Accor North America, Inc., submits this memorandum of points and authorities in support of its motion to dismiss and for summary judgment:

**I.**    ***Preliminary Statement.***

    Susanne and Salvatore Amore died in a railcar fire on an overnight train from Paris, France to Munich, Germany on November 6, 2002. The representative of their estates first sued Accor North America, Inc. ("Accor NA") and Accor SA in the U.S. District Court for the Southern District of New York. Judge Cedarbaum dismissed the claim against Accor NA for failure to state a claim under Fed. R. Civ. P. 12 (b)(6) and dismissed the action against Accor SA pursuant to the doctrine of *forum non conveniens*.

    The estates then commenced this nearly identical litigation in the Superior Court for the District of Columbia. The Accor defendants removed to this court pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq.*, and moved to dismiss the complaint. This court issued an order directing

plaintiff's attorneys to show cause as to why this case should not be dismissed. After extensive briefing by the parties, the court issued an order *sua sponte* dismissing plaintiff's claim against Accor SA on collateral estoppel grounds.

Accor NA now moves to dismiss and for summary judgment. As stated in this memorandum, Judge Cedarbaum's dismissal of the complaint against Accor NA bars re-litigation of this claim as a matter of *res judicata*. Plaintiff's complaint also fails to state a claim against Accor NA under Fed. R. Civ. P. 12(b)(6). Summary judgment is also appropriate. Accor NA is not vicariously liable for the alleged acts of Accor SA. Nor is there any connection between Accor NA and the events of November 5-6, 2002, in Nancy, France.

## II.    *Statement of Material Facts.*

Accor NA submits the following pursuant to Fed. R. Civ. P. 54 and LCvR 7(h) as its statement of material facts as to which it contends there is no genuine issue:

### A.    November 6, 2002, railcar fire near Nancy, France.

Plaintiff Rollin Amore is the son of Susanne Amore and the brother of Salvatore Amore. (Compl. Ex. A ¶¶ 1, 15.) Susanne and Salvatore Amore were traveling in Europe in November 2002, along with Salvatore Amore's wife and two children. (Ex. A ¶¶ 1, 15.) The Amore family boarded an overnight train from Paris to Munich on November 5, 2002. (Ex. A ¶¶ 1, 15.) A fire started in their railcar at approximately 1:45 a.m. on November 6, 2002, near Nancy, France. (Ex. A ¶¶ 1, 15.) Twelve passengers, including the five members of the Amore family, died in the fire. (Ex. A ¶¶ 1, 15.)

Sociétété Nationale Chemins de Fer Français, the French national railway, operated the train. (SDNY Compl. Ex. B ¶ 1.) Deutsche Bahn AutoZug AG, a subsidiary of Deutsche Bahn AG, the German national rail operator, owned the railcar. (Ex. B ¶ 22.) Deutsche Bahn Reise &

Touristik AG employed Janz Volker as a railcar attendant. (Ex. B ¶ 17.) Plaintiff claimed that Mr. Volker was the attendant assigned to the Amore family's railcar. (Ex. B ¶¶ 32-38.) Mr. Volker allegedly started the fire, failed to extinguish the flames, and fled the railcar without evacuating its passengers. (Ex. B ¶¶ 32-38.)

### B. <u>Amore family litigation in U.S. District Court – Southern District of New York.</u>

Carolyn Reers, as personal representative of the estates of Susanne and Salvatore Amore, commenced wrongful death and survival actions in the U.S. District Court for the Southern District of New York arising from the events of November 6, 2002. (Ex. B ¶¶ 1-5, 8-9.) Ms. Reers, represented by the same attorneys appearing for plaintiff in this case, sued a variety of defendants, including Accor SA and Accor NA. (Ex. B ¶¶ 12-21.) She claimed that employees of Accor SA, a French corporation, and Accor NA, incorporated in Delaware and headquartered in Texas, were negligent in connection with the maintenance and operation of the Paris-Munich train and its railcars. (Ex. B ¶¶ 46-50.)

