UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROLLIN AMORE, as co-administrator of       :
the Estates of Susanne Amore and           :
Salvatore Michael Amore, deceased          :
                                           :
            Plaintiff,                     :    Civil Action No.:    06-0198 (RMU)
                                           :
        v.                                 :    Document Nos.:       18, 19
                                           :
ACCOR, S.A. *et al.*,                      :
                                           :
            Defendants.                    :

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is this 30th day of April 2007, hereby

**ORDERED** that the claims against Accor, S.A. are dismissed; and it is

**FURTHER ORDERED** that the show cause order against Accor, N.A. is discharged; and it is

**ORDERED** that all pending motions are stricken; and it is

**FURTHER ORDERED** that the parties shall submit a joint status report on or before Thursday, May 31, 2007, outlining all pending issues in this case and, if the parties believe it is necessary, setting forth a proposed schedule for further motions.

**SO ORDERED.**

RICARDO M. URBINA
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROLLIN AMORE, as co-administrator of :
the Estates of Susanne Amore and :
Salvatore Michael Amore, deceased :
:
                Plaintiff, :    Civil Action No.:    06-0198 (RMU)
:
                v. :    Document Nos.:    18, 19
:
ACCOR, S.A. *et al.*, :
:
                Defendants. :

**MEMORANDUM OPINION**

S*ua* S*ponte* D*ismissing the* C*laims* A*gainst* A*ccor*, S.A.

**I. INTRODUCTION**

The plaintiff, Rollin Amore, is the co-administrator[1] of the estates of his mother and brother, Susanne and Salvatore Michael Amore, respectively. He brings a survival action to recover for the pain and suffering that his family members experienced prior to their deaths in a train fire in France. The other co-administrator of the Amore estates, Carolyn Reers,[2] brought a wrongful death and survival action against two of the current defendants in the United States District Court for the Southern District of New York in 2003. Because collateral estoppel bars the plaintiff's claims against defendant Accor, Société Anonyme ("Accor S.A."), the court *sua sponte* dismisses the claims against that defendant.

---

[1] An administrator is "[a] person appointed by the court to administer (*i.e.*, manage or take charge of) the assets and liabilities of a decedent (*i.e.*, the deceased)." B*lack*'*s* L*aw* D*ictionary* 46 (6th ed. 1990).

[2] Co-administrators "are all regarded as one in dealings with the public. Each is authorized to represent the estate in discharging the usual functions of an executor; the act of one being the act of all." *Irwin v. Larson*, 94 F.2d 187, 189 (5th Cir. 1938).

## II. BACKGROUND

### A. Factual Background

On November 6, 2002, the plaintiff's mother and brother died in a train fire while traveling from Paris to Munich. Notice of Removal (Feb. 6, 2006) at 2. The plaintiff's brother's wife and two children also died in the fire. *Id.* The fire allegedly began when a train conductor negligently set fire to the train, then absconded to safety without waking any of the sleeping passengers. *Id.*

On July 21, 2003, Reers filed a complaint in New York as the co-administrator of the Amore estates. Defs.' Mot. to Dismiss Ex. B. Reers brought a wrongful death and survival action against numerous defendants, including Accor S.A. and Accor North America, Inc. ("Accor N.A."), two of the defendants in the instant action. *Id.* ¶¶ 45-66. Reers' complaint alleged that Accor S.A. and Accor N.A. negligently trained the attendants and failed to properly maintain and operate the train itself, causing the Amore family members to experience pain and suffering prior to their deaths. *Id.*; First Am. Compl. ¶¶ 26, 32.

Accor S.A. filed a motion to dismiss the complaint on multiple grounds, including the doctrine of forum non conveniens, in the Southern District of New York. Defs.' Mem. of P. & A. in Response to Show Cause Order ("Defs.' Mem.") Ex. D at 34-46. After the parties submitted briefs on Accor S.A.'s arguments and after the court held oral arguments on Accor S.A.'s motion to dismiss, Judge Cedarbaum issued a forty-six page opinion holding that the doctrine of forum non conveniens barred the plaintiff's suit. *Id.* at 45-46. Applying the two prong test for the application of forum non conveniens set forth by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), Judge Cedarbaum held that France was an adequate

2

alternative forum for litigation and that the relevant public and private interest factors favored litigating in France. *Id.* at 35-46. Judge Cedarbaum dismissed the action and concluded it was "unnecessary to reach the Accor defendants' argument that the complaint fails to state a claim against them." *Id.* at 46.

