Thomas A. Leghorn (TAL-6244)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAROLYN BEERS, in her capacity as Personal
Representative of the Estate of SUSANNE AMORE,
deceased, and SALVATORE MICHAEL AMORE,
deceased, KATHRYN MEYERS-TONUCCI,
Individually and in her capacity as Personal
Representative of the Estate of JEANNE MEYERS
AMORE, deceased, and GEORGE GUERTIN,
in his capacity as Personal Representative of
the Estates of EMILY JEANNE AMORE, deceased,
and MICHAEL B. AMORE, deceased

                Plaintiffs,

     v.

DEUTSCHE BAHN AG, a Republic of Germany
Corporation, DEUTSCHE BAHN REISE &
TOURISTIK, AG, a Republic of Germany
Corporation, DEUTSCHE BAHN AUTOZUG AG,
a Republic of Germany Corporation, DEUTSCHE
BAHN NACHZUG AG, a Republic of Germany
Corporation, STINNES CORPORATION, a New
York Corporation, Mr. VOLKER, an Individual,
ACCOR SA, a Republic of France Corporation,
ACCOR NORTH AMERICA, INC., a New York
Corporation, COMPAGNIE INTERNATIONALE
DES WAGONS-LITS, a Republic of France
Corporation, and ISG-DSG GmbH, a Republic
of Germany Corporation,

                Defendants.

03-CV-5360

**AFFIDAVIT OF ALAN J. RABINOWITZ IN SUPPORT OF DEFENDANT ACCOR NORTH AMERICA, INC.'S MOTION TO DISMISS PURSUANT TO FRCP 12 (b)(6)**

---

599390.1

| | |
|---|---|
| STATE OF TEXAS | ) |
| | ) ss. |
| COUNTY OF DENTON | ) |

ALAN J. RABINOWITZ, being duly sworn, deposes and says:

1. I am the Executive Vice President, General Counsel, and Secretary for ACCOR North America, INC. (hereinafter "Accor N.A."), a defendant in this action, and I am authorized to submit this affidavit on its behalf. This affidavit is based upon my personal knowledge of the facts and circumstances regarding this matter and is submitted in support of Accor N.A.'s request for an Order dismissing the plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. Accor N.A. is a corporation duly organized under the laws of the State of Delaware, with its principal place of business located at 4001 International Pkwy. Carrollton, TX 75007.

3. Accor S.A. is a separate and distinct company located in, and incorporated under, the laws of France.

4. Accor N.A. is the managing general partner of Motel 6 Operating LP that owns or operates motels under the name of Motel 6 and Studio 6 and provides assorted services to its affiliated company, Red Roof Inns, which owns or operates inns under the name of Red Roof Inns.

5. Accor N.A. is not, and has not ever been, in the business of manufacturing and/or refurbishing railcars. Moreover, Accor N.A. had no involvement in the operation, management, refurbishment or maintenance of railcar #120.

599390.1

6. Accor N.A. is not a wholly owned subsidiary of Accor S.A. Attached collectively as **Exhibit "C"** are two charts setting forth the Accor group's corporate structure. As **Exhibit "C"** demonstrates:

(a) Accor N.A. is a wholly owned subsidiary (100%) of IBL Limited, Inc.

(b) IBL Limited, Inc. is in turn a wholly owned subsidiary of Accor Lodging North America (Accor USA Holding)

(c) Accor Lodging North America (Accor USA Holding) is partially owned (40.61%) by Accor S.A.

(d) The remaining 59.39% of Accor Lodging North America is owned by IBL S.A.

7. My review of the plaintiffs' complaint revealed that the plaintiffs are attempting to create the fiction that Accor N.A., Accor S.A., Compagnie Internationale Des Wagons-Lits ("CIWLT") and some company identified as ISG-DSG GmbH ("ISG") are in essence all one company, when in fact, they are separate and distinct corporations, separated by several other separate and distinct corporations. In preparing this affidavit, I have come to learn that ISG was at one time a company established in the Republic of Germany as a joint venture with a 50% ownership by Deutsche Bundesbahn and 50% by CIWLT, a Belgium corporation. I have also learned that ISG has been in liquidation since 2000.

599390.1

8. Therefore, there is absolutely no basis for the contention that Accor N.A. is a mere department of Accor S.A., CIWLT and/or ISG.

> (a) Accor N.A. does not issue stock as it is a privately held corporation owned 100% by IBL Limited, Inc;
>
> (b) Accor S.A. does not exercise such control over the day-to-day operations of Accor N.A. that Accor N.A. is a mere instrumentality of Accor S.A.;
>
> (c) CIWLT does not exercise such control over the day-to-day operations of Accor N.A. that Accor N.A. is a mere instrumentality of CIWLT;
>
> (d) ISG does not exercise such control over the day-to-day operations of Accor N.A. that Accor N.A. is a mere instrumentality of ISG.
>
> (e) Accor N.A. does not share common office space, addresses, or telephone numbers with Accor S.A., CIWLT and/or ISG;
>
> (f) Accor N.A. is not dependent upon approval from Accor S.A., CIWLT and/or ISG in order to make day-to-day business decisions, nor are Accor S.A., CIWLT and/or ISG dependent upon Accor N.A. for approval to make business decisions;
>
> (g) Accor N.A. maintains its own financial records, pays for its own expenses and taxes, and pays the salaries of its employees;
>
> (h) Accor N.A. is not financially dependent upon Accor S.A., CIWLT and/or ISG;
>
> (i) Accor N.A. maintains its own employees and handles the hiring, training and termination of employees without input from Accor S.A., CIWLT and /or ISG;
>
> (j) Accor S.A.'s minimal degree of control over the marketing and operational policies of Accor N.A. is merely what inherently exists as the result of the use by Accor N.A. of trade names in common with Accor S.A.

9. The undisputed facts are these: (i) there is not a single allegation and/or cause of action contained within the plaintiffs' complaint directed at Accor N.A.; (ii) Accor N.A. is a not a subsidiary of Accor S.A., ISG and/or CIWLT (iii) Accor S.A., CIWLT and/or ISG do not exercise complete dominion and control over Accor N.A.; (iv) Accor N.A., does not exercise complete dominion and control over Accor S.A., CIWLT and/or ISG; and (v) the plaintiffs'

cannot demonstrate any disregard for the corporate independence and/or a "unity of interest" between Accor N.A., Accor S.A., CIWLT and/or ISG.

Dated: Dallas, Texas
October 8, 2003

_____
ALAN J. RABINOWITZ

Sworn to before me this 22nd
day of October, 2003.

_____
Notary Public

GRETCHEN GRENNELL
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
APRIL 23, 2005