UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

---

ROLLIN AMORE, *et al.*

           Plaintiffs,

           v.

ACCOR SA, *et al.*

           Defendants.

Civil No.: 1:06-cv-00198 (RMU)

---

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT

Plaintiff ROLLIN AMORE, as co-administrator of the Estates of Susanne Amore and Salvatore Michael Amore, by his undersigned counsel, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Local Rules 7(i) and 7(m), hereby moves this Honorable Court to grant the Plaintiff leave to amend the First Amended Complaint.

### Procedural Background

1.    On March 23, 2006, Plaintiff filed a Motion for Leave to Amend the First Amended Complaint (the "FAC").

2.    On April 30, 2007, the Court issued an order that, *inter alia*, struck all pending motions before the Court, including Plaintiff's original Motion to Amend the FAC.

3.    On June 1, 2007, the Court ordered the parties to file any further motions they deem necessary on or before July 10, 2007. Plaintiff's motion is therefore timely pursuant to the Court's Order.

4.    The Plaintiff respectfully submits that good cause exists for leave to be granted.

5.    Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires."

6.    In this case, the Plaintiff's proposed Second Amended Complaint (SAC) does not make any substantive changes to the First Amended Complaint (FAC).  Rather, the SAC simply seeks to reflect the correct corporate name of the defendant entity that actually owns and/or operates the Sofitel Lafayette Square hotel, *i.e.*, DC Sofitel, LLC.  Additionally, the SAC removes Accor SA as a named defendant in accordance with the Court's dismissal of Accor SA.

7.    Although the Plaintiff's FAC incorrectly named the Sofitel Group LLC as the owner of the Sofitel Lafayette Square, it was the Plaintiff's clear intention to name as a defendant the *owner* of that hotel, irrespective of the corporate name. (*See* FAC Comp. ¶ 7.) Plaintiffs should have named and sued DC Sofitel, LLC as the entity that owns the Sofitel Lafayette Square.  Plaintiffs invoke the "misnomer principle" in an effort to remedy this error.

8.    As further support of this intent, and as acknowledged by the Defendants, the Plaintiff properly served the summons and complaint in this case on the manager of the Sofitel Lafayette Square hotel.

9.    The Defendants in this case will not be prejudiced if leave is granted since Defendant has been aware of the Plaintiff's intention to amend the complaint as well as the Plaintiff's original intent to name as a defendant the owner of the Sofitel Lafayette Square hotel.

10.    As required by Local Rule 7(i), the proposed pleading as amended is attached hereto (Attachment "A").

WHEREFORE, Plaintiff Rollin Amore, hereby moves for leave to amend his complaint.

                               Respectfully submitted,

                               PATTON BOGGS, LLP

By:      /S/

Christopher W. Hellmich, Esquire (Bar No 468840)
Read McCaffrey, Esquire (Bar No 413837)
2550 M Street, NW
Washington, DC  20037
Tel.: (202) 457-6504
Fax: (202) 457-6315

Dated: July 10, 2007

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

_____

ROLLIN AMORE, *et al.*

                Plaintiffs,

      v.                                    Civil No.: 1:06-cv-00198 (RMU)

ACCOR SA, *et al.*

                Defendants.

_____

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT**

    Plaintiff ROLLIN AMORE, as co-administrator of the Estates of Susanne Amore and Salvatore Michael Amore, by his undersigned counsel, pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Rule 7(d) and (e) hereby submits this memorandum in support of Plaintiff's motion for leave to amend the First Amended Complaint ("FAC") and file a Second Amended Complaint ("SAC").

**I.    FACTUAL BACKGROUND**

    The Plaintiff, Rollin Amore, brings this lawsuit *Pendente Lite* as the Co-Administrator of the Estates of Susanne Amore and Salvatore Michael Amore. The Plaintiff is a life long resident of the District of Columbia, and the D.C. Superior Court granted Plaintiff's request to open estate proceedings here in the District for the decedents because they owned an interest in real property located in the District.

