**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

ROLLIN AMORE as co-administrator of the Estates of Susanne Amore and Salvatore Michael Amore, deceased,

Plaintiff

v.

ACCOR SA, ACCOR NORTH AMERICA, INC., SOFITEL GROUP, LLC, and DOES 1-5,

Defendants.

Civil No.: 1:06CV00198 (RMU)

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendant Accor North America, Inc. ("Accor NA") submits this memorandum of points and authorities in opposition to plaintiff's motion for leave to file a second amended complaint pursuant to Fed. R. Civ. P.15:

**I**

**FACTUAL BACKGROUND**

Susanne and Salvatore Michael Amore died in a railcar fire on an overnight train from Paris, France to Munich, Germany on November 6, 2002. (SDNY Complaint Ex. A ¶¶ 1.) The representative of their estates first sued Accor SA and Accor NA in the U.S. District Court for the Southern District of New York. (Ex. A ¶¶ 1, 18-19.) Hon. Miriam Goldman Cedarbaum dismissed the claim against Accor NA for failure to state a claim under Fed. R. Civ. P. 12 (b)(6)

and dismissed the action against Accor SA pursuant to the doctrine of *forum non conveniens*. (Order Ex. B; Memorandum Decision Ex. C at 34-46.)

The estates abandoned their appeal of Judge Cedarbaum's decision and did not commence an action in France. Instead, two years later, a new representative for the same estates commenced an action arising from the same events in Superior Court for the District of Columbia on November 7, 2005. (Complaint Ex. D ¶¶ 1, 15-25.) Shortly thereafter, plaintiff filed an amended complaint on January 6, 2006, identifying three named defendants – Accor SA, Accor NA, and Sofitel Group, LLC. (Amended Complaint Ex. E ¶¶ 5-10.)

Accor NA and Accor SA filed a notice of removal on February 6, 2006. (Notice of Removal Ex. F.) Defendants argued that this court had removal jurisdiction over the claim pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq*. because plaintiff's complaint fraudulently joined Sofitel Group, LLC as a defendant. (Ex. F ¶¶ 14-19, 24-28.) Defendants also moved to dismiss the complaint, arguing, among other things, that collateral estoppel and *res judicata* precluded re-litigation of their dismissals in the Southern District of New York (Mot. to Dismiss Ex. G.)

Plaintiff then moved to remand pursuant to 28 U.S.C. § 1447, arguing that he intended to name the owner and/or operator of the Sofitel Lafayette Square hotel in the District of Columbia. (Mot. to Remand Ex. H at 2-5.) Plaintiff voluntarily withdrew the motion to remand on March 17, 2006. (Mot. to Withdraw Ex. I at 1-2.) Plaintiff then moved for leave to file a second amended complaint adding DC Sofitel LLC as a defendant pursuant to Fed. R. Civ. P. 15 on March 23, 2006. (Pl. Mot. to Amend Ex. J at 3.)

Plaintiff's motion to amend and defendants' motion to dismiss remained pending until this court issued an order directing plaintiff to show cause as to why the case should not be dismissed pursuant to *res judicata* and collateral estoppel. (Order to Show Cause Ex. K.) The

court then issued a *sua sponte* order dismissing Accor SA on collateral estoppel grounds and striking, without deciding, plaintiff's motion to amend and defendant's motion to dismiss. (Order and Decision Ex. L.) Pursuant to the court's scheduling order, Accor NA moved to dismiss and for summary judgment, and plaintiff filed this motion to file a second amended complaint.

As stated more fully below, plaintiff's proposed amendment is futile. If DC Sofitel LLC is an alter ego of Accor SA, as plaintiff alleges, then the separate companies are treated as one legal entity. In which case, this court's dismissal of Accor SA also compels the dismissal of its alleged alter ego. If DC Sofitel LLC is not Accor SA's alter ego, as Accor NA proves in this brief, then the proposed amendment fails to identify any independent wrong on the part of DC Sofitel LLC that would survive a motion to dismiss. Plaintiff's proposed amendment should also be denied based on plaintiff's attorneys' admissions in the Southern District New York litigation and due to the prejudice the proposed amendment would cause.

## II

## ARGUMENT

### *A.* ***A motion to amend should be denied when the proposed amendment is futile or would unduly prejudice defendant.***

Leave to amend shall be freely granted. Fed. R. Civ. P. 15 (a). Leave should be denied, however, when the proposed amendment is legally insufficient or futile. *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). An amendment is futile if it fails to state a legal theory or could not withstand a motion to dismiss. *James Madison*, 82 F.3d at 1099 (amendment futile if it would not withstand a motion to dismiss); *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004) (allegations in amendment were legally insufficient).

