UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

---

ROLLIN AMORE, *et al.*

                    Plaintiffs,           U.S. District Ct.
                                             Civil No.: 1:06-cv-00198 (RMU)
     v.

                                             D.C. Super Ct.
                                             Civil No.: 2005 CA 08773

ACCOR SA, *et al.*

                    Defendants.

---

## MOTION TO REMAND AND
## STAY A RESPONSE TO THE MOTION TO DISMISS

      Plaintiff ROLLIN AMORE, as co-administrator of the Estates of Susanne Amore and Salvatore Michael Amore, by his undersigned counsel, hereby brings this motion to remand *Rollin Amore v. Accor SA, et al.* (D.C.D. No. 1:06-cv-00198-RMU) from the United States District Court for the District of Columbia back to the Superior Court for the District of Columbia pursuant to 28 U.S.C. § 1447. The grounds for remand are as follows:

I.    **Factual Background**

      1.    Plaintiff Rollin Amore has been a continuous citizen of the District of Columbia for over twenty years. He brings this lawsuit *Pendente Lite* as the Co-Administrator of the Estates of Susanne Amore and Salvatore Michael Amore.

      2.    Plaintiff's mother and brother, as well as Plaintiff's brother's wife and their two young children ages twelve and eight, died a horrific death in a train fire out outside Nancy, France at approximately 1:45 a.m. on November 6, 2002. (Complaint, at ¶ 1, 15).

3.  This lawsuit, a survival action, seeks to recover the damages suffered by the decedents prior to their deaths. It does *not* seek wrongful death damages that could be brought by the decedents' heirs.

4.  This lawsuit cannot be brought in France because French civil procedure recognizes wrongful death damages brought by surviving heirs but does *not* recognize survival actions by estates. (Complaint, at ¶ 2).

5.  The overnight train on which Plaintiff's family was traveling was staffed by attendants trained by Defendant Accor SA, which directly owns and operates the "Accor Academy." Upon information and belief, the Accor-trained personnel negligently performed their duties prior to the train's departure. In addition, after being alerted to the fire the Accor-trained personnel failed to come to the aid of the Amore family and others trapped in their cachets and instead fled from the fire and allowed it to spread in severity. The Accor-trained personnel then failed to alert the first responders on the scene that they could access immediately the rail car engulfed in flames by going through the attached railcar, allowing the first responders to waste valuable time trying to break into the railcar from the exterior.

6.  The Sofitel Lafayette Square is located at 806 15th Street NW, Washington, DC 2005. Based on available information, Plaintiff's First Amended Complaint named the SOFITEL GROUP, LLC as the owner of the Sofitel Lafayette Square hotel and thus a defendant. Defendants assert that the Sofitel Group, LLC has never been owned by or affiliated with Accor S.A. (Notice of Removal, at ¶ 17). Plaintiffs intend to file an amended complaint in state court correcting the name of the Sofitel's direct owner. In addition, Plaintiffs already served the complaint on the Manager of the Sofitel Lafayette Square hotel.

7.  Regardless of the name Defendants employ for their corporate filings, Defendants cannot escape the fact that the Sofitel Lafayette Square hotel is located in the District of Columbia

2

and ultimately is owned by Defendant Accor. Indeed, the press release announcing the opening of the hotel in July 2002 states that "Sofitel is the prestige brand of Accor hotels . . ." and holds out Accor as the only owner of the Washington, D.C. Sofitel. (Complaint, at ¶ 7).

8. The Sofitel Lafayette Square operates as a division, alter ego, or mere department of Defendant Accor SA. (Complaint, at ¶¶ 5(a) – (f), 9(a) – (e)). Upon information and belief, Defendant Accor exercises active control over the finances, personnel decision, and operations and marketing decisions of its wholly owned entities, including the Sofitel Lafayette Square. Further, upon information and belief, Defendant Accor and its wholly owned entities have extensively interrelated operations, centralized control of labor relations, finances, and common management.

## II. Subject Matter Jurisdiction

9. Pursuant to 28 U.S.C. § 1447, a case removed to federal court must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). In addition, the Defendant bears the burden of showing "that federal jurisdiction exists and that the motion for remand should be denied." *In re Tobacco/Governmental Health Care Costs Litig.*, 100 F.Supp. 2d 31, 35 (D.D.C. 2000). Plaintiffs respectfully submit that the Court does not have subject matter jurisdiction over this case and therefore must remand it to the Superior Court for the District of Columbia.

