**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROLLIN AMORE, as co-administrator of the Estates of Susanne Amore and Salvatore Michael Amore, deceased, : : : : Plaintiff, : : v. : : ACCOR NORTH AMERICA, INC. *et al.*, : : Defendants. : | Civil Action No.:   06-0198 (RMU) Document Nos.:   27, 28, 29 |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;
DENYING THE PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

**I. INTRODUCTION**

This case arrives on the defendants' motion for summary judgment[1] and the plaintiff's motion to amend the complaint. The defendants are subsidiary corporations of a corporation that was allegedly involved in the instruction of train attendants whose negligence led to the deaths of the plaintiff's family, the Amores. The plaintiff seeks to impute the alleged liability of the parent corporation to its subsidiaries, so that this court may exercise jurisdiction. The plaintiff's complaint, however, does not allege facts sufficient to impute liability by piercing the corporate veil. Furthermore, a court in the Southern District of New York has already dismissed one of the subsidiaries named in this suit. Consequently, the court grants the defendants' motion for summary judgment and denies the plaintiff's motion to amend the complaint.

---

[1] The defendants style their motion as a "Motion to Dismiss and for Summary Judgment." Defs.' Mot. at 1. Because the defendants present evidence outside the pleadings in support of their motion, the court converts the motion to one for summary judgment. FED. R. CIV. P. 12(b).

## II.  BACKGROUND

### A.  Factual History

On November 6, 2002, the plaintiff's mother and brother died in a train fire while traveling from Paris to Munich.  Notice of Removal (Feb. 6, 2006) at 2.  The plaintiff's brother's wife and two children also died in the fire.  *Id.*  The fire allegedly began when a train conductor negligently set fire to the train, then absconded to safety without waking any of the sleeping passengers.  *Id.*

On July 21, 2003, Carolyn Reers filed a complaint in New York as the co-administrator of the Amore estates.  Defs.' Mot. to Dismiss, Ex. B.  Reers brought a wrongful death and survival action against numerous defendants, including Accor, Société Anonyme ("Accor S.A.") and Accor North America, Inc. ("Accor N.A."), two of the defendants in the instant action.  *Id.* ¶¶ 45-66.  Reers' complaint alleged that Accor S.A. and Accor N.A. negligently trained the attendants and failed to properly maintain and operate the train itself, causing the Amore family members to experience pain and suffering prior to their deaths.  *Id.*; First Am. Compl. ¶¶ 26, 32.

Accor S.A. filed a motion to dismiss the complaint on multiple grounds, including the doctrine of forum non conveniens, in the Southern District of New York.  Defs.' Mot., Ex. F at 34-46.  After the parties submitted briefs on Accor S.A.'s arguments and after the court held oral arguments on Accor S.A.'s motion to dismiss, Judge Cedarbaum issued a forty-six-page opinion holding that the doctrine of forum non conveniens barred the plaintiff's suit.  *Id.*  Applying the two-prong test for the application of forum non conveniens set forth by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), Judge Cedarbaum held that France was an adequate alternative forum for litigation and that the relevant public and private interest factors favored litigating in France.  *Id.* at 35-46.  Judge Cedarbaum dismissed the action and concluded

it was "unnecessary to reach the Accor defendants' argument that the complaint fails to state a claim against them." *Id.* at 46.

On October 28, 2003, Accor N.A. filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). First Am. Compl., Ex. D. An affidavit by Thomas A. Leghorn, the executive vice president, general counsel and secretary of Accor N.A. is attached to the motion to dismiss. *Id.* The plaintiff responded to this motion, requesting that Accor N.A. be voluntarily dismissed. Def's Mot., Ex. D at 6. Judge Cedarbaum then granted the defendant's unopposed motion to dismiss Accor N.A. Def.'s Mot., Ex. C.