Accor NA moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12 (b)(6). (Dec. 2003 Order Ex. C.) The estates' representative did not oppose Accor NA's motion to dismiss. (Pl's Opp'n Ex. D at 6.) In fact, the estates' representative's attorneys conceded: "Your Honor will remember when we were here before we agreed to dismiss Accor NA. We didn't allege that Accor NA did anything wrong." (Colloquy Ex. E at 27, ln. 13-15.) As such, Judge Cedarbaum granted Accor NA's motion to dismiss the complaint for failure to state a claim. (Ex. C.)

Accor SA then moved to dismiss the plaintiff's complaint, *inter alia*, on the grounds of *forum non conveniens*. (Opinion Ex. F at 34-46.) The court granted Accor SA's motion, finding that France was an adequate alternative forum and that the private and public interest factors

required by *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1997), favored disposition in France. (Ex. F at 34-46.) According to the Civil Docket, Ms. Reers filed, but did not perfect, an appeal. (Civil Docket Ex. G Docs. 24, 37.)

### C.  Amore family litigation in the District of Columbia.

The representatives of the estates of Susanne and Salvatore Amore did not commence an action in France after Judge Cedarbaum dismissed the Southern District of New York litigation on *forum non conveniens* grounds. Instead, a different representative for the estates, Rollin Amore, filed a complaint in Superior Court, District of Columbia on November 7, 2005. Plaintiff then filed the first amended complaint on January 6, 2006, identifying three named defendants – Accor SA, Accor NA, and Sofitel Group, LLC. (Ex. A.)

The District of Columbia case is nearly identical to the Southern District of New York litigation. The action was brought on behalf of two of the same estates. (Ex. A ¶¶ 3-5; Ex. B ¶¶ 8-11.) Plaintiff's first amended complaint alleged the same events as the basis for liability. (Ex. A ¶ 15; Ex. B ¶¶ 32-38.) Plaintiff sued two of the same defendants – Accor SA and Accor NA. (Ex. A 3-5; Ex. B ¶¶ 18-19.) Plaintiff is represented by the same attorneys – Patton Boggs, LLP. (Ex. A; Ex. B.) The representative of the estates sought survival damages in both cases. (Ex. A ¶ 11; Ex. B ¶¶ 5, 61-66.)

Accor NA and Accor SA moved to dismiss the complaint. (Mot. to Dismiss Ex. H.) Defendants argued that Judge Cedarbaum's dismissal against Accor NA and Accor SA for failure to state a claim and on *forum non conveniens* grounds barred plaintiff's new claim in the District of Columbia as a matter of *res judicata* and collateral estoppel. (Ex. H.) Accor NA and Accor SA further argued that plaintiff's claim should be dismissed on the merits of the failure to state a claim and *forum non conveniens* defenses, even if Judge Cedarbaum's decision was not

entitled to preclusive effect. (Ex. H.) Finally, defendants moved to dismiss the complaint for lack of personal jurisdiction and improper service of process. (Ex. H.)

Plaintiff then moved for leave to file a second amended complaint adding DC Sofitel LLC as a defendant pursuant to Fed. R. Civ. P. 15 on March 23, 2006. (Pl. Mot. to Amend Ex. I at 3.) Defendants' motion to dismiss and plaintiff's motion to amend remained pending until the court issued an order requiring plaintiff to show cause as to why the case should not be dismissed pursuant to the doctrine of *res judicata*. (Order to Show Cause Ex. J.) After the parties briefed the issue, the court issued an order dismissing Accor SA *sua sponte* and striking, without deciding, all remaining motions on April 30, 2007. (Order & Memorandum Decision Ex. K.)

### III.    Argument.

Dismissal and summary judgment are appropriate for several reasons. Plaintiff's claim against Accor NA is barred by *res judicata*. This case should also be dismissed because the complaint failed to state a claim against Accor NA. Summary judgment is also appropriate because Accor NA was not in any way connected with the train fire in Nancy, France, on November 6, 2002, and is not vicariously liable for any alleged negligence of Accor SA.