### B. Procedural History

On November 7, 2005, the plaintiff filed a complaint against Accor N.A., Accor S.A. and Sofitel Group, LLC in the Superior Court of the District of Columbia. First Am. Compl. ¶¶ 5-10. The plaintiff seeks "to recover the damages suffered by the decedents prior to their deaths, which were directly and proximately caused by the ineffective training that the railcar attendants received from the defendants." *Id.* ¶ 1. On February 6, 2006, the defendants removed the case to this court. Notice of Removal (Feb. 6, 2006). The defendants subsequently filed a motion to dismiss the claims against Accor S.A. and Accor N.A, while the plaintiff filed a motion for leave to file an amended complaint seeking to "reflect the corporate name of the actual owner of the Sofitel Lafayette Square Hotel." Pl.'s Mot. to Am. Compl. at 1. On November 9, 2006, the court ordered the plaintiff to show cause why the case should not be dismissed as barred by res judicata. The court now turns to the show cause memoranda.

### III. ANALYSIS

### A. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing

3

FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

### B. Legal Standard for Res Judicata

"The doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983). Res judicata has two distinct aspects – claim preclusion and issue

4

preclusion (commonly known as collateral estoppel) – that apply in different circumstances and with different consequences to the litigants. *NextWave Pers. Commc'ns, Inc. v. Fed. Commc'ns Comm'n*, 254 F.3d 130, 142 (D.C. Cir. 2001); *Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C. Cir. 1983). Under claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Under issue preclusion or collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Allen*, 449 U.S. at 94). In short, "claim preclusion forecloses all that which might have been litigated previously," while issue preclusion "prevents the relitigation of any issue that was raised and decided in a prior action." *I.A.M. Nat'l Pension Fund*, 723 F.2d at 949; *Novak*, 703 F.2d at 1309. In this way, res judicata helps "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and [] prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981); *see also Allen*, 449 U.S. at 94.

Because "res judicata belongs to courts as well as to litigants," a court may invoke res judicata *sua sponte*. *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997); *see also Tinsley v. Equifax Credit Info. Servs., Inc.*, 1999 WL 506720, at *1 (D.C. Cir. 1999) (per curiam) (noting that a district court may apply res judicata upon taking judicial notice of the parties' previous case).

5

### C. The Plaintiff is Collaterally Estopped from Bringing the Survival Claim Against Accor, S.A. in this Court

The plaintiff's survival action[3] against Accor S.A. claims that the company negligently trained the railroad attendants working on the train occupied by the Amore family. First Am. Compl. ¶ 1. The plaintiff's complaint in this court alleges the same facts and raises the same legal issues as the action in New York. *Compare* Defs.' Mot. to Dismiss Ex. B ¶¶ 64-66 *with* First Am. Compl. ¶¶ 27-34. Judge Cedarbaum dismissed the action against Accor S.A. on forum non conveniens grounds, stating that the doctrine barred the plaintiff bringing the claim in the Southern District of New York. Defs.' Mem. Ex. D.

"Since the doctrine of collateral estoppel, like res judicata, 'belongs to courts as well as to litigants,' *sua sponte* consideration is proper." *Burlington Res. Oil & Gas Co. v. U.S. Dep't of the Interior*, 21 F. Supp. 2d 1, 4 n.4 (D.D.C. 1998) (citing *Stanton*, 127 F.3d at 77). A court's collateral estoppel analysis is based on the following three factors:

> First, the issue must have been actually litigated, that is, contested by the parties and submitted for determination by the court. Second, the issue must have been "actually and necessarily determined by a court of competent jurisdiction" in the first trial. Third, preclusion in the second trial must not work an unfairness.

*Otherson v. Dep't of Justice, INS*, 711 F.2d 267, 273 (D.C. Cir. 1983) (citations omitted). The court analyzes each of the three factors is in turn.

#### 1. The Issue of Forum Non Conveniens was "Actually Litigated" by the Parties and "Necessarily Determined" by a Court of Competent Jurisdiction

Under issue preclusion or collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on

---

[3]     Although the New York action included both a wrongful death claim and a survival claim, the action before the court is a survival action. *See generally* First Am. Compl.