    Plaintiff's mother and brother, as well as Plaintiff's brother's wife and their two young children ages twelve and eight, died a horrific death in a train fire out outside Nancy, France at

1

approximately 1:45 a.m. on November 6, 2002. (Compl., ¶¶ 1, 15). In total, twelve people were killed in the fire. The train was staffed with employees of an Accor SA subsidiary who were all and directly trained by Accor SA at the Accor Academy. The official French government investigation found that Accor SA failed to provide any meaningful fire safety instruction let alone any train fire safety instruction for the train personnel. Instead of aiding the trapped victims the Accor trained employees failed to alert the train to stop, failed to use the present fire extinguishers, ran away from the fire and failed to alert first responders that they could gain immediate access to save the Amore family by traversing through the adjoining railcar. Meanwhile, the Amore children were seen by witnesses to be pounding on the railcar windows trying futilely to escape.

When the Amore family died, Accor SA was the ultimate and actual owner and operator of the Accor Academy. Accor SA was also the ultimate owner and alter ego of both Accor NA and/or D.C. Sofitel, LLC.

The Sofitel Lafayette Square is located at 806 15th Street NW, Washington, DC 2005. Based on available information, Plaintiff's First Amended Complaint incorrectly named the SOFITEL GROUP, LLC as the owner of the Sofitel Lafayette Square hotel and thus a defendant. Instead, D.C. SOFITEL, LLC owns the Sofitel Lafayette Square hotel. Plaintiff's counsel personally conducted a search of the District's records for registered businesses that included the name "Sofitel." The undersigned Plaintiff's counsel certifies that he did not discover the entity "D.C. Sofitel, LLC," but only the entity called "Sofitel Group, LLC." Plaintiff's counsel was further reasonably led to believe this was the entity that owned the Sofitel Lafayette Square. It is for this reason that Plaintiff personally served the correct establishment, but failed to get the name exactly correct. Plaintiff's proposed Second Amended Complaint corrects this technical

2

error.  In addition, Plaintiffs already served the complaint on the Manager of the Sofitel Lafayette Square hotel.

Upon information and belief, DC Sofitel LLC is a wholly owned subsidiary of the already named Defendants and the Sofitel Lafayette Square hotel.  Indeed, the press release announcing the opening of the hotel in July 2002 states that "Sofitel is the prestige brand of Accor hotels . . ." and holds out Accor as the only owner of the Washington, D.C. Sofitel.  Compl., at ¶ 7.

## II.    ARGUMENT

### A.    The Plain Language Of Rule 15 Requires Leave to Amend To Be Freely Granted

When a party is no longer entitled to amend its pleading as a matter of right, the party may still amend its pleading by obtaining the leave of the court or the consent of the opposing party.  *See* Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Autozone Development Corp. v. Dist. of Columbia*, 2006 WL 522437 *2 (D.D.C. 2006).  Whether or not a court should grant the leave to amend is committed to its sound discretion.  *See Autozone*, 2006 WL 522437 *2 (*citing Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  It also is a case-by-case determination.  *See Dove*, 221 F.R.D. 246, 247 (*quoting Harris v. Sec'y, United States Dep't of Veterans Affairs*, 126 F.3d 339, 343 (D.C. Cir. 1997)).  However, the text of Fed. R. Civ. P. 15(a) states that "leave [to amend] *shall* be given when justice so requires," Fed. R. Civ. P. 15(a) (emphasis added), and "[t]he court must . . . heed [the Rule's] mandate." *Autozone*, 2006 WL 522437 *2 (*citing Firestone*, 76 F.3d at 1208 (D.C. Cir. 1996)).  Consequently, the Court's discretion is circumscribed: "it is an 'abuse of discretion' when a district court denies leave to amend without a 'justifying' or sufficient reason." *Dove v. Washington Metropolitan Area Transit Authority*, 221 F.R.D. 246 (D.D.C. 2004) (*citing Foman*, 371 U.S. at 182;

3

*Firestone*, 76 F.3d at 1208).  Such "justification" includes "undue delay, bad faith, repeated failure to cure a pleading's deficiencies, undue prejudice to the opposing party, and futility of amendment."  *Id.* (internal citations omitted).  In addition, the party opposing leave to amend bears the burden of persuasion under Rule 15(a).  *See Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D.D.C. 2004).  The Defendants have not met this burden.  No such justification is present in the given case, and denying leave to amend therefore would be an abuse of discretion.