Leave to amend should also be denied when the amendment would unduly prejudice defendant. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In determining what constitutes



69264.1

"prejudice," courts typically consider whether the amendment would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. *Block v. First Blood Assocs*., 988 F.2d 344, 350 (2d Cir. 1993); *see, e.g., Atchison v. District of Columbia*, 73 F.3d 418, 426-427 (D.C. Cir. 1996) (district court properly denied leave to amend on futility and prejudice grounds).

### *B.* ***If DC Sofitel LLC and Accor SA are "alter egos," then the same reasons justifying Accor SA's dismissal also render the proposed amendment futile.***

Plaintiff offers no reason justifying DC Sofitel LLC's addition as a defendant other than the allegation that DC Sofitel LLC is an alter ego of Accor SA. Assuming the truth of plaintiff's alter ego allegation means that Accor SA must dominate DC Sofitel LLC so as to "negate its separate personality." *See Coosemans Specialties, Inc. v. Dep't of Agric*., 482 F.3d 560, 568 (D.C. Cir. 2007). The alter ego doctrine, therefore, disregards the separate corporate fiction and puts the entities in "identical" positions. *Valley Finance, Inc. v. United States*, 629 F.2d 162, 171 n.17 (D.C. Cir. 1980).

If DC Sofitel LLC and Accor SA are to be treated as the same company, as plaintiff alleges, then DC Sofitel LLC is entitled to invoke the same defenses that justified Accor SA's dismissal. As such, this court's dismissal of Accor SA, as a matter of law of the case, also compels the dismissal of DC Sofitel LLC, if, as plaintiff's argument suggests, the separate companies are actually one and the same. Accordingly, plaintiff's proposed amendment adding DC Sofitel LLC as a defendant could not survive a motion under Fed. R. Civ. P. 12(b)(6), and plaintiff's alter ego allegation does not salvage the futility of the proposed amendment.

***C. <u>Plaintiff's alter ego allegation is patently false.</u>***

Assuming the truth of plaintiff's alter ego allegation should not, however, end the inquiry because the assertion is both unsupported and patently false. Plaintiff offers nothing more than a press release announcing the opening of the Sofitel Lafayette Square hotel to support his "information and belief" that DC Sofitel LLC is an alter ego of Accor SA. As indicated in the accompanying declaration of Alan Rabinowitz, Esq., however, DC Sofitel LLC is a wholly-owned subsidiary of Accor Business and Leisure North America, Inc., which is owned (100%) by Accor Lodging North America, Inc. (Ex. M ¶¶ 5-8.) Accor Lodging North America, Inc. is owned by Accor SA (62.14%) and IBS SA (37.86%). (Ex. M ¶¶ 5-8.)

Accor SA exercises no control over the day-to-day operations of DC Sofitel LLC. (Ex. M ¶¶ 5-8.) DC Sofitel LLC is not dependent on Accor SA for approval to make day-to-day business decisions. (Ex. M ¶¶ 5-8.) It is not financially dependent on Accor SA. (Ex. M ¶¶ 5-8.) DC Sofitel LLC also maintains its own financial records and pays its own expenses, taxes, and salaries. (Ex. M ¶¶ 5-8.) It handles the hiring, training, and termination of employees without input from Accor SA. (Ex. M ¶¶ 5-8.) Nor is it a designated agent for service of process on Accor SA. (Ex. M ¶¶ 5-8.)

***D. <u>If DC Sofitel LLC and Accor SA are not "alter egos," then the amendment fails to allege any connection between DC Sofitel LLC and the events of November 6, 2002.</u>***

As demonstrated in Mr. Rabinowitz's declaration, DC Sofitel LLC is not an alter ego of Accor SA. Plaintiff's proposed amendment, however, asserts no reason to add DC Sofitel LLC other than the alter ego doctrine. As such, the proposed complaint fails to allege any independent wrong connecting DC Sofitel LLC to the events of November 6, 2002, in Nancy, France. If plaintiff's allegation that DC Sofitel LLC and Accor SA are "alter egos" is legally insufficient, as

demonstrated above, then the proposed amended complaint fails to state a claim sufficient to withstand a motion under Fed. R. Civ. P. 12(b)(6).

Specifically, plaintiff's proposed second amended complaint referred to Accor SA as "ACCOR." (Second Amended Complaint Ex. N ¶¶ 6-7, 9.) Plaintiff referred to the other defendants separately, however, as "ACCOR N.A." and "DC SOFITEL, LLC." (Ex. N ¶¶ 6-7.) Plaintiff claimed that "ACCOR" owned and operated the "Accor Academy," trained attendants, and failed to inspect the railcar, provide basic fire safety information, identify and remedy fire and safety violations, or take reasonable steps to evacuate the railcar. (Ex. N ¶¶ 16-21.)