10. A federal court may properly exercise subject matter jurisdiction based on diversity of citizenship only when the amount in controversy exceeds the sum of $75,000 *and* the action is between citizens of different states or citizens of different states and the citizen or subject of a foreign state. 28 U.S.C. § 1332. Moreover, there must be complete diversity of parties – i.e., *no* Defendant may be a citizen of the same state as the Plaintiff. *See e.g., Strategic Lien Acquisitions LLC v Republic of Zaire*, 344 F.Supp. 2d 145, 146 (*quoting Caterpillar, Inc. v Lewis*, 519 U.S. 61, 62 (1996) (internal citation omitted)). For the purposes of diversity jurisdiction, the District of Columbia is

3

treated as a state. *See id.* at 146-47. The Plaintiff in this case, Rollin Amore, is a resident of the District of Columbia. Irrespective of a mistake in corporate name, one of the defendants, the Sofitel Lafayette Square, is in fact a District of Columbia resident. Regardless of the amount in controversy, therefore, there is not diversity of citizenship between the Plaintiff and the Defendants.

### b. *Sofitel Hotel Is Not A Fraudulently Joined Defendant*

11. For the Court to exercise diversity jurisdiction over this case, Defendant Sofitel would have to be considered a fraudulently joined defendant and ignored for the purpose of the diversity inquiry. Defendants mistakenly claim that Defendant Sofitel was fraudulently joined.

12. In order to successfully argue that a defendant has been fraudulently joined, the defendant has the burden of proving that "'(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts . . .'" *In re Tobacco Litig.*, 100 F. Supp.2d at 39 (*quoting Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). In addition, the burden is a "heavy one" to meet. *Id.* (*quoting Pacheco de Perez v. AT&T*, 139 F.3d 1368, 1380 (11th Cir. 1998). Indeed, in two of the three cases cited by Defendants in support of their proposition the court actually found against fraudulent joinder and remanded the case. *See In re: Tobacco Litig.*, 100 F.Supp. 2d 31 (remanding the case as to one Plaintiff but not the other); *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003).

### ii. Plaintiff Can State a Claim against Sofitel

13. To meet their burden the Defendants have to show that the Plaintiff "cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Mayes v. Rapoport*, 198 F.3d 458, 464 (4th Cir. 1999) (*quoting Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-33 (4th Cir. 1993)). Moreover, the standard under fraudulent removal is

4

even more favorable to the plaintiff than the standard governing summary judgment motions. *Id.* (*quoting Hartley v. CSX Transp.*, Inc. 187 F.3d 422, 424 (4th Cir. 1999).

14. Viewed in this light Defendants cannot meet that burden. The Plaintiff alleges that the Sofitel Lafayette Square hotel is a division, alter ego, or mere department of Defendant Accor SA. (Complaint, at ¶ 7). If Plaintiff's allegations are in fact true – and the court must take them as such for the purposes of the removal motion – then the Plaintiff *has* asserted a viable claim against the Sofitel hotel defendant in that they have asserted a viable claim against Defendant Accor. Defendants' claim that the Sofitel did not play a role in the train fire is irrelevant. Moreover, "simply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for [the Plaintiff] to establish [Sofitel's] liability at trial." *Travis v. Irby*, 326 F.3d 650-51.

### i. No Fraudulent Jurisdictional Facts Pled

15. The Plaintiff did not fraudulently plead jurisdictional facts relating to the Sofitel hotel. Despite a mistake in the corporate name, Defendants cannot deny that there in fact is a Sofitel Lafayette Square hotel, located in the District of Columbia, and that the hotel is owned by Accor. Complaint, at ¶ 7 (citing press release stating that "Sofitel is the prestige brand of Accor hotels . . ." and holding out Accor as the sole owner of the Washington, D.C. Sofitel). Indeed, the Sofitel logo on the hotel's website has "Accor Hotels and Resorts" directly under "Sofitel" and the website has a direct link to Accorhotels.com. Available at http://www.sofitel.com/sofitel/fichehotel/gb/sof/3293/fiche_hotel.shtml. The Sofitel Lafayette Square, an Accor-owned hotel, is in fact located in Washington, D.C.

16. The Sofitel Lafayette Square hotel, which is located in Washington, D.C., is not a fraudulently joined defendant in this case. Therefore, there is not complete diversity of citizenship and removal to federal court was improper.

5

WHEREFORE, Plaintiff Rollin Amore, hereby moves for the above-captioned matter to be remanded back to the Superior Court for the District of Columbia and, in the interim, all proceedings in this court be stayed.

Respectfully submitted,

PATTON BOGGS, LLP

By: _____/S/_____
Christopher W. Hellmich, Esquire (Bar No 468840)
Read McCaffrey, Esquire (Bar No 413837)
2550 M Street, NW
Washington, DC 20037
Tel.: (202) 457-6504
Fax: (202) 457-6315