### B.  Procedural History

On November 7, 2005, the plaintiff filed a complaint against Accor N.A., Accor S.A. and Sofitel Group, LLC in the Superior Court of the District of Columbia. First Am. Compl. ¶¶ 5-10. The plaintiff seeks "to recover the damages suffered by the decedents prior to their deaths, which were directly and proximately caused by the ineffective training that the railcar attendants received from the defendants." *Id.* ¶ 1. On February 6, 2006, the defendants removed the case to this court. Notice of Removal (Feb. 6, 2006). The defendants subsequently filed a motion to dismiss the claims against Accor S.A. and Accor N.A., and the plaintiff filed a motion for leave to file an amended complaint seeking to "reflect the corporate name of the actual owner of the Sofitel Lafayette Square Hotel." Pl.'s Mot. to Am. Compl. at 1. On November 9, 2006, the court ordered the plaintiff to show cause why the case should not be dismissed as barred by res judicata. Because res judicata bars the plaintiffs' claims against Accor S.A., on April 30, 2007, the court *sua sponte* dismissed the claims against it. The court now turns to the defendants' motion to dismiss the remaining two defendants and the plaintiffs' motion to amend the complaint.

### III.  ANALYSIS

### A.  Res Judicata Bars the Claims Against Accor N.A.

#### 1.  Legal Standard for Res Judicata

"The doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund. v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983).  Res judicata has two distinct aspects – claim preclusion and issue preclusion (commonly known as collateral estoppel) – that apply in different circumstances and with different consequences to the litigants.  *NextWave Pers. Commc'ns, Inc. v. Fed. Commc'ns Comm'n*, 254 F.3d 130, 142 (D.C. Cir. 2001) (citing *id.*); *Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C. Cir. 1983).  Under claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  Under issue preclusion or collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Allen*, 449 U.S. at 94).  In short, "claim preclusion forecloses all that which might have been litigated previously," while issue preclusion "prevents the relitigation of any issue that was raised and decided in a prior action."  *I.A.M. v. Nat'l Pension Fund*, 723 F.2d at 949; *Novak*, 703 F.2d at 1309.  In this way, res judicata helps "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and [] prevent serial forum-shopping and piecemail litigation."  *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981); *see also Allen*, 449 U.S. at 94.

### 2. The Southern District of New York Previously Dismissed the Claims Against Accor N.A.

Defendant Accor N.A. contends that Judge Cedarbaum's dismissal acted as a final judgment on the merits and precludes the instant action. Def.'s Mot. at 7. Specifically, Accor N.A. alleges that the plaintiff's purported voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) was invalid because the court properly converted the motion to dismiss to a motion for summary judgment, thus precluding the plaintiff from unilaterally dismissing defendant Accor N.A. *Id.* at 8-9. Alternatively, Accor N.A. avers that the voluntary dismissal is ineffective due to the conditional and ambiguous nature of the notice. *Id.* at 9-10. Without responding to Accor N.A.'s arguments directly, the plaintiff takes a different tack, insisting that the law of the case requires the court to permit the claims against Accor N.A. Pl.'s Opp'n at 3-4. And, even if it was not law of the case, the plaintiff contends that the voluntary dismissal of Accor N.A. was valid and without prejudice. *Id.* at 4; Pl.'s Response to Show Cause Order (Nov. 21, 2006) at 2-3.

The court may dispatch the plaintiff's first argument swiftly. The plaintiff's declaration that "[t]his Court *already* has determined that Plaintiff's claim against Defendant Accor NA is not precluded by the previous litigation in the Southern District of New York" mischaracterizes the posture of these claims. Pl.'s Opp'n at 3 (emphasis added). Neither the court's Memorandum Opinion of April 7, 2007, nor any other order by this court substantively addresses the claims against Accor N.A. *See* Mem. Op. (Apr. 30, 2007). Contrary to the plaintiff's interpretation, this court's April 30, 2007 Order, which discharged a show cause order that required the parties to brief "why this case should not be dismissed on the basis of res judicata," Minute Order (Nov. 11, 2006), did not substantively resolve the issue of res judicata. *See Mylan*

*Labs., Inc. v. Leavitt*, 495 F. Supp. 2d 43, 47 (D.D.C. 2007) (noting that for the law-of-the-case doctrine to apply a court must have already decided the issue).