### A. **Plaintiff's claim against Accor NA is barred by *res judicata*.**

Accor NA filed a motion to dismiss in the U.S. District Court, Southern District of New York. Accor NA supported its motion to dismiss with an affidavit from Alan Rabinowitz, Esq., executive vice president and general counsel of Accor NA. Judge Cedarbaum's order granting Accor NA's unopposed motion is therefore entitled to *res judicata* effect. Plaintiff's attorneys argue, however, that they voluntarily dismissed Accor NA pursuant to Fed. R. Civ. P. 41. This argument fails to overcome the application of *res judicata* in these circumstances.

66992.2

1. *Judge Cedarbaum's decision to grant Accor NA's motion to dismiss qualifies for application of res judicata.*

A judgment rendered on the merits "constitutes an absolute bar to a subsequent action." *Cromwell v. Sac County*, 94 U.S. 351, 352 (1876). A claim is precluded as a matter of *res judicata* when four criteria are met: (1) a final judgment on the merits was reached in the prior litigation; (2) the prior action involved the same parties or their privies; (3) the prior action involved the same claim; and (4) the prior judgment was rendered by a court of competent jurisdiction. *Polsby v. Thompson*, 201 F. Supp. 2d 45, 48 (D.D.C. 2002); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946-947 (D.C. Cir. 1983).

A judgment is on the merits if it "disposes of the underlying cause of action." *Polsby,* 201 F. Supp. 2d at 48 ("a judgment is considered on the merits when a court renders a decision after considering the legal claim"). A qualifying judgment is based on the legal rights of the parties, as opposed to mere matters of practice. *Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.2d 939, 943 (7th Cir. 1981). The dismissal of a claim pursuant to Fed. R. Civ. P. 12 (b)(6) is a judgment on the merits for the purposes of applying the doctrine of *res judicata*. *Federated Dep't Stores, Inc. v. Mottie*, 452 U.S. 394, 399 n.3 (1981).

*Res judicata* effect may be given to a judgment issued against a party's privy. *Polsby*, 201 F. Supp. 2d at 48. Beneficiaries of a decedent's estate are in privity with the estate's administrator for *res judicata* purposes. *First Nat'l Bank v. Ickes*, 154 F.2d 851, 853 n.9 (D.C. Cir. 1946) (trustee and administrator of estate in privity for *res judicata* purposes because acting in same capacity); *McCrocklin v. Fowler*, 285 F. Supp. 41, 43 (E.D. Wis. 1968), *aff'd,* 411 F.2d 580 (7th Cir. 1969) (beneficiary of estate in privity with administrator for *res judicata* purposes).

The determination of whether the subsequent claim is sufficiently identical to the prior claim depends on whether the claims each arose from the same "transaction or series of

66992.2

connected transactions." Restatement (Second) of Judgments § 24 (1982). If so, *res judicata* extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part" of the claim. *Id.* Another approach to determining whether *res judicata* applies evaluates whether the claims arise from the "same set of factual allegations." *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1363 (Fed. Cir. 2000).

Plaintiff's claim against Accor NA meets the *res judicata* criteria. Accor NA moved to dismiss the estates' representative's complaint in the Southern District of New York pursuant to Fed. R. Civ. P. 12 (b)(6). Accor NA's motion was unopposed. (Ex. D at 6.) The estates' representative's attorneys even conceded: "We didn't allege that Accor NA did anything wrong." (Ex. E at 27, ln. 13-15.) As a result, Judge Cedarbaum granted Accor NA's motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6). (Ex. C.)