6

a different cause of action involving a party to the first case." *Yamaha Corp. of Am.*, 961 F.2d at 254. "[I]ssue preclusion cannot be invoked against a party who did not have a 'full and fair' opportunity to litigate the issue to be precluded." *Otherson*, 711 F.2d at 273 (citations omitted). After Accor S.A. moved to dismiss the New York action on the basis of forum non conveniens, the plaintiff briefed and argued the issue. *See generally* Defs.' Mem. Exs. B & F. After considering the evidence, Judge Cedarbaum issued a forty-six page opinion concluding that forum non conveniens barred litigation in the Southern District of New York. Defs.' Mem. Ex. D at 34-46. Because the plaintiff "fully" litigated the issue of forum non conveniens, the New York court's decision to dismiss the suit against the Accor S.A. bars the plaintiff bringing an identical suit in the District of Columbia.[4]

According to the defendant, "[a] decision dismissing an action in one federal court on forum non conveniens grounds is entitled to collateral estoppel effect in another federal court." Defs.' Mem. at 6. "Issues may be deemed identical even though their factual contexts and underlying claims differ." *Stanton*, 127 F.3d at 77-78; *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 27 COMMENT C (1982) (recognizing that "identity of issues include overlap between evidence and argument to be advanced, application of same rule of law, and relation between claims involved"). Although the plaintiff now brings the claim in the District of Columbia, the underlying facts supporting the plaintiff's complaint are identical to the underlying facts supporting the complaint filed in the Southern District of New York. *Compare*

---

[4] Judge Cedarbaum's determination that forum non conveniens barred the plaintiff's suit in New York is a "necessary" determination because it was essential to the judgment. *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (citing to RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982), which explains that "[w]hen an issue of fact or law is actually litigated and determined by valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties").

First Am. Compl. ¶¶ 15-26 *with* Defs.' Mot. to Dismiss Ex. B ¶¶ 1-5. Both complaints allege that the Amores experienced undue pain and suffering as a result of their deaths on a train fire in France. *Compare* First Am. Compl. ¶ 1 *with* Defs.' Mot. to Dismiss Ex. B ¶ 65. The complaints both allege that Accor S.A. negligently trained the attendants, causing pain and suffering to the Amores. *Id.*

Contrary to the plaintiff's argument, Pl.'s Response to the Court's Show Cause Order ("Pl.'s Mem.") at 4, for the purposes of the forum non conveniens analysis, it is of no moment that one complaint was brought in New York and one was brought in the District of Columbia because Judge Cederbaum's forum non conveniens dismissal is a determination that the merits of the case should be adjudicated in a court abroad, rather than in the United States. *Sinochem Int'l. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 127 S. Ct. 1184, 1192 (2007); *see also Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994) and *Neubrech v. Am. Nat. Red Cross*, 2005 WL 485185, at *1 (D.D.C. Mar. 2, 2005). Because Judge Cederbaum already determined that this case does belongs in a French court, the plaintiff is collaterally estopped from litigating that issue in this court.

### 2. Preclusion Does Not Work Unfairness

The application of equitable estoppel is inappropriate if preclusion promotes unfairness. *Otherson*, 711 F.2d at 273 (citations omitted). In this case, the doctrine of issue preclusion does not work unfairness because the first representative of the Amore estates had a full and fair opportunity to present her claim and argue the forum non conveniens issue in the Southern District of New York. Defs.' Mot. to Dismiss Ex. G at 21-23 and Defs.' Mem. Ex. F at 37-48. Judge Cedarbaum weighed the evidence and determined that France was the proper forum for litigation of the issue, rejecting the plaintiff's argument that French courts provided an

8

"unsatisfactory" remedy. Defs.' Mem. Ex. D at 45-46. Because the plaintiff fully and fairly litigated the forum non conveniens issue in the Southern District of New York, preclusion of the issue does not work unfairness.

As our Circuit has stated, "[c]ourts today are having difficulty giving a litigant one day in court. To allow that litigant a second day is a luxury that cannot be afforded." *Stanton*, 127 F.3d at 77 (quoting *Nat'l Treasury Employees Union v. IRS*, 765 F.2d 1174, 1177 (D.C. Cir. 1985)). In this case, preclusion is appropriate because it "conserve[s] judicial resources, avoids inconsistent results, engender[s] respect for judgments of predictable and certain effect, and [] prevent[s] serial forum-shopping and piecemeal litigation." *Hardison*, 655 F.2d at 1288.

## IV. CONCLUSION

For the foregoing reasons, the court *sua sponte* dismisses the claims against Accor, S.A.. An order consistent with this Memorandum Opinion is issued this 30th day of April, 2007.

RICARDO M. URBINA
United States District Judge