The purpose of Rule 15 also supports this Court granting leave to amend.  The purpose and goal of Rule 15 is to adjudicate cases on their merits rather than mere technicalities.  *Id.* (stating that "the purpose of pleadings under the Federal Rules of Civil Procedure is to facilitate a proper decision on the merits, not to set the stage for a game of skill in which one misstep by counsel may be decisive in the outcome" and noting that rule 15 "further[s] the goal of deciding cases on their merits and avoiding adjudication by technicality") (internal citations omitted).  As a result, "'[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim *on the merits*.'" *Autozone*, 2006 WL 522437 *2 (*citing Foman*, 371 U.S. at 182) (emphasis added).  The Plaintiff's proposed Second Amended Complaint states a claim against DC Sofitel, LLC as the mere department or alter ego of Accor SA and should have the claim decided on the merits, not on the technicality that Plaintiff misidentified the corporate name of the owner of the Sofitel Lafayette Square hotel but correctly served them.

4

**B.**     **<u>No Grounds Exist Justifying Denial of Plaintiff's Motion</u>**

As stated above, the Defendants in this case bear the burden of demonstrating the presence of one of the "justifying" reasons to deny leave to amend. *See Nwachukwu*, 222 F.R.D. at 211. Defendants' contention that Plaintiff's proposed Second Amended Complaint is futile and would cause undue prejudice is unavailing in this regard.

<u>The Second Amended Complaint Can Survive a Motion to Dismiss and Therefore is Not Futile</u>

Although a court may deny leave to amend if the proposed complaint cannot survive a motion to dismiss, *see James Madison Ltd. v. Ludgwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996), that factor is not present in this case. The Plaintiff's proposed Second Amended Complaint states a valid claim against DC Sofitel, LLC as the alter ego, mere department, or agent of Accor SA. As such, the Second Amended Complaint would survive a motion to dismiss and is not futile.

A complaint may only be dismissed under Fed. Rule Civ. P. 12(b)(6) if, assuming as true all of the facts alleged in the complaint, "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Rochon v. Gonzales*, 438 F.3d 1211, 1216 (D.C. Cir. 2006) (*quoting Conley v. Gibson,* 355 U.S. 41, 45-46, (1957). In addition, the Court "must grant [the] plaintiff the benefit of all reasonable inferences from the facts alleged." *Gilvin v. Fire*, 259 F.3d 749, 756 (D.C. Cir. 2001) (internal citations omitted).

Taking all of the Plaintiff's facts as true, which this Court must, the Plaintiff alleges facts sufficient to demonstrate that DC Sofitel, LLC is the alter ego, mere department, or agent of Accor SA. (*See* Compl. ¶¶ 5-9). This is especially true since the Plaintiff does not even have to make a *prima facie* case to survive the motion to dismiss. *See Idea Public Charter School v.*

*Belton*, 2006 WL 667072, *4 (D.D.C. 2006) (*citing Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1113 (D.C.Cir.2000)).

As the alter ego, mere department, or agent, of Accor SA, Accor SA's liability is imputed to both Accor NA and D.C. Sofitel. *See e.g.*, *United States v. Nynex Corp.*, 788 F.Supp. 16, 18, n.3 (D.D.C. 1992) (internal citations omitted). Consequently, it is irrelevant whether the Plaintiff alleges that Accor N.A. and DC Sofitel, LLC played a role in the train fire that killed the decedents or the ineffective training that the railcar attendants received.

The above demonstrates that Plaintiff's "proposed [second] amended complaint stands more than a 'little chance' of success." *Autozone*, 2006 WL 522437 at *3 (*citing Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996)). Even if this Court believes it a close question, the Court should at the least "err[] on the side of affording the plaintiff[] a full and fair opportunity to present the merits of their case." *Id.*

<u>The Second Amended Complaint Will Not *Unduly* Prejudice Defendants</u>

Denying leave to amend for prejudice to the non-moving party requires that the prejudice actually be "undue," rather than merely harming the opposing party. *See Dove*, 221 F.R.D. at 248. Such a requirement makes sense: "although any amendment designed to strengthen the other side's case will in some way harm the opponent, it does not necessarily follow that such an amendment must be "unduly" prejudicial." *Id.* at fn. 3 (internal citations omitted). The "additional expense and frustration" that Defendants *may* incur does not amount to "undue" prejudice or harm. Moreover, it is unclear whether Defendants will even suffer any additional expense or frustration.