There is no allegation that "DC SOFITEL, LLC" owned or operated "Accor Academy." (Ex. N ¶¶ 16-21.) There is no allegation that "DC SOFITEL, LLC" participated in any way in "Accor Academy." (Ex. N ¶¶ 16-21.) There is no allegation that "DC SOFITEL, LLC" provided any training to any of the railcar attendants on November 6, 2002. (Ex. N ¶¶ 16-21.) There is no allegation that anyone connected with the events of November 6, 2002, or "Accor Academy" was an employee or agent of "DC SOFITEL, LLC." (Ex. N ¶¶ 16-21.) Nor is there any allegation that "DC SOFITEL, LLC" was involved, in any way, with the Paris-Munich train on which the Amores were passengers. (Ex. N ¶¶ 16-21.)

***E. Plaintiff's concession that Accor NA did nothing wrong is the SDNY litigation renders plaintiff's proposed amendment futile.***

The estates' representative's attorneys conceded in the Southern District of New York litigation, "We didn't allege that Accor NA did anything wrong." (Colloquy Ex. O at 27, ln. 13-15.) As a result, Judge Cedarbaum granted defendant's motion to dismiss the complaint against Accor NA pursuant to Fed. R. Civ. P. 12 (b)(6). (Ex. B.) As the operations of both Accor NA and DC Sofitel LLC are limited to business interests in North America, plaintiff's admission that Accor NA was not responsible for the events of November 6, 2002, should also extend to DC

Sofitel LLC. Therefore, there is no legally viable claim stated in the second amended complaint against DC Sofitel LLC and this Court should, therefore, deny plaintiff's motion for leave to amend.

***F.*** ***Accor NA will suffer undue prejudice if plaintiff is granted leave to amend.***

Accor NA submits that it will be unduly prejudiced by plaintiff's proposed amendment adding DC Sofitel LLC to this case. As previously stated, a representative for the same estates commenced an action arising from the same events in the Southern District of New York on July 21, 2003. (Ex. A ¶¶ 1, 18-19.) Accor NA and Accor SA both prevailed in the SDNY litigation, to which DC Sofitel LLC was not a party. (Ex. A; Ex. B; Ex. C at 34-46.)

Plaintiff now seeks to impose liability against Accor NA in the District of Columbia arising from the same events. To create the illusion of a connection between the events of November 6, 2002, in Nancy, France and the District of Columbia, plaintiff attempted to sue Sofitel Group, LLC, a corporate entity that plaintiff incorrectly believed to be the owner and operator of the Sofitel Lafayette Square hotel. (Ex. E ¶¶ 5-10.) Now, nearly four years after commencing the first case in the SDNY, plaintiff wishes to add DC Sofitel LLC as a defendant.

The addition of DC Sofitel LLC, however, will significantly prejudice Accor NA. There is no connection between DC Sofitel LLC and the deaths of plaintiff's decedents alleged in the proposed second amended complaint. (Ex. N ¶¶ 16-21.) The addition of DC Sofitel LLC will only serve to perpetuate the SDNY litigation that Accor NA and Accor SA already won. Accor NA and Accor SA should not be required to incur the additional expense and frustration of plaintiff's attempt to take a "second bite at the apple." Accordingly, defendants respectfully submit that plaintiff's motion to amend should be denied.

**III**

**CONCLUSION**

If DC Sofitel LLC is Accor SA's "alter ego," then plaintiff's proposed amendment is futile because DC Sofitel LLC would be entitled to invoke the same defenses that justified Accor SA's dismissal. If, as defendant's proved, DC Sofitel LLC is not Accor SA's "alter ego," then the proposed amendment is futile because plaintiff failed to state any independent connection between DC Sofitel LLC and the events of November 6, 2002. Together with plaintiff's admissions in the SDNY litigation and the prejudice to Accor NA, this impasse justifies denying plaintiff's motion to file an amended complaint.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

By: ______________________________.
Robert B. Wallace, Esquire (Bar No 108571)
Jason R. Waters, Esquire (of counsel)
The Colorado Building, Suite 500
1341 G. Street, N.W.
Washington, D.C. 20005
Tel.: (202) 626-7660
Fax: (202) 628-3606

Thomas A. Leghorn, Esquire (of counsel)
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3 Gannett Drive
White Plains, New York 10604
Tel.: (914) 323-7000
Fax: (914) 323-7001

*Attorneys for Accor North America, Inc.*

**CERTIFICATE OF SERVICE & ELECTRONIC FILING**

I hereby certify on this 24th day of July, 2007, I served the foregoing electronically upon Christopher W. Hellmich, Esq. and Read K. McCaffrey, Esq., Patton Boggs, LLP, 2550 M. St., N.W., Washington, D.C. 20037, counsel for plaintiff, and that the original signed documents are in the possession of the attorneys responsible for this filing and are available for review upon request.

__________________________________

Robert B. Wallace, Esq.