Also unavailing is the plaintiff's contention that the previous dismissal of Accor N.A. was without prejudice. To be sure, a plaintiff may unilaterally dismiss a defendant without prejudice "at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." FED. R. CIV. P. 41(a)(1)(i). The plaintiff, however, fails to address Accor N.A.'s arguments that the voluntary dismissal was untimely and deficient. Def.'s Mot. at 7-10. As such, it is within the court's discretion to treat these arguments as conceded. *Fox v. Am. Airlines, Inc.*, 2003 WL 21854800, at *2 (D.D.C. Aug. 5, 2003) (stating that "[w]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded").

Even without concession, Accor N.A. carries its burden of proof beyond the point of persuasion. Federal Rule of Civil Procedure 12(b) requires a motion to dismiss (for failure to state a claim) that presents matters outside the pleadings "and not excluded by the court" to "be treated as one for summary judgment." The affidavit before Judge Cedarbaum was highly relevant to the motion to dismiss for failing to state a claim, and Judge Cedarbaum's dismissal does not exclude the affidavit. Def.'s Mot., Ex. C. Rather, the first page of the defendant's Notice of Motion to Dismiss – the location of the hand-written order dismissing Accor N.A. – explicitly references the attached affidavit. *Id.* Because Accor N.A. effectively filed a motion for summary judgment, the plaintiff was precluded from unilaterally dismissing Accor N.A. as a defendant. FED. R. CIV. P. 41(a)(1)(i); *Black Ride III, Inc. v. West*, 2005 WL 1522055, at *3 (D.D.C. June 28, 2005) (noting that "a defendant's 12(b)(6) motion to dismiss, if supported by matters outside the pleading, deprives a plaintiff of the right of voluntary dismissal").

6

Not only is the plaintiff's request untimely, it is also deficient. Rule 41(a)(1) provides a "simple, self-executing mechanism," whereby "the plaintiff files a notice of dismissal[;] . . . the dismissal takes effect automatically[; and] the trial judge has no role to play at all." *Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987). In the proceedings before Judge Cedarbaum, however, the plaintiff did not file a notice of dismissal, and Judge Cedarbaum participated by granting the defendant's motion to dismiss. Def.'s Mot., Exs. C & D. Thus, the plaintiff cannot credibly aver that it followed the "simple, self-executing mechanism" set forth in Rule 41(a)(1).

Moreover, the plaintiff's alleged dismissal runs afoul of Rule 41(a)(1)'s requirement that notices of dismissal must be unconditional. *See Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). Conditional notices of dismissal are not within the scope of Rule 41(a)(1) because "the clerk will have to construe the condition and perhaps even become a fact-finder to determine when the condition is satisfied. This defeats the purpose of Rule 41(a)(1) to provide a quick, automatic means of ending an action." *Id.* In the plaintiff's opposition before Judge Cedarbaum, the same sentence "voluntarily dismiss[ing]" Accor N.A. "request[s] permission to rename [Accor N.A.] as a d/b/a for . . . Accor SA." Def.'s Mot., Ex. D at 6. And the following sentence "request[s] permission to conduct limited discovery on the relationship between [Accor N.A.] and [Accor S.A.]" *Id.* Because the plaintiff conditions the dismissal on conducting jurisdictional discovery and amending the complaint, the plaintiff's request amounts to an impermissible conditional dismissal under Rule 41(a)(1). For all of these reasons, Judge Cedarbaum's order dismissing Accor N.A. was a final adjudication on the merits and the doctrine of res judicata bars the instant suit against Accor N.A.