Both claims against Accor NA arose from the same "transaction or series of connected transactions" and the "same factual allegations." (Ex. A ¶ 15; Ex. B ¶¶ 32-38.) Rollin Amore, both as co-administrator and a beneficiary of the estates, is in privity with Ms. Reers for the purposes of *res judicata*. *See Ickes*, 154 F.2d at 853 n.9. Moreover, the Southern District of New York's disposition of the defendant's Fed. R. Civ. P. 12 (b)(6) motion constituted a judgment "on the merits" by a court of competent jurisdiction. *Mottie*, 452 U.S. at 399 n.3. Contrary to plaintiff's argument, the alleged voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1) does not overcome the entitlement of Judge Cedarbaum's decision to *res judicata* effect.

2. *Plaintiff's purported dismissal pursuant to Fed. R. Civ. P. 41(a)(1) does not affect application of res judicata.*

Plaintiff's attorneys argue that Judge Cedarbaum's order is not entitled to *res judicata* effect because the estates voluntarily dismissed their claim pursuant to Fed. R. Civ. P. 41(a)(1) in their brief responding to Accor NA's motion to dismiss. This argument fails for two reasons.

First, Accor NA's submission of information outside the complaint converted its motion to dismiss into a motion for summary judgment, thereby terminating the estates' right to file a voluntary dismissal. Second, the estate's purported voluntary dismissal was legally inadequate.

       i.   <u>Summary judgment conversion under Fed. R. Civ. P. 12 (b).</u>

Fed. R. Civ. P. 41(a)(1) states, "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs…" Otherwise, an action may only be dismissed by "a stipulation of dismissal signed by all parties who have appeared in the action" or a court order. Fed. R. Civ. P. 41(a)(1)(ii), (a)(2). Defendant's act of filing an answer or a motion for summary judgment, therefore, terminates plaintiff's right to file a unilateral notice of dismissal. Fed. R. Civ. P. 41(a).

Fed. R. Civ. P. 12(b) states, however, that a motion to dismiss for failure to state a claim "shall be treated as one for summary judgment" when the defendant offers "matters outside the pleading" in support of the motion. A motion to dismiss for failure to state a claim, therefore, terminates a plaintiff's right to file a notice of dismissal if it converts to a motion for summary judgment. *Chambers v. Gessel*, 120 F.R.D. 1, 2 (D.D.C. Jan. 20, 1988); *Microsensor, Inc. v. SMK Corp.*, 228 F.R.D. 39, 39-40 (D.D.C. May 20, 2005).

*Chambers, supra*, held that defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) terminated plaintiff's right to file a notice of dismissal under Fed. R. Civ. P. 41(a)(1)(i) because it "relie[d] on matters outside of the pleadings." *Chambers,* 120 F.R.D. at 2. As a result of defendant's motion, "plaintiff no longer [had] an unconditional right to withdraw his complaint without prejudice." *Chambers,* 120 F.R.D. at 2; *see also Black Ride III, Inc. v. West*, No. 1:04-CV-01027 2005 U.S. Dist. Lexis 13361, at *8 (D.D.C. June 28, 2005). Another view of Fed. R.

Civ. P. 12(b) provides that a motion to dismiss converts into a motion for summary judgment if the court recognizes, relies upon, or indicates that it is not excluding the material submitted outside the pleading. *Microsensor, Inc*., 228 F.R.D. at 40.

Accor NA's motion to dismiss in the Southern District of New York converted into a motion for summary judgment under both of these standards. Accor NA filed a motion to dismiss for failure to state a claim. (SDNY Mot. to Dismiss Ex. C.) An affidavit of Alan J. Rabinowitz accompanied Accor NA's motion to dismiss, and included information outside the complaint to refute allegations regarding the defendants' corporate relationships. (Rabinowitz Affid. Ex. L.) Accordingly, Accor NA's motion to dismiss terminated plaintiff's right to file a voluntary notice of dismissal pursuant to *Chambers v. Gessel*, 120 F.R.D. 1, 2 (D.D.C. Jan. 20, 1988).