This Court has defined undue prejudice as the "denial of the opportunity to present facts or evidence which [] would have [been] offered had the amendment[] been timely." *Dove*, 221 F.R.D. at 248 (internal citations omitted). Two examples of such prejudice are if the proposed

6

amendment would affect the non-moving party's choice of counsel or strategy. *See id* (*citing Atchison v. District of Columbia*, 73 F.3d 418, 427 (D.D.C. 1996)). Defendants can not claim that either of these factors is implicated by Plaintiff's proposed Second Amended Complaint.

Nor are other factors that courts may look at present in this case. In *Atchison*, the court upheld the district court's decision in part because the plaintiff in that case sought leave to amend "on the eve of trial, when discovery was complete." *Atchison*, 73 F.3d at 427. By contrast, this litigation is still in its "early stages" and discovery has not even started. *Dove*, 221 F.R.D. at 249 (noting that the case "is in its early stages given that the parties have yet to appear for an initial scheduling conference or commence discovery.").

<u>Granting Leave to Amend Would Be Consistent With the Rest of Rule 15 and the "Misnomer-Principal"</u>

The "misnomer principle" permits leave to amend "where a party . . . has named and served the right defendant by the wrong name." *I.A.M. National Pension Fund v. TMR Realty Co., Inc.*, 2006 WL 544012 *5 (D.D.C. 2006). Determining whether the plaintiff has sued the right party under the wrong name or sued the wrong party depends on the factual circumstances of the case. *See Gipson v. Wells Fargo Corp.*, 382 F.Supp.2d 116, 120 (D.D.C. 2005). In *Gipson*, the district court determined that the plaintiff was suing the right party by the wrong name because it was clear from the beginning whom the plaintiff intended to sue; multiple defendants had the same words in their corporate name; and the plaintiff came close to correctly identifying the defendant. *See id.* These same factors suggest the same for the current case. From "the outset of this suit, plaintiff has clearly sought to sue" the corporate owner, and ultimate owner, of the Sofitel Lafayette Square hotel in Washington, D.C. *Id. See also* Complaint, ¶ 7; Pl. Mot. to Remand, ¶ 6-8. In addition, the Plaintiff came close to the correct

7

name when it identified the "Sofitel Group, LLC," as opposed to "DC Sofitel, LLC," from the District of Columbia Consumer and Regulatory Affairs database.

### III.    CONCLUSION

This Court previously has called attention to "the wisdom that man was not created to serve the law, but that the law was created to serve man" and the fact that the federal rules are not intended to create "traps that ensnare the unsuspecting but well-intentioned litigant." *Dove*, 221 F.R.D. at 249 (internal citations omitted). Allowing such amendments helps "facilitate a decision on the merits." *Id.* Based on the foregoing, the Plaintiff respectfully requests that this Court grant his motion for leave to amend the First Amended Complaint and adopt the Second Amended Complaint.

                                  Respectfully submitted,

                                  PATTON BOGGS, LLP

                By:      /S/_____
                                  Christopher W. Hellmich, Esquire (Bar No 468840)
                                  Read McCaffrey, Esquire (Bar No 413837)
                                  2550 M Street, NW
                                  Washington, DC  20037
                                  Tel.: (202) 457-6504
                                  Fax: (202) 457-6315

Dated: July 10, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify on this 10th day of July, 2007, Plaintiff's MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT was filed and served electronically on:

>Robert B. Wallace, Esq.
>Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
>The Colorado Building
>Suite 500
>1341 G. Street, N.W.
>Washington, DC  20005
>
>　　　　　　　/S/
>　　Christopher W. Hellmich, Esq.

9