### B. The Court Denies the Plaintiff's Motion to File Second Amended Complaint

### 1. Legal Standard for a Motion for Leave to Amend the Complaint

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). Additionally, Rule 15(a) allows a party to amend its pleading to add a new party.[2] *Id.*; *Wiggins v. Dist. Cablevision, Inc.*, 853 F. Supp. 484, 499 (D.D.C. 1994); 6 FED. PRAC. & PROC. 2d § 1474. According to decisions of this circuit, Rule 15(a) "guarantee[s] a plaintiff an absolute right" to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss. *James v. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 282-83 (D.C. Cir. 2000) (citing FED. R. CIV. P. 15(a)). If there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer. 6 FED. PRAC. & PROC. 2d § 1481. Motions to dismiss and for summary judgment do not qualify as responsive pleadings for the purposes of Rule 15. *James*, 229 F.3d at 283; *Bowden v. United States*, 176 F.3d 552, 555 (D.C. Cir. 1999); *U.S. Info. Agency v. Krc*, 905 F.2d 389, 399 (D.C. Cir. 1990).

---

[2] A motion to amend a complaint to add a party may also implicate Federal Rules of Civil Procedure 20 and 21, the joinder rules. *Oneida Indian Nation v. County of Oneida*, 199 F.R.D. 61, 72 (N.D.N.Y. 2000). Once a responsive pleading has been served, however, the standard for adding a party is the same regardless of the rule under which the motion is made: the decision lies within the discretion of the court. *Wiggins v. Dist. Cablevision, Inc.*, 853 F. Supp. 484, 499 n.29 (D.D.C. 1994) (Lamberth, J.) (stating that "[i]t is well established that after a responsive pleading has been served, the standards for adding parties are the same whether the motion is made under Rule 15 or Rule 21"); *Oneida Indian Nation*, 199 F.R.D. at 72 (noting that "in practical terms there is little difference between [Rules 15, 20, and 21] in that they all leave the decision whether to permit or deny amendment to the district court's discretion"); 6 FED. PRAC. & PROC. 2d § 1474 (indicating that "the same basic standard for adding or dropping a party will apply whether the pleader moves under Rule 15(a) or Rule 21").

Once a responsive pleading is served, however, a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party. FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of leave lies in the sound discretion of the district court. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires." *Id.*; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. *Id.*; *Caribbean Broad. Sys.*, 148 F.3d at 1083.

Denial of leave to amend based on futility is warranted if the proposed claim would not survive a motion to dismiss. *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss. *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (quoting 3 FED. PRAC. 3d § 15.15[3]); *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (affirming the district court's denial of leave to amend given the "little chance" that plaintiff would succeed on his claim).

### 2. The Plaintiff's Amendment is Futile

In an effort to correct the mistaken identity of a defendant in the first amended complaint, the plaintiff requests that the court grant leave to file a second amended complaint correctly

9

identifying a defendant as D.C. Sofitel, LLC ("Sofitel").[3]  Pl.'s Mot. to Amend at 7-8.  The plaintiff contends that leave to amend is freely given where, as here, "a party . . . has named and served the right defendant by the wrong name."  *Id.* at 7.  The defendant does not quibble with these grounds but insists the motion should be denied because, even with the amendment, the complaint cannot withstand a motion to dismiss.  Def.'s Opp'n at 4.  The defendant argues that (1) Sofitel has no connection to the events giving rise to the suit; (2) Sofitel is not the alter ego of Accor S.A.; and (3) even if Sofitel was the alter ego, then the Accor S.A. and Sofitel "are to be treated as the same company" and "entitled to invoke the same defenses that justified Accor SA's dismissal."  *Id.* at 4-6.  The court leaves this battle for another day, however, concluding instead that piercing the corporate veil is inappropriate in this case even if Sofitel was the alter ego of Accor S.A.  Accordingly, the court denies the plaintiff's motion for leave to amend the complaint because the plaintiff's proposed complaint cannot withstand a motion to dismiss and is futile.