Judge Cedarbaum's order also converted Accor NA's motion to dismiss into a motion for summary judgment pursuant to *Microsensor, Inc. v. SMK Corp*., 228 F.R.D. 39, 39-40 (D.D.C. May 20, 2005). (Ex. C.) Judge Cedarbaum wrote her order by hand onto Accor NA's notice of motion. (Ex. C.) The notice of motion, signed and filed as the court's order, identified Mr. Rabinowitz's affidavit as submitted in support of the motion to dismiss. (Ex. C.) The estates' attorney even conceded that the merits of Accor NA's defense, based on Mr. Rabinowitz's affidavit, "appear[ed] to be true." (Ex. D at 2.)

ii.  Estates' ineffective voluntary dismissal.

Even if the estates still had a right to file a voluntary dismissal after Accor NA moved to dismiss, their purported dismissal fails for several reasons. First, the intent of the estates' purported dismissal is hardly clear. Plaintiff's attorneys argue that the estates' "Response to Motion to Dismiss By Defendants Accor North America, Inc. & Stinnes Corp." provided notice of dismissal. They argue that two sentences in the estates' six-page brief effectuated the

9

dismissal. (Ex. E at 2, 6.) The remainder of their brief, however, disputed Accor NA's legal arguments. (Ex. E.) There was no reason to dispute Accor NA's legal arguments if the estates' attorneys truly sought a dismissal. Moreover, the fact that Judge Cedarbaum subsequently entered an order granting Accor NA's motion to dismiss evinces the estates' attorneys failure to provide effective notice of their intentions.

Second, the estates' purported dismissal was conditioned by requests for limited discovery and leave to amend. The estates' attorneys stated, "plaintiffs are willing to voluntarily dismiss Stinnes Corp. and Accor North America, Inc., as separate defendants, but will seek to amend the complaint to name them as a d/b/a for parent Deutsche Bahn AG and Accor SA." (Ex. E at 2.) They later repeated this request. (Ex. D at 6.) Finally, they "request[ed] permission to conduct limited discovery on the relationship between the instant defendants and their parent corporations." (Ex.D at 6.) The estates' response to Accor NA's motion to dismiss, therefore, did not constitute an unequivocal notice of dismissal as required by Fed. R. Civ. P. 41(a)(1)(i).

Finally, the estates' attorneys' requests to conduct limited discovery and for leave to amend suggest that they were not filing a unilateral notice of dismissal under Fed. R. Civ. P. 41(a)(1). Instead, these requests appear to be, at most, a motion for dismissal "upon such terms as the court deems proper" pursuant to Fed. R. Civ. P. 41(a)(2). As such, Judge Cedarbaum's order rendered superfluous the estates' purported dismissal, which did not affect the "on the merits" disposition in favor of Accor NA.

3. *Judge Cedarbaum's order constituted an "on the merits" disposition for res judicata purposes.*

Judge Cedarbaum, not the estates' attorneys, dismissed Accor NA from the New York litigation. Fed. R. Civ. P. 60(b) provided an avenue for relief if the estates' attorneys found the court's order inconsistent with their purported dismissal. The estates' attorneys failed to seek

relief under Fed. R. Civ. P. 60(b), and ultimately withdrew their appeal to the Second Circuit. The court's order dismissing Accor NA pursuant to Fed. R. Civ. P. 12(b)(6) was, therefore, "on the merits." *Federated Dep't Stores, Inc. v. Mottie*, 452 U.S. 394, 399 n.3 (1981). As such, Judge Cedarbaum's order is entitled to *res judicata* effect in the District of Columbia barring re-litigation of this claim against Accor NA.

**B. Plaintiff's complaint fails to state a claim against Accor NA.**

Fed. R. Civ. P. 12 (b)(6) provides that a plaintiff's complaint may be dismissed for "failure to state a claim upon which relief can be granted." A defendant moving to dismiss under Fed. R. Civ. P. 12 (b)(6) must prove "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must accept the plaintiff's factual allegations as true, drawing all reasonable inferences in plaintiff's favor, for the purposes of deciding a motion to dismiss under Fed. R. Civ. P. 12 (b(6). *C&E Servs. v. D.C. Water & Sewer Auth.,* 310 F.3d 197, 199 (D.C. Cir. 2002).