### a.  Legal Standard for Piercing the Corporate Veil

Courts reserve piercing the corporate veil for the rare circumstances in which an individual or corporation abuses the corporate form or exerts undue influence over a corporate entity to accomplish an improper or unlawful purpose.  *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003); *Quinn v. Butz*, 510 F.2d 743, 759 (D.C. Cir. 1975).  Traditional notions of piercing the corporate veil involve "shareholders and officers [who] may be held personally liable for their corporations' obligations . . . if they have acted as 'alter egos' of their corporations or otherwise met the requirements of 'piercing the corporate veil' under traditional common law principles."  *Connors v. P&M Coal Co.*, 801 F.2d 1373, 1378 (D.C. Cir. 1986).

---

[3]  The plaintiff concedes that he incorrectly named "Sofitel Group, LLC" in the first amended complaint rather than "DC Sofitel, LLC."  Pl.'s Mot. to Amend at 7-8.  Accordingly, the court dismisses Sofitel Group, LLC from the instant action.

Unless a federal interest is implicated, "the state where a corporation is incorporated, or where the alleged corporate wrongdoing occurred, normally dictates whether the corporate veil should be pierced." *United States ex rel. Siewick v. Jamieson Sci. & Eng'g, Inc.*, 191 F. Supp. 2d 17, 20 (D.D.C. 2002) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Indeed, "[t]he question whether a corporate veil ought to be pierced for purposes of applying some federal statute is distinct from whether a corporate veil ought to be pierced for purposes of allocating state tort contract liabilities." *United States Through Small Bus. Admin. v. Pena*, 731 F.2d 8, 12 (D.C. Cir. 1984).

### b. Piercing the Corporate Veil is Inappropriate

The parties do not identify a federal interest implicated in this suit. Therefore, the court looks to state law for the appropriate veil-piercing doctrine. "Under D.C. choice-of-law rules, where a conflict exists between the laws of two jurisdictions, a court must conduct an 'interest analysis' in which it determines which jurisdiction's underlying policy would be most advanced by having its law applied to the matter." *Kuhn & Kogan, Chtd. v. Jeffrey C. Mensh & Assocs., Inc.*, 77 F. Supp. 2d 52, 54 (D.D.C. 1999) (citing *Gatewood v. U.S. Cellular Corp.*, 124 F.R.D. 504, 506 (D.D.C. 1989)). Here, either the veil-piercing doctrine in the District of Columbia – where the plaintiff resides (2d Am. Compl. ¶ 3) – or in Delaware – where Sofitel was incorporated (*id.* ¶ 6) – may apply. In Delaware, courts pierce the corporate veil when a corporate structure is a "sham" and "exist[s] for no other purpose than as a vehicle for fraud." *Wallace ex rel. Cencom Cable Income Partners II, Inc. v. Wood*, 752 A.2d 1175, 1184 (Del. Ch. 1999). Likewise, in D.C. "[a] party seeking to pierce the corporate veil must prove 'by affirmative evidence that (1) unity of ownership interest, and (2) use of the corporate form to perpetrate fraud or wrong.'" *Ivanov v. Sunset Pools Mgmt. Inc.*, 2007 WL 4205929, at *2

(D.D.C. Nov. 29, 2007) (quoting *Lawlor v. District of Columbia*, 758 A.2d 964 (D.C. 2000)). Because both veil-piercing doctrines require a defendant to perpetuate a fraud through a corporate "sham" and because the plaintiff alleges no such fraud, the court need not conduct a choice of law analysis.