Plaintiff's first amended complaint referred to Accor SA as "ACCOR" and referred to Accor NA as "ACCOR N.A." (Ex. A at 3-5.) Plaintiff claimed that "ACCOR" owned and operated "Accor Academy." (Ex. A ¶ 16.) Plaintiff claimed that "ACCOR" trained attendants on the train on which the Amore family were passengers. (Ex. A ¶ 17.) Plaintiff further claimed that "ACCOR trained attendants" failed to inspect the railcar, provide basic fire safety information, identify and remedy fire and safety violations, and take reasonable steps to evacuate the railcar. (Ex. A ¶¶ 18-20.)

There is no allegation, however, that "ACCOR N.A." owned or operated "Accor Academy." (Ex. A.) Nor is there any claim that that "ACCOR N.A." participated in any way in "Accor Academy." (Ex. A.) Plaintiff's complaint also did not assert that "ACCOR N.A."

provided any training to any of the railcar attendants on November 6, 2002. (Ex. A.) There is no claim that anyone connected with the events of November 6, 2002, or "Accor Academy" was an employee or agent of "ACCOR N.A." (Ex. A.) In fact, there is no allegation that "ACCOR N.A." was involved, in any way, with the train on which the Amores were passengers. (Ex. A.)

Defendants respectfully submit that plaintiff sued Accor NA for the sole purpose of creating the illusion that litigating this claim in the United States, as opposed to France, is somehow justified and appropriate. There is absolutely no connection between Accor NA and the events of November 6, 2002, in Nancy, France. (Rabinowitz Decl., dated Feb. 2002, Ex. M ¶¶ 8; Rabinowitz Decl., dated Mar. 6, 2006, Ex. N ¶¶ 2-4; Todorov Decl. Ex. O ¶ 6.) Nor is there any connection to Accor NA's activities and the training provided at "Accor Academy." (Ex. M ¶ 8; Ex. O ¶ 6.) There is no allegation connecting Accor NA to the allegedly negligent training provided to the train's attendants. (Ex. A.) The estates' representative's attorneys even admitted in the New York litigation, "We didn't allege that Accor NA did anything wrong." (Ex. E at 27, ln. 13-15.)

## C. **Accor NA is not vicariously liable for Accor SA and was in no way connected with the events of November 5-6, 2002.**

There is no basis to support the claim that Accor NA is an "alter ego" or "mere department" of Accor SA. Accor NA is not a wholly-owned subsidiary of Accor SA. (Ex. M ¶¶ 5-6; Ex. O ¶ 4-5.) Accor SA is headquartered and incorporated in France and is not registered or otherwise authorized to conduct business in the District of Columbia. (Ex. M ¶¶ 4, 7; Ex. O ¶ 3.) Accor NA is a Delaware corporation with offices in Texas. (Ex. M ¶ 2.) IBL Limited, Inc. owns Accor NA. (Ex. M ¶¶ 5-6; Ex. O ¶¶ 4-5.) IBL Limited, Inc. is a wholly-owned subsidiary of Accor Lodging North America, Inc. (Ex. M ¶¶ 5-6; Ex. O ¶¶ 4-5.) Accor SA owns 62.14% of

12

Accor Lodging North America, Inc. IBL SA owns the remaining 37.86% of Accor Lodging North America, Inc. (Ex. M ¶¶ 5-6; Ex. O ¶¶ 4-5.)