Indeed, as discussed in more detail below, the plaintiff fails to articulate Accor N.A. and Sofitel's involvement in the underlying facts giving rise to this suit, including the training at "Accor Academy." 2d Am. Compl. ¶¶ 16, 17 (indicating that Accor S.A. "directly owns and operates" Accor Academy, which "produces training materials for the train attendants"). In fact, the plaintiff claims it is "irrelevant" whether "Accor N.A. and D.C. Sofitel, LLC played a role in the train fire." Pl.'s Mot. at 6. The plaintiff cites *Pacific Dev. Inc. v. United States*, 1979 WL 1283, at *2 (D.D.C. Jan. 3, 1979) in support of his proposition,[4] but there the court applied federal common law to facts distinct from the case at hand. Pl.'s Opp'n at 9.

In *Pacific*, the plaintiff, a corporation, sought declaratory relief from a lien the Internal Revenue Service ("IRS") placed on its real and personal property. *Pacific*, 1979 WL 1283, at *1. The court denied the plaintiff's request and upheld the lien because the corporation was the alter ego of an individual indebted to the IRS. *Id.*, at *4. Because the corporate form was used in

---

[4] The plaintiff also cites *United States v. Nynex Corp.*, 788 F. Supp. 16, 18 n.3 (D.D.C. 1992) to bolster his claim that a subsidiary's involvement in the facts giving rise to the complaint is irrelevant. Pl.'s Mot. at 6. A quick glance at the pinpoint citation provided by the plaintiff, however, makes clear that the plaintiff's assertion is baseless. Contrary to the plaintiff's understanding that a subsidiary's involvement is "irrelevant," the court in *Nynex*, declares that "an alter ego analysis may be used to impose liability on a parent corporation *for the conduct of its subsidiary*." *Nynex*, 788 F. Supp. at 18 n.3 (emphasis added).

violation of public policy, the court reasoned that the corporate veil was properly pierced,[5] and it was in the interest of justice to subject the corporate assets to the alter ego's personal tax liability. *See id.*, at *2, 4 (explaining that the court "must engage in the sensitive process of assessing the relationship between [the corporation] and [the individual] to determine whether the corporate form was used in violation of public policy and thwarted the beneficial goals of incorporation").

Compared to the facts in this case, the plaintiff's allegations fall well short. In *Pacific*, the court thwarted an individual's attempt to abuse the corporate forms to evade taxes. *Id.* In this case, the plaintiff fails to allege that the defendants perpetuated a fraud or injustice through abuse of the corporate structure. *See generally* 2d Am. Compl. Moreover, the plaintiff's broad allegation that "Accor Defendants breached their duty by failing to ensure that the Accor Academy provided competent and sufficient training regarding recognition of train safety violations or hazardous conditions," *id.* ¶ 30, contradicts the plaintiff's statement elsewhere in the complaint that Accor S.A. "directly owns and operates 'Accor Academy,'" *id.* ¶ 16. In addition, it runs counter to the plaintiff's description of Accor N.A. and Sofitel as Delaware corporations that conduct a substantial amount of business in the District of Columbia. *Id.* ¶¶ 6,7. Because the court does not accept as true self-contradictory factual allegations and does not make favorable inferences that are unsupported by facts set out in the complaint, *see Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004), the complaint's factual allegations do not "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 127 S.

---

[5]  As the court noted, this constituted "reverse piercing" of the corporate veil, "disregarding the corporate form to reach assets of a corporation for debts of a shareholder[, which] is clearly permissible where justice so requires." *Pacific Dev., Inc. v. United States*, 1979 WL 1283, at *2 (D.D.C. Jan. 3, 1979) (internal quotations omitted). The plaintiff proposes an analogous reverse piercing of the corporate veil here by hailing a parent company's subsidiaries into court for the alleged wrongdoings the parent.

Ct. 1955, 1966 (2007) (quoting FED. R. CIV. P. 8(a)(2)).  Accordingly, the court denies the plaintiff's motion to amend as futile.

### IV.  CONCLUSION

For the foregoing reasons, the court grants the defendants' motion for summary judgment and denies the plaintiff's motion to amend the complaint.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 10th day of January 2008.

RICARDO M. URBINA<br>
United States District Judge