Nor is Accor NA an instrumentality of Accor SA. (Ex. N ¶ 6; Ex. O ¶ 5.) Accor SA exercises no control over the day-to-day operations of Accor NA. (Ex. M ¶ 6; Ex. O ¶ 5.) Accor NA and Accor SA maintain separate offices, addresses, and telephone numbers. (Ex. M ¶ 6; Ex. O ¶ 5.) Accor NA is not dependent on Accor SA for approval to make day-to-day business decisions. (Ex. M ¶ 6; Ex. O ¶ 5.) Accor NA is not financially dependent on Accor SA. (Ex. M ¶ 6; Ex. O ¶ 5.) Accor NA maintains its own financial records and pays its own expenses, taxes, and salaries. (Ex. M ¶ 6; Ex. O ¶ 5.) Accor NA handles the hiring, training, and termination of employees without input from Accor SA. (Ex. M ¶ 6; Ex. O ¶ 5.)

As indicated in the accompanying declaration of Alan Rabinowitz, Accor NA is the managing general partner of Motel 6 Operating LP. (Ex. M ¶ 3.) Motel 6 Operating LP owns or operates under the name of Motel 6 or Studio 6 and provides assorted services to its affiliated company, Red Roof Inns. (Ex. M ¶ 3.) Accor SA is incorporated and headquartered in France. (Ex. M ¶ 4.) Accor SA possesses ownership interests in various corporations specializing in hotels and tourism-related services within continental Europe and around the world. (Ex. M ¶ 4.)

Accordingly, there is no connection between Accor NA and the train fire on November 6, 2002, in Nancy, France. Accor NA did not employ any of the attendants on the Paris-Munich train on November 6, 2002. (Ex. M ¶ 6.) Accor NA did not perform any maintenance, repairs or inspections of the Paris-Munich train on November 6, 2002. (Ex. M ¶ 6.) It was under no obligation to perform any maintenance, repairs, or inspections of the Paris-Munich train on November 6, 2002. (Ex. M ¶ 6.) No agents or employees of Accor NA were involved in any way with the Paris-Munich train on November 6, 2002. (Ex. M ¶ 6.) Accor NA did not own, operate,

or provide any training at "Accor Academy." (Ex. M ¶ 6.) Nor did Accor NA train any of the attendants on the Paris-Munich train on November 6, 2002. (Ex. M ¶ 6.)

Finally, there is no affiliate or subsidiary of Accor SA or Accor NA known as "Sofitel Group, LLC." (Ex. M ¶ 9; Ex. O ¶ 7.) Accor SA and Accor NA argued in their original motion to dismiss in this court that the entity known as "Sofitel Group, LLC," was not their affiliate or subsidiary, was not the manager of the Sofitel Lafayette Square hotel, and was not an active company according to the D.C. Department of Consumer and Regulatory Affairs. (Ex. H.) Plaintiffs' attorneys then moved to amend the complaint to add DC Sofitel, LLC. (Ex. I.) This court struck plaintiff's motion to amend, along with all other pending motions. (Ex. K.) Nevertheless, for the reasons stated in the Accor defendants' motion to dismiss and opposition to plaintiff's motion to amend, neither Sofitel Group, LLC, nor DC Sofitel, LLC, is an appropriate defendant in this case. (Ex. H; Def. Opp'n to Pl. Mot. to Amend Ex. P.)

## IV.    *Conclusion.*

Based on the foregoing, Accor North America, Inc. respectfully request this court to grant its motion pursuant to Fed. R. Civ. P. 12(b)(6) and 54 dismissing the plaintiff's first amended complaint be dismissed in its entirety and with prejudice.

Respectfully submitted,
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

By:    /S/ Robert B. Wallace
_____
Robert B. Wallace, Esquire (Bar No 108571)
Jason R. Waters, Esquire (of counsel)
1341 G. Street, N.W., Suite 500
Washington, D.C. 20005
Tel.: (202) 626-7660
Fax: (202) 628-3606
E-mail: Robert.Wallace@wilsonelser.com
E-mail: Jason.Waters@wilsonelser.com

14

66992.2

Thomas A. Leghorn, Esquire (of counsel)
3 Gannett Drive
White Plains, New York 10604
Tel.: (914) 323-7000
Fax: (914) 323-7001
*Attorneys for Accor SA and Accor North America, Inc